IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTOUR IP HOLDING, LLC and ION WORLDWIDE, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 15-1108 (LPS) (CJB) ) ) **JURY TRIAL DEMANDED** |
| GOPRO, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT GOPRO, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR COSTS AND TO STAY ACTION PURSUANT TO FED. R. CIV. P. 41(d)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
(640) 847-4150

February 1, 2016

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

II. SUMMARY OF ARGUMENT .................................................................................... 2

III. STATEMENT OF FACTS ........................................................................................... 3

IV. ARGUMENT ................................................................................................................ 6

    A. Legal Standards Governing this Motion ......................................................... 6

    B. The Court Should Order Plaintiffs to Pay GoPro's Costs (including Attorney's Fees) of the Previously Dismissed Utah Action and Stay this Action Until Plaintiff Complies ................................................................ 10

    C. Alternatively, the Court Can Award Attorney's Fees Per its Inherent Powers ............................................................................................................ 12

V. CONCLUSION ........................................................................................................... 14

i

## **TABLE OF AUTHORITIES**

**Cases**

*Adams v. New York State Educ. Dep't*,
   630 F. Supp. 2d 333 (S.D.N.Y. 2009) ................................................................................8

*Behrle v. Olshansky*,
   139 F.R.D. 370 (W.D. Ark. 1991) ..................................................................................8, 9

*Cadle Co. v. Beury*,
   242 F.R.D. 695 (S.D. Ga. 2007) ......................................................................................8, 9

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ........................................................................................................12, 13

*Chien v. Hathaway*,
   17 F.3d 393, 1994 WL 48319 (9th Cir. 1994) .......................................................................7

*Copeland v. Hussmann Corp.*,
   462 F. Supp. 2d 1012 (E.D. Mo. 2006) ..................................................................................8

*Eager v. Kain*,
   158 F. Supp. 222 (E.D. Tenn. 1957) ......................................................................................9

*Esquivel v. Arau*,
   913 F. Supp. 1382, 1388 (C.D. Cal. 1996) ..................................................................7, 8, 9

*Esquivel v. Arau*,
   913 F. Supp. 1382 (C.D. Cal. 1996) ......................................................................................7

*Evans v. Safeway Stores, Inc.*,
   623 F.2d 121 (8th Cir. 1980) .................................................................................................8

*Garza v. Citigroup*,
   C.A. No. 15-537 (SLR), 2015 WL 7185431 (D. Del. Nov. 13, 2015) ...............................7, 8

*Garza v. Citigroup*,
   C.A. No. 15-537 (SLR), 2016 U.S. Dist. LEXIS 102 (D. Del. Jan. 4, 2016) ........................8

*Huntley, L.L.C. v. Monterey Mushrooms Inc.*,
   C.A. No. 08-377 (GMS), 2009 WL 2992553 (D. Del. 2009) .........................................6, 7, 8

*Loubier v. Modern Acoustics, Inc.*,
   178 F.R.D. 17 (D. Conn. 1998) ..............................................................................................8

*Oteng v. Golden Star Res., Ltd.*,
   615 F. Supp. 2d 1228 (D. Colo. 2009) ...................................................................................8

*Raniolo v. Southport, LLC*,
  2015 U.S. Dist. LEXIS 116047 (E.D. Mo. Sept. 1, 2015) ........................................................8

*Ross v. Infinity Ins. Co.*,
  No. CIV.A. 12-5050, 2013 WL 2495114 (E.D. Pa. June 10, 2013), *appeal
  dismissed*, No. 13-3179 (3d. Cir. Mar. 21, 2014) ...................................................................9

*Whitehead v. Miller Brewing Co.*,
  126 F.R.D. 581 (M.D. Ga. 1989) .............................................................................................8

**Other Authorities**

8-41 Moore's Federal Practice –Civil § 41.07[6] (2015) ...............................................................9

**Rules and Statutes**

35 U.S.C. § 314(a) .........................................................................................................................4

Fed. R. Civ. P. 41 ................................................................................................................*passim*

I.      **NATURE AND STAGE OF PROCEEDINGS**

On November 30, 2015, Plaintiff Contour IP Holding, LLC ("Contour") dismissed an action for patent infringement it had previously filed against Defendant GoPro, Inc. ("GoPro") in the District of Utah (the "Utah action") that had been pending for over a year. On the same day, Contour and iON Worldwide, Inc.[1] filed this substantially identical action against GoPro knowing that the validity of the patents in suit were in serious question because the Patent Trial and Appeal Board instituted *Inter Partes* reviews of the patents in suit one month earlier after GoPro demonstrated that it has a reasonable likelihood of prevailing. Contour dismissed its earlier suit while motions to dismiss and stay were pending, after having dragged GoPro and a local retailer – sued only to bolster venue in Utah – through costly and now obsolete litigation over its dismissed pleadings. GoPro now seeks to recover $131,299.83 in costs incurred in the Utah action and to stay this action pending Plaintiffs' compliance, pursuant to Fed. R. Civ. P 41(d) and/or under this Court's inherent authority.

GoPro also seeks, pursuant to this Court's inherent authority, recovery of its attorneys' fees incurred in bringing this motion and repeating its motion to stay in the current action pending resolution of the *Inter Partes* Review proceedings at the Patent Trial and Appeal Board. Plaintiffs' actions in dismissing the Utah action, refiling in Delaware and then refusing a request to stipulate to a stay means that GoPro had to redo and bring the stay motion again, in this Court. The fees for the motions for costs and to stay pending IPR are estimated to total approximately $40,000.

---

[1]     Plaintiffs allege in their Complaint that Contour merged with iON Worldwide, Inc. in 2015. *See* D.I. 1, ¶ 14.

1

## II.     SUMMARY OF ARGUMENT

Plaintiffs' complaint for patent infringement in this action asserts the same two patents and includes substantively identical claims to those asserted in Plaintiff Contour's Complaint filed in the District of Utah against GoPro on January 5, 2015, and later amended. After being served with the complaint in the Utah action, GoPro proceeded to defend that action. In the face of motions to dismiss its claims for indirect and willful infringement and to stay in view of the institution of *Inter Partes* Reviews of both patents, Contour suddenly dismissed the Utah action on November 30, 2015. Indeed, a stay pending outcome of GoPro's motion to dismiss was already then in effect and had been for months when Contour abruptly dismissed its suit.

Plaintiffs readily admit to forum shopping, asserting in their Complaint here that they now seek a "more convenient" forum than the Utah forum Contour previously chose for its claims. This is perhaps not surprising given that Contour had sued a local Utah retailer of GoPro's products for the apparent purpose of securing venue in that forum. Plaintiffs' decision to re-file its claims against GoPro (but, tellingly, not the retailer) in this District based on the same patents, renders many of the costs GoPro incurred litigating procedural and other issues in the first action fruitless and wasted. Plaintiffs' tactics have also allowed them to avoid the pending stay and dismissal motion in the Utah action.

The Federal Rules of Civil Procedure provide a means to prevent this very scenario and protect defendants from incurring wasteful costs in connection with earlier filed and dismissed actions. Specifically, Rule 41(d) allows the Court to order "the payment of costs of the action previously dismissed" and to "stay the proceedings in the action until the plaintiff has complied with the order." Consistent with the protective purpose of the Rule, most courts have construed "costs" under Rule 41 to include attorneys' fees.

2

To compensate it for costs incurred in connection with the earlier action that are not useful in this lawsuit, GoPro respectfully requests that Plaintiffs be ordered to pay GoPro's costs in the sum of $131,299.83 and that this action be stayed pursuant to Rule 41(d) until Plaintiffs comply with that order.  GoPro further seeks, pursuant to the Court's inherent authority, to be awarded its attorneys' fees incurred in bringing this motion for costs (est. at $20,000) and fees incurred in bringing the concurrently filedmotion to stay pending resolution of the *Inter Partes* Review proceedings now pending as to both patents-in-suit (est. at $20,000), a motion that had to be redone given Plaintiffs' procedural maneuvers and refusal to stipulate to a stay.

### III.     STATEMENT OF FACTS

On January 5, 2015, Contour sued GoPro in Utah District Court, alleging infringement of U.S. Patent Nos. 8,890,954 (the "'954 Patent") and 8,896,694 (the "'694 Patent").  *See* Utah action, D.I. 4; *see* Request for Judicial Notice in Support of GoPro's Mot. for Costs and to Stay Action ("RJN"), Ex. A [First Amended Compl.].  Contour had added GoPro to an action commenced six weeks earlier, on November 25, 2014, against a small Utah retailer for GoPro named Camp Saver, LLC, in what was a transparent effort to bolster venue there.  GoPro assumed Camp Saver's sales for damages purposes and shared counsel of record.  *See* Declaration of Karineh Khachatourian in Support of Mot. for Costs and to Stay Action ("KK Decl."), ¶ 4.  Contour's initial complaint against GoPro also included claims for violation of the Utah unfair competition act.  *See* Utah action, D.I. 4, RJN, Ex. A, ¶¶ 55-58, 78-81.

For months, the parties engaged in motion practice over deficiencies in Contour's pleadings and other procedural issues.  *See* KK Decl., ¶¶ 7, 9.  Contour eventually filed a Supplemental and Second Amended Complaint ("SSAC"), still alleging infringement of the same two patents, but dropping the unfair competition claims.  *See* Utah action, D.I. 29; RJN,

Ex. B [SSAC].  GoPro moved to dismiss the claims for indirect and willful infringement.  That motion was scheduled to be heard January 12, 2016.  *See* Utah action, D.I. 38; RJN, Ex. C [Mot. to Dismiss].  The parties stipulated to a stay of deadlines including with respect to local patent rule disclosures pending the outcome of the motion to dismiss, which the court entered as an order in June 16, 2015.  *See* Utah action, D.I. 49.

On October 28, 2015, the Patent Trial and Appeal Board ("PTAB") granted GoPro's petitions to institute *Inter Partes* Review of all 20 claims in the '694 Patent and 21 of the 30 claims of the '954 Patent (claims 1-2 and 11-30).[2]  *See* D.I. 1[3], ¶ 21.  The PTAB instituted the IPRs because it found that there is a reasonable likelihood that GoPro will succeed in showing that all of the claims in the '694 Patent and the vast majority of the claims in the related '954 Patent are unpatentable.  In light of the institution of these proceedings, GoPro asked Contour to stipulate to extend the stay until IPR proceedings concluded.  *See* KK Decl., ¶ 5.  Contour refused.  *See id*.

On November 23, 2015, GoPro moved for a further stay of all proceedings in the Utah action based on the PTAB's institution of *Inter Partes* Review proceedings of the two patents-in-suit.  *See* Utah action, D.I. 54; RJN, Ex. D.  GoPro requested that the Court hear the stay motion together with its motion to dismiss on January 12, 2016.  *See id*.

Seven days later, on November 30, 2015, Contour abruptly dismissed the Utah action without prejudice.  *See* <u>Utah action,</u> D.I. 57.  On the same day, Plaintiffs filed this action against GoPro, asserting the same two patents and claims asserted in the Utah action.  *Compare* D.I. 1 *with* Utah action, D.I. 29, RJN, Ex. B [SSAC].  Although the pleadings are substantively

---

[2]  For the PTAB to institute an IPR, it has to find that there is a reasonable likelihood that the challenging party will prevail in showing the claims are not patentable.  *See* 35 U.S.C. § 314(a).

[3]  Unless otherwise specified, D.I. cites are to the docket in this action.

identical in that they include the same claims based on the same patents, Plaintiffs added "new" facts apparently designed to bolster their claims of inducement, contributory and willful infringement. *See* D.I. 1, ¶¶ 29-68. These supposed "new" facts were always available to Plaintiffs, and they could have asserted them in the Utah action, but chose not to do so even after GoPro asked them to dismiss or amend. Indeed, these were precisely the issues that GoPro raised in its pending motion to dismiss in the Utah action, before Contour abruptly dismissed that case and re-filed here. *See* Utah action, D.I. 4, 38; RJN, Exs. B and C.

Notably, Plaintiffs did not sue Camp Saver again in this lawsuit, perhaps because maintaining venue in Utah was no longer deemed necessary. Indeed, Plaintiffs admit to forum shopping in their new complaint, asserting that they now seek a "more convenient" forum than the Utah action Contour previously chose for these claims. *See* D.I. 1, ¶ 22. Whatever the reason, GoPro incurred substantial fees in the Utah action. *See* KK Decl., ¶¶ 7-9, 14-15.

As set forth in detail in the Declaration supporting this Motion, GoPro incurred substantial, reasonable and necessary costs litigating Contour's now-dismissed Utah action in the sum of $131,299.83–costs that are rendered obsolete given Plaintiffs' dismissal and re-filing here. *See id.*, ¶¶ 7-9, 14-15.[4]

In accordance with D.Del. LR 7.1.1, a reasonable effort has been made to reach agreement with the Plaintiffs on the matters set forth in the Motion. *See* KK Decl., ¶ 3. After Plaintiffs filed this action, GoPro contacted Plaintiffs' counsel to request payment of costs (including attorneys' fees) incurred in the now dismissed Utah action. *See* KK Decl., ¶ 3; Ex. A [KK 12/18/15 ltr to Shaw]. GoPro advised that it would seek relief under Federal Rule of Civil

---

[4] GoPro will submit itemized invoices detailing the costs expended in the Utah action for in camera review if and when the Court deems it necessary. The invoices contain information protected by the attorney-client privilege.

5

Procedure 41(d) if Plaintiffs would not pay the accrued costs. *See id.* GoPro received no response. *See id.* GoPro also contacted Plaintiffs seeking agreement to a stay of this case, but they did not agree. *See id.*

## IV. ARGUMENT

### A. Legal Standards Governing this Motion

Fed. R. Civ. P. 41(d) provides that:

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

This rule permits a court to award costs where, as here, a party is required to twice defend the same action. *See Huntley, L.L.C. v. Monterey Mushrooms Inc.*, C.A. No. 08-377 (GMS), 2009 WL 2992553, *1 (D. Del. 2009) (the "purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct") (citation omitted).

In *Huntley*, the plaintiff brought a patent infringement claim against the defendant only to withdraw it when faced with a motion to dismiss based on lack of standing. *See id.* at *2. Plaintiff later filed substantially the same claim for infringement, but said he was enforcing an equitable lien to the asserted patent. *See id.* The Court granted the defendant's request for costs under Fed. R. Civ. P. 41(d), finding "… as a result of these two actions, and being forced to essentially 'twice defend the same action,' [defendant] has suffered prejudice that warrants an award under the rule." *Id.*

In light of the purpose of Rule 41(d) of protecting defendants from incurring unnecessary expenses, a court need not find bad faith to award costs if a defendant expended money preparing to defend the first action before it was dismissed. *E.g., Chien v. Hathaway*, 17 F.3d

6

393, 1994 WL 48319, *1 (9th Cir. 1994) (upholding district court's order of costs and a stay where plaintiff filed a case, dismissed it, and re-filed it in a different venue); *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (awarding costs where plaintiff filed actions in New York, then filed an action in California federal court that included the same claims and additional ones and dismissed the New York actions).

Further, to foster Rule 41(d)'s policy to prevent forum shopping and vexatious litigation, courts have awarded attorneys' fees as part of costs. *See, e.g.*, *Huntley*, 2009 WL 2992553 at n.4 (ordering defendant to submit an "application for reasonable attorneys' fees and costs" incurred in first action); *Esquivel*, 913 F. Supp. at 1392 (awarding expenses and attorneys' fees). In *Esquivel,* the Court reasoned that Rule 41(d) permitted an award of fees because Rule 41(a)(2), which governs voluntary dismissals, has been read to allow the imposition of attorneys' fees as a condition of dismissal: "The fact that Rule 41(a)(2) has been a basis to impose fee award 'conditions' lends support to the proposition that Rule 41(d) 'costs' awards should also include attorneys' fees." 913 F. Supp. at 1391. The Court explained that it would be inconsistent for a court to award fees as a condition of a voluntary dismissal but not to allow an award of fees when a case that was previously voluntarily dismissed is re-filed. *See id*.

Recently, however, Judge Robinson decided against including attorneys' fees as costs under Rule 41(d), declining to follow Delaware precedent and the many authorities such as *Esquivel* that have found clear support and logic for including attorney's fees in such costs. *See Garza v. Citigroup*, C.A. No. 15-537 (SLR), 2015 WL 7185431, *6 n.12 (D. Del. Nov. 13, 2015). In *Garza*, Judge Robinson stated that the issue of whether costs include fees under this rule was a matter of first impression, notwithstanding that six years earlier, in *Huntley*, Judge Sleet had granted a motion under Rule 41(d), ordering payment of attorneys' fees as costs. *See*

7

*Huntley*, 2009 WL 2992553 at n.4. The basis in *Garza* was that Rule 41(d) excludes attorneys' fees because they are not expressly referenced in the rule. *See Garza*, 2015 WL 7185431, at *6. Notably, *Garza* has been certified for interlocutory appeal as to whether costs under Rule 41(d) include attorneys' fees. *See Garza v. Citigroup*, C.A. No. 15-537 (SLR), 2016 U.S. Dist. LEXIS 102 (D. Del. Jan. 4, 2016).

The reasoning of *Esquivel* and the many cases that have included attorneys' fees as costs under Rule 41(d) are persuasive. Indeed, the majority rule followed by courts addressing this issue is to allow attorneys' fees as costs. *See Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (court noting that weight of authority in Second Circuit supports award of attorneys' fees and that Rule 41(d) is to deter forum shopping and penalize re-filing duplicative cases); *Raniolo v. Southport, LLC*, 2015 U.S. Dist. LEXIS 116047, *3-*4 (E.D. Mo. Sept. 1, 2015) ("[a]lthough circuits are split on awarding attorneys' fees pursuant to Rule 41(d), the Eighth Circuit has allowed attorneys' fees be awarded"); *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1023 (E.D. Mo. 2006) (following majority rule that "costs" include attorneys' fees); *Behrle v. Olshansky*, 139 F.R.D. 370, 375 (W.D. Ark. 1991) (award of attorneys' fees as costs is reasonable); *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (affirming award of attorneys' fees); *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009) (court followed "majority rule" that attorneys' fees are available under Rule 41(d)); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper, as part of the 'costs of the action previously dismissed.'"); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 23 (D. Conn. 1998) (awarding attorneys' fees under Rule 41(d)); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582 (M.D. Ga. 1989) (same); *Eager v. Kain*, 158 F. Supp. 222, 223 (E.D. Tenn. 1957) (Rule

41(d) authorizes a court to "require the payment of costs, including attorneys' fees, of the previously dismissed action as a prerequisite to the filing of the [subsequent] action"); *see also* 8-41 Moore's Federal Practice –Civil § 41.07[6], n.15 (2015) ("The costs available under Rule 41(d) have generally been held to include attorney's fees.")

Beyond the support in Rule 41 for including fees as costs as discussed in *Esquivel*, doing so also provides – and is intended to provide – an important deterrent to the filing of duplicative lawsuits. If courts cannot award attorneys' fees as part of Rule 41(d)'s costs, then the Rule "'has no teeth' and is useless. If that is the law, the provision of Rule 41(d) will not serve its intended purpose of encouraging parties not to act as plaintiff has acted in this case, to the substantial detriment of the defendant." *Behrle*, 139 F.R.D. at 373. As another court put it, "Rule 41(d) would become a 'toothless' deterrent if it did not include attorneys' fees in its assessment." *Ross v. Infinity Ins. Co.*, No. CIV.A. 12-5050, 2013 WL 2495114, at *5 n.4 (E.D. Pa. June 10, 2013), *appeal dismissed*, No. 13-3179 (3d. Cir. Mar. 21, 2014). *See also Beury*, 242 F.R.D. at 698 ("To interpret 'costs' in Rule 41(d) to exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide.")

Indeed, if courts were to exclude fees from costs under Rule 41(d), the resulting award would provide no real-world deterrence whatsoever and would not come close to compensating parties like GoPro for the actual financial burden of having had to defend a previous duplicative action. The non-attorneys' fees costs that GoPro incurred in litigating the Utah action total a mere $1,194.83, a meaningless fraction of the $131,299.83 in attorney's fees for which GoPro is seeking reimbursement by way of this Motion.

In view of the weight of authority in support and the purpose of the Rule, there is ample basis to find that Rule 41(d) allows the recovery of attorneys' fees as an element of costs.

### B. The Court Should Order Plaintiffs to Pay GoPro's Costs (including Attorneys' Fees) of the Previously Dismissed Utah Action and Stay this Action Until Plaintiff Complies

There can be no dispute that the present action includes the same claims of patent infringement Plaintiff Contour asserted against GoPro in the Utah action, seeking the same relief. *Compare* Del. Action, D.I. 1 *with* Utah action, D.I. 29, RNJ Ex. B [SSAC]. The same two patents and substantially the same claims of direct, indirect and willful infringement are asserted in both actions. *See id*. Contour abruptly dismissed its previously filed case while motions to dismiss and stay were pending, and now Plaintiffs admit they re-filed here to gain a "more convenient" forum. *See* D.I. 1, ¶ 22.

Plaintiffs' additions to the pleading in this action do not change the core infringement claims asserted against GoPro in both cases or the relief sought. Plaintiffs simply added "facts" to bolster their claims of inducement, contributory and willful infringement. *See* D.I. 1, ¶¶ 29-68. These changes were clearly designed to address the pleading deficiencies that were the subject of GoPro's motion to dismiss in the Utah action. GoPro had previously asked Plaintiffs to amend but they refused, thus necessitating the motion practice. Rather than oppose that motion on the merits or seek leave to amend, Plaintiffs are seeking to gain the tactical advantage of a "do-over" in a new forum. Although it is not necessary to show bad faith to justify costs under Rule 41(d), Plaintiffs' dismissal and re-filing while motions to dismiss and stay were pending and their admission to forum shopping indicate clear gamesmanship. Contour's reasons for filing a new complaint, forum shopping, and "realigning" the parties are not legitimate reasons to dismiss an action that was pending for nearly a year and to force GoPro to defend a second suit including the same claims. *See* D.I. 1, ¶ 22.

Plaintiffs' tactics have caused GoPro to incur significant costs and fees litigating now obsolete procedural issues in the prior action that have been wasted and/or that will have to be duplicated here. For example, GoPro spent significant time and expense analyzing and responding to various iterations of Plaintiffs' pleadings in the now dismissed Utah action, including with respect to now dropped state law claims, and to precedent followed in that jurisdiction. *See* KK Decl., ¶ 7. GoPro also incurred expense in moving to dismiss based on defective pleadings that are now obsolete because Plaintiffs essentially amended them without leave of court by re-filing here. *See id.* GoPro also spent time and expense preparing and briefing motions to stay the proceedings, reviewing Plaintiff's responsive briefings and correspondence, and preparing applications for stays, *pro hac vice* admissions and other court filings that are now useless in this district. *See id.* Additionally, GoPro incurred fees representing Camp Saver, which Plaintiffs chose not to sue here, most likely because its purpose in securing venue in the inconvenient forum of Utah is no longer needed. *See id.*

Given that Contour has now filed a second, substantively identical patent infringement case against GoPro after dismissing the first suit, GoPro is entitled under Rule 41(d) to its costs incurred in defending against the first action. GoPro seeks recovery of total costs of $131,299.83, nearly all of which consists of attorneys' fees. *See* KK Decl., ¶¶ 7, 15. GoPro is not seeking reimbursement of an additional $66,982.81 in fees and costs for work that could be useful in this action because they relate to analysis of the patents and other substantive issues. *See* KK Decl., ¶ 8. Under the circumstances, GoPro is entitled to recover all of the fees claimed here as supported by the declaration and exhibits submitted with this Motion. *See* KK Decl., ¶¶ 7-15.

### C. Alternatively, the Court Can Award Attorney's Fees Per its Inherent Powers

In the event the Court were to find that GoPro's attorneys' fees cannot be included in an award of costs under Rule 41(d), the Court may nonetheless rely on its inherent powers to sanction bad faith conduct to award GoPro its attorneys' fees. In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court upheld a district court's use of its inherent powers to assess attorneys' fees against a party it determined had engaged in bad faith conduct. In affirming the district court's use of its inherent powers, the Supreme Court noted that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers*, 501 U.S. at 49. The Supreme Court made clear that courts can award fees under their inherent powers irrespective of whether that conduct is covered by a statutory or rule-based sanctioning mechanism:

> [t]here is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.

*Id*. at 50. The Court further stated that courts' use of inherent powers to sanction parties is discretionary:

> when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. *But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.*

*Id*. (emphasis added.)

Here, Contour dismissed the Utah action and re-filed the same claims here rather than responding to GoPro's pending motions to dismiss and to stay. Plaintiffs' tactic enabled them to effectively amend their complaint without leave of court to address defects in their indirect and

12

willful infringement pleadings that GoPro raised in its motion to dismiss and to terminate the stay then in place. GoPro's time and expense spent on its motion to dismiss and other now obsolete pleadings and procedural issues in the Utah action have thus been wasted.

Contour further dragged one of GoPro's Utah retailers, Camp Saver, through ten months of litigation only to abruptly dismiss it when Plaintiffs no longer needed a hook to bolster venue in Utah. Plaintiffs admit that they re-filed here at least in part as an exercise in forum shopping. *See* D.I. 1, ¶ 22. These tactics are indicative of unacceptable gamesmanship and abuse of the court system. Plaintiffs' actions have caused GoPro to incur significant costs and attorneys' fees. In accordance with *Chambers*, if the Court is not inclined to award attorneys' fees under Rule 41(d), the Court can and should rely on its inherent powers to order Plaintiffs to pay GoPro the fees incurred in the Utah action.

GoPro also seeks, pursuant to this Court's inherent authority, recovery of its attorneys' fees incurred in bringing this motion and in bringing a motion to stay the current action pending resolution of the *Inter Partes* Review proceedings currently underway before the PTAB as to each of the patents-in-suit. Plaintiffs' actions in dismissing the Utah action, refiling in Delaware and then refusing a request to stipulate to a stay means that GoPro had to redo and bring the stay motion again, in this Court. The fees for the motions for costs and to stay pending IPR are estimated to total approximately $40,000 ($20,000 each for the research, briefing, and hearing for each motion). *See* KK Decl., ¶ 20.

## V. **CONCLUSION**

For the foregoing reasons, GoPro respectfully requests that the Court order Plaintiffs to pay GoPro $131,299.83 for its costs incurred in defending the Utah action and to stay this action until Plaintiffs have fully complied. GoPro also requests, pursuant to this Court's inherent

13

authority, recovery of its fees incurred in bringing this motion and its motion to stay pending resolution of IPRs, which fees are estimated to be approximately $40,000.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
(640) 847-4150

February 1, 2016

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 1, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Paul M. Schoenhard, Esquire<br>Nicole M. Jantzi, Esquire<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue NW<br>Washington, DC  20006-6807<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)