IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTOUR IP HOLDING, LLC and ION WORLDWIDE, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 15-1108 (LPS) (CJB)<br>)<br>) |
| GOPRO, INC., | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT GOPRO, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304
(640) 847-4150

February 1, 2016

# TABLE OF CONTENTS

                                                                                                        **Page**

I.     NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II.    SUMMARY OF THE ARGUMENT ............................................................................ 1

III.   STATEMENT OF FACTS ............................................................................................ 3

         A.     The Prior Utah Action ..................................................................................... 3

         B.     Current Action ................................................................................................. 5

IV.   ARGUMENT ................................................................................................................. 5

         A.     Legal Standard ................................................................................................ 5

         B.     A Stay Will Result In Simplification of The Issues Before the Court ................. 5

         C.     No Undue Prejudice Will Befall Plaintiffs If A Stay Is Issued ........................... 8

         D.     The Early Stage of the Case Weighs Heavily In Favor of Stay ........................ 11

V.    CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Bonutti Skeletal Innovations, LLC, v. Zimmer Holdings, Inc.*,
 C.A. No. 12-1107 (GMS), 2014 WL 1369721 (D. Del. Apr. 7, 2014) ......................... 6, 8, 11

*Boston Scientific Corp. v. Cordis Corp.*,
 777 F.Supp.2d 783 (D. Del. 2011) ....................................................................................... 8

*CallWave Communications, LLC v. AT&T Mobility, LLC*,
 C. A. Nos. 12-1701-04 (RGA), 12-1788 (RGA), 2015 WL 1284203 (Mar. 3. 2015) ............................................................................................................................... 12

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
 C.A. No. 09-571 (JJF), 2010 WL 2573925 (D. Del. June 25, 2010) ..................................... 7

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ............................................................................................ 5

*Ever Win Int'l Corp. v. Radioshack Corp.*,
 902 F.Supp.2d 503 (D. Del. Oct. 9, 2012) .................................................................... 10, 11

*Evolutionary Intelligence, LLC v. Livingsocial, Inc.*,
 Case No. 13-cv-04205-WHO, 2014 WL 2735185 (N.D. Cal. June 16, 2014) ....................... 6

*First Am. Title Ins. Co. v. Maclaren LLC*,
 C.A. No. 10-363 (GMS), 2012 WL 769601 (D. Del. Mar. 9, 2012) ............................... 5, 11

*Intravascular Research Ltd. v. Endosonics Corp.*,
 994 F.Supp. 564 (D. Del. 1998) ......................................................................................... 11

*LG Electronics, Inc. v. Toshiba Samsung Storage Technology*,
 C.A. No. 12-1063 (LPS) (CJB), 2015 WL 8674901 (Dec. 11, 2015) ................................. 10

*Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*,
 922 F.Supp.2d 486 (D. Del. Feb. 5, 2013) ......................................................................... 11

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
 C.A. No. 12-1744 (GMS), 2013 WL 3353984 (D. Del. July 2, 2013) ......................... *passim*

*Pragmatus Mobile, LLC v. Amazon.com, Inc.*,
 C.A. No. 14-436 (LPS), 2015 WL 3799433 (June 17, 2015) ............................................... 8

*Princeton Digital Image Corporation v. Konami Digital Entertainment Inc.*,
 2014 WL 3819458 (D. Del. Jan. 15, 2014) .......................................................................... 9

*Round Rock Research LLC v. Dole Food Cos.*,
   C.A. Nos. 11-1239 (RGA), 11-1241 (RGA), 11-1242 (RGA), 2012 WL
   1185022 (D. Del. Apr. 6, 2012) .......................................................................................7

*Star Envirotech, Inc. v. Redline Detection, LLC*,
   SACV 12-01861 JGB, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) .......................................9

*Textron Innovations, Inc. v. Toro Co.*,
   C.A. No. 05-486 (GMS), 2007 U.S. Dist. LEXIS 100102 (D. Del. Apr. 25,
   2007) .................................................................................................................................7

*Wall Corp. v. BondDesk Grp., LLC*,
   C.A. No. 07-844 (GMS), 2009 WL 528564 (D. Del. Feb. 24, 2009) .......................................7

**Rules and Statutes**

35 U.S.C. 112(f) ...............................................................................................................................6

35 U.S.C. § 314(a) ......................................................................................................................1, 6

35 U.S.C. § 315(b) ...........................................................................................................................8

35 U.S.C. § 315(e)(2) ......................................................................................................................7

35 U.S.C. § 316(a)(11) ....................................................................................................................9

35 U.S.C. § 318(c) ..........................................................................................................................7

Fed. R. Civ. P. 41 ............................................................................................................................4

## I. NATURE AND STAGE OF THE PROCEEDINGS

On November 30, 2015, Contour, LLC ("Contour") dismissed an action it had previously filed against Defendant GoPro, Inc. ("GoPro") in the District of Utah (the "Utah Action") that was currently stayed, alleging infringement of U.S. Patent Nos. 8,890,954 ("the '954 Patent") and 8,896,694 ("the '694 Patent") (collectively, the "patents-in-suit"). That same day, Plaintiffs filed this substantially identical action against GoPro, again alleging infringement of the '954 Patent and the '694 Patent. *Inter Partes* Reviews ("IPR"s) have been instituted on both patents. GoPro has filed a Motion to Stay Pending *Inter Partes* Review of the Patents-in-Suit ("Motion to Stay"). This is GoPro's opening brief in support of that motion.

## II. SUMMARY OF THE ARGUMENT

On May 14, 2015, Plaintiffs Contour and iON Worldwide, Inc. ("iON") announced a merger between the two companies. More than six months later, Contour dismissed the earlier Utah Action that was stayed and re-filed here purportedly "to advance the dispute in a forum more convenient to iON than the Utah Action." D.I. 1, ¶22. At that time, the Utah Action was stayed and a motion to extend the stay pending the determination of the IPRs was before the Utah court, and scheduled for argument. The refiling in this Court does not alter the conclusion that a stay remains appropriate and necessary in view of the ongoing IPR proceedings.

On October 28, 2015, the Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings, finding a reasonable likelihood that GoPro will prevail in showing that claims 1, 2, and 11–30 of the '954 Patent and claims 1–20 of the '694 Patent claims are not patentable. *See* 35 U.S.C. § 314(a). Given the high likelihood that the PTAB's written decisions will result in cancellation of some or all challenged patent claims, the applicable factors support a stay of this

1

case at this early juncture pending the PTAB's written decision on the IPRs for the patents-in-suit.

First, the early stage of this case favors a stay. GoPro has not responded to Plaintiffs' complaint. Plaintiff has not served infringement contentions. No discovery has been conducted, no scheduling order has been issued, and no trial date has been set. Moreover, the Utah Action that Contour dismissed on November 30, 2015, and refiled here was itself stayed pursuant to the agreement of the parties in May 2015.

Second, a stay will prevent a waste of judicial and party resources litigating patent claims that are very likely to be canceled, amended, or narrowed during the IPR proceedings. Additionally, the IPR proceedings have the potential to clarify any claims that remain at issue, and the scope thereof.

Finally, a stay will not cause undue prejudice to Plaintiffs or subject them to a tactical disadvantage. GoPro sought IPR of the patents-in-suit *nine months before* the statutory deadline to do so and sought an extension of the stay already in place in the Utah Action almost immediately after the IPR was instituted. Moreover, the PTAB is required to issue its written decision by October 28, 2016. Further, the parties' status as participants in the crowded camera market, as well as Plaintiffs' decision not to seek a preliminary injunction in either this case or the earlier Utah Action undermines any assertion of undue prejudice by Plaintiffs because of a loss of market share. Moreover, Contour previously agreed to stay the earlier Utah Action, undercutting any supposed claim of prejudice that Plaintiffs may attempt to assert here.

In contrast, GoPro will suffer significant harm should a stay not issue because it will be put to the burden of litigating claims that are likely to be held invalid in the IPR proceedings.

Moreover, denial of a stay would effectively sanction Plaintiffs' forum-shopping, which appears to have been done to avoid the motions to dismiss and stay then-pending in the Utah Action.

## III. STATEMENT OF FACTS

### A. The Prior Utah Action

On November 25, 2014, Contour filed the Utah Action in the District of Utah against Camp Saver, LLC, a Utah-based outdoor retailer, and Doe Defendants alleging infringement of the '954 and '694 Patents and violations of the Utah Unfair Competition Act. *See* GoPro, Inc.'s Request for Judicial Notice in Support of Motion to Stay Pending *Inter Partes* Review ("RJN"), Ex C. Thereafter, on January 5, 2015, Contour filed a First Amended Complaint adding GoPro as a defendant in the Utah Action. *See* RJN, Ex. D.. The First Amended Complaint alleged, inter alia, direct patent infringement by GoPro of both the '954 Patent and the '694 Patent, and also that GoPro had violated the Utah Unfair Competition Act. *Id*. Realizing it had no basis to assert violation of the Utah Unfair Competition Act, Contour filed a Second Amended Complaint on March 27, 2015, removing that allegation. *See* RJN, Ex. E. Contour then resisted Defendants' requests to dismiss Camp Saver, which apparently was named to try maintain venue in Utah. Camp Saver was sued only as a reseller of Defendant GoPro's accused products. *See* RJN, Ex. H. Further, even when GoPro agreed to assume any Camp Saver liability for sales of the accused devices for damages purposes, Contour refused to dismiss Camp Saver unless GoPro agreed not seek to transfer of the Utah Action. *Id*.

On April 27, 2015, GoPro and Camp Saver moved to dismiss Contour's claims for indirect and willful infringement on the principal grounds that Contour's Second Amended Complaint failed to allege facts to support the claim that GoPro or Camp Saver had pre-suit knowledge of the patents-in-suit. *See* RJN, Ex. F. On May 4, 2015, the parties jointly moved the

3

Utah court for an order staying all pending dates until such time as the court issued its ruling on the defendants' motion to dismiss. *See* RJN, Ex. G. On June 16, 2015, the Utah court granted the parties' request and stayed all deadlines and other dates pending the court's ruling on the defendants' motion to dismiss, the hearing on which was to be held on January 12, 2016. *See* RJN, Ex. I.

On April 20, 2015, GoPro filed petitions for *inter partes* review of certain challenged claims of the '954 Patent (IPR 2015-01080) and the '694 Patent (IPR 2015-01078) with thePTAB. On October 28, 2015, the PTAB instituted an *inter partes* review as to claims 1, 2, and 11–30 of the '954 Patent on certain grounds of unpatentability, but denied institution on claims 3–10. *See* RJN, Ex. A. The PTAB also instituted an *inter partes* review as to claims 1–20 of the '694 Patent on the same date. *See* RJN, Ex. B. Shortly after the PTAB instituted IPR proceedings for the '694 and '954 Patents, GoPro and Camp Saver asked Contour to stipulate to extend the stay until the IPR proceedings concluded. Contour refused. Thus, on November 23, 2015, GoPro and Camp Saver moved for an order staying the Utah Action pending conclusion of the IPR proceedings and asked that their motion for stay be heard on the same date as their pending motion to dismiss. *See* RJN, Ex. J. Contour did not oppose these motions. Instead, one week later, Contour dismissed its complaint in the Utah Action pursuant to Fed. R. Civ. P. 41. *See* RJN, Ex. K.

B. **Current Action**

On November 30, 2015, Plaintiffs Contour and iON (collectively "Plaintiffs") filed this action, this time against GoPro only, again alleging infringement of the '954 and '694 Patents. *See* D.I. 1.[1]

IV. **ARGUMENT**

A. **Legal Standard**

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'" *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744 (GMS), 2013 WL 3353984, at *1 (D. Del. July 2, 2013). The Federal Circuit has recognized the inherent power of the trial court "to manage [its] docket[] and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted). When considering whether to stay litigation pending IPR, the Court considers three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Neste*, 2013 WL 3353984, at *1. Each of these factors weighs in favor of staying this case in view of the pending IPR proceedings.

B. **A Stay Will Result In Simplification of The Issues Before the Court**

A principal factor courts consider when deciding whether to issue a stay is "whether a stay will simplify the issues in question and trial of the case." *First Am. Title Ins. Co.*, 2012 WL

---

[1] Plaintiffs' complaint makes no mention why Camp Saver was not included as a defendant in this action. *See* generally D.I. 1.

769601, at *4. Staying a case pending PTO reexamination can streamline the litigation in a number of important ways:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pretrial conferences and (7) the cost will likely be reduced both for the parties and the court.

*See Neste,* 2013 WL 3353984, at *4.

Here, the IPR proceedings have the potential to moot many of Plaintiffs' claims in this suit through cancellation (or possibly amendment) of the claims under review. The PTAB has found that there is a reasonable likelihood that GoPro will prevail in showing the claims are not patentable. *See* 35 U.S.C. § 314(a). Further, the PTAB cancels the vast majority of the claims it considers in IPRs. *See* Patent Trial & Appeal Board Statistics PowerPoint Presentation, dated October 31, 2015 and available at http://www.uspto.gov/sites/default/files/documents/2015-10-31%20PTAB.pdf (noting 84% of written decisions result in cancellation of all or some claims of the challenged patent). Indeed, it is highly likely that many of the claims here will be cancelled. *See Neste*, 2013 WL 3353984, at *4 ("the stricter standard for instituting such review suggests a greater likelihood that the PTO will cancel at least some of the challenged claims"). Thus, the IPRs could moot the '694 Patent altogether and most claims in the '954 Patent.[2] Claims 3-10 of

---

[2]  The fact that not every claim of the '954 Patent is part of the IPR does not diminish the likelihood that the IPRs will simplify the issues in this case. *See e.g., Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, Case No. 13-cv-04205-WHO, 2014 WL 2735185, at *2-3 (N.D. Cal. June 16, 2014) (denying motion to lift stay after PTAB instituted review as to all but three asserted claims of one of the two patents in suit, and finding that

6

the '954 patent are means-plus-function claims that are rarely asserted alone because they must be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. *See* 35 U.S.C. 112(f). As such, these means-plus-function terms are tied to particular structures described in the specification, which are unrelated to the accused products and thus are unlikely to be asserted against GoPro. Nonetheless, even if only some claims are invalidated, the scope of this case may be significantly narrowed because estoppel will apply to GoPro under 35 U.S.C. § 315(e)(2) for non-cancelled claims on which trial is instituted and because the IPRs are likely to impact claim construction,[3] streamline discovery, and affect damages.[4]

The potential for IPR proceedings to streamline the issues is especially great where, as here, both of the asserted patents are closely related. Indeed, the '694 Patent (all of the claims of which are under review in the IPR) is a continuation of the '954 Patent, and their applications are similar and name the same inventors. Further, these patents share claim terms and each of the IPR petitions that have been instituted have relied on the same invalidating prior art. *See* RJN, Exs. A-B.

---

"it is of no moment that not all of the asserted claims … are subject to the IPR[,]" since review of the patent's other claims was likely to provide significant assistance to the court); *see also Bonutti Skeletal Innovations, LLC, v. Zimmer Holdings, Inc.*, C.A. No. 12-1107 (GMS), 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014), (rejecting the argument that the issues would not be simplified because the IPRs did not involve all of the claims and patents in the litigation). Here, *every* claim in the '694 Patent and all of the possible assertable claims in the related '954 Patent are under review in the IPRs. Thus, there remains a strong likelihood that the IPRs will simplify this case and a stay is warranted.

[3] *See Round Rock Research LLC v. Dole Food Cos.*, C.A. Nos. 11-1239 (RGA), 11-1241 (RGA), 11-1242 (RGA), 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012)) (granting a stay noting that "even if [the claims are] neither rejected nor modified, [they] will garner additional prosecution history that may be relevant to claim construction").

[4] For example, any amendments made during IPR create intervening rights, which limit damages to the period after the amendment and would alter the damages analysis undertaken in this case. *See* 35 U.S.C. § 318(c).

7

## C. No Undue Prejudice Will Befall Plaintiffs If A Stay Is Issued

Although a stay of any case pending PTO proceedings risks prolonging the final resolution of the dispute and therefore may result in some prejudice to the plaintiff (*see Textron Innovations, Inc. v. Toro Co.*, C.A. No. 05-486 (GMS), 2007 U.S. Dist. LEXIS 100102, at *8 (D. Del. Apr. 25, 2007), the potential for delay does not, by itself, establish undue prejudice. *See Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, C.A. No. 09-571 (JJF), 2010 WL 2573925, at *3 (D. Del. June 25, 2010); *see also Wall Corp. v. BondDesk Grp., LLC*, C.A. No. 07-844 (GMS), 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009). Rather, in considering whether a plaintiff might be unacceptably prejudiced by a stay, the court looks to other considerations including the timing of the request, the timing of the stay request, the status of the reexamination proceedings, the relationship between the parties, and the related question of whether the plaintiff may be compensated through future money damages. *See, e.g., Boston Scientific Corp. v. Cordis Corp.*, 777 F.Supp.2d 783, 789 (D. Del. 2011). Analysis of these factors supports the conclusion that a stay would not unduly prejudice Plaintiffs or present a clear tactical disadvantage to them.

First, GoPro's IPR petitions were submitted *nine months before* the statutory deadline and only three months after GoPro was served with the complaint in the Utah Action. *See* 35 U.S.C. § 315(b). Thus, GoPro did not unduly delay in seeking IPR. *Neste*, 2013 WL 3353984, at *2 (finding no undue delay for IPR filed less than three months after receiving notice of the lawsuit); *Cf Pragmatus Mobile, LLC v. Amazon.com, Inc.*, C.A. No. 14-436 (LPS), 2015 WL 3799433, at *1 (D. Del. June 17, 2015) (noting that filing IPR petition three days before the statutory deadline suggested defendants were seeking a tactical advantage). "The more diligent a defendant is in seeking inter partes review, the less likely it is that the non-movant will be

prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti Skeletal Innovations, LLC, v. Zimmer Holdings, Inc.*, C.A. No. 12-1107 (GMS), 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014) (finding that IPR petitions were timely where the defendant filed them before a schedule was set and before discovery commenced).

Further, shortly after the PTAB instituted IPR proceedings for the '694 and '954 Patents, GoPro asked Contour to stipulate to extend the stay then currently in place to include conclusion of the IPR proceedings. Contour refused. Accordingly, on November 23, 2015, GoPro and Camp Saver moved for an order staying the Utah Action pending conclusion of the IPR proceedings that had been instituted. *See* RJN, Ex. J. GoPro could have simply waited until the stay period in the Utah Action expired on January 12, 2016 (RJN, I) to seek a stay pending IPR but instead acted proactively and sought that relief promptly. These circumstances are again another factor showing that GoPro's stay request here is not sought in order to gain an unfair tactical advantage. *See Princeton Digital Image Corporation v. Konami Digital Entertainment Inc.*, 2014 WL 3819458, at *5 (D. Del. Jan. 15, 2014) (granting motion to stay noting same).

The status of the PTAB proceedings also demonstrates that Plaintiffs will not be subject to undue prejudice should a stay issue. As noted above, the PTAB has already instituted IPRs for the patents in suit with a final written decision to be issued no later than October 28, 2016. *See* 35 U.S.C. § 316(a)(11). Therefore, the IPR process is much less likely to cause prejudicial delay than the old reexamination proceedings, which took several years and were appealed to the PTAB before the Federal Circuit. The expediency of IPRs mitigates any potential prejudice caused by a stay. *See Star Envirotech, Inc. v. Redline Detection, LLC*, SACV 12-01861 JGB, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) ("the delay here is minimized, as the 'delay caused by the new IPR procedure is significantly less than the delay caused by the old

9

procedure.' Thus, the Court finds that Plaintiff has not shown that it would be unduly prejudiced by delay.") (citations omitted.) Thus, this factor also favors granting the requested stay of this case, particularly in view of the fact that Contour previously agreed to stay the Utah Action before it ultimately decided to dismiss that case and refile in Delaware. *See* RJN, Exs. I, K.

Finally, the last factor, the relationship of the parties does not weigh heavily against issuance of a stay as GoPro and Plaintiffs are merely three of several companies currently operating in the crowded camera market. Where, as here, there are a number of active firms in the relevant market, the specter that a plaintiff will be subject to undue burden is lessened. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *3 ("[T]he fact that there are other competitors in the market undermines [the plaintiff's] assertion of undue prejudice because of loss of market value.") (internal citation omitted); *see also LG Electronics, Inc. v. Toshiba Samsung Storage Technology*, C.A. No. 12-1063 (LPS) (CJB), 2015 WL 8674901, *6 (Dec. 11, 2015) (granting motion to stay noting plaintiff did not rebut defendant's contention that because the parties were two of "numerous competitors in the optical disk drive market" increased money damages could adequately compensate plaintiff for any delay from a stay). Further, the fact that Plaintiffs did not seek a preliminary injunction in either the earlier Utah Action or here should be considered in determining whether they face undue prejudice from any resultant stay. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F.Supp.2d 503, 511 (D. Del. 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends."). And again, Contour previously agreed to stay the earlier Utah Action, thereby further undermining any claim of prejudice that Plaintiffs would attempt to advance here.

By contrast, GoPro will suffer significant harm should a stay not issue. Not only will GoPro be put to the burden of litigating claims that are likely to be held invalid in the IPR proceedings, but denial of a stay here effectively rewards Plaintiffs' questionable litigation tactic of dismissing its Utah Action in the face of a 12(b)(6) motion and stay motion only to re-file that action here citing "convenience" to plaintiff iOn with which Contour had merged with *six months* before it dismissed the Utah Action.

### D. The Early Stage of the Case Weighs Heavily In Favor of Stay

In considering the stage of the litigation, courts ask "whether discovery is complete and whether a trial date has been set." *Bonutti*, 2014 WL 1369721, at *6 (quoting *First Am. Title Ins. Co. v. Maclaren LLC*, C.A. No. 10-363 (GMS), 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)). Staying a case in its early stages "can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Ever Win*, 902 F.Supp.2d at 507 (internal citation omitted). Here, *every* substantial case event lies ahead for the parties, including GoPro's responsive pleading, invalidity and non-infringement contentions, claim construction, expert reports, summary judgment and a yet to be scheduled trial. The early stage of this litigation therefore weighs heavily in favor of a stay.

As noted above, the Utah Action, before Contour dismissed it, was stayed pursuant to an agreement of the parties. This litigation, an apparent attempt to circumvent the stay order in the Utah Action, itself remains in the earliest of stages. GoPro has not answered the complaint.[5] There is no scheduling order, discovery has not begun, and no trial date has been set. Thus, this

---

[5] GoPro's obligation to respond to the Complaint is currently stayed. *Intravascular Research Ltd. v. Endosonics Corp.*, 994 F.Supp. 564, n.3 (D. Del. 1998) (recognizing that motions to stay toll the time period for answering a complaint because "pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources.") (internal citation omitted).

11

factor "strongly favors a stay." *Ever Win*, 902 F.Supp.2d at 507 (granting motion to stay noting that no initial disclosures have been exchanged, no Scheduling Order has been entered, no discovery has occurred, claim construction has not been briefed, and neither a Markman nor trial date has been set); *see also Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F.Supp.2d 486, 494 (D. Del. Feb. 5, 2013) (finding stage of litigation factor weighed strongly in favor a stay noting "no conferences with the court have occurred; no schedules have been set; no substantive motions have been filed; and the court has issued no substantive rulings.") (internal citation omitted); *Neste*, 2013 WL 3353984, at *5 (granting stay where no scheduling conference has occurred, no trial date set, and no discovery has taken place); *CallWave Comm'ns, LLC v. AT&T Mobility, LLC*, C.A. Nos. 12-1701-04 (RGA), 12-1788 (RGA), 2015 WL 1284203 (Mar. 3, 2015) (granting stay where few depositions had been taken and expert discovery had not begun).

## V.  CONCLUSION

GoPro respectfully requests that the Court stay this action pending the conclusion of the IPRs.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
(640) 847-4150

February 1, 2016

12

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 1, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Paul M. Schoenhard, Esquire<br>Nicole M. Jantzi, Esquire<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue NW<br>Washington, DC 20006-6807<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)