UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | Case No. 3:17-cv-04738-WHO<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 188, 196 |

## INTRODUCTION

Contour IP Holding, LLC ("CIPH") filed this patent infringement action against GoPro in the District of Delaware nearly two years ago, the same day that its parent company voluntarily dismissed an action in Utah district court alleging infringement of the same patents-in-suit. The Utah action was filed a year before it was voluntarily dismissed. The present action was transferred to this district on August 16, 2017. Even though the case has been pending for nearly two years, GoPro has yet to answer. On September 6, 2017, it filed a motion to dismiss, or in the alternative, to strike CIPH's claims for contributory and willful infringement. CIPH asserts that GoPro's motion is untimely, and in opposition, moves to strike the motion.

The dispute's extensive procedural history provides some justification for the timing of GoPro's motion, although I think CIPH has the better side of that argument. More to the point, it would be an inefficient and unnecessary waste of resources to analyze the claims in CIPH's pleading when the parties have conducted extensive discovery and have (or will soon have) enough information to address the merits of those claims on summary judgment. GoPro's motion to dismiss is DENIED as untimely. CIPH's motion to strike is DENIED. GoPro shall file an answer within 20 days.

# BACKGROUND

## I. FACTUAL BACKGROUND

On November 30, 2015, Plaintiff Contour IP Holding, LLC ("CIPH") brought the present action against GoPro, Inc. ("GoPro") for infringement of U.S. Patent Nos. 8,890,954 ("the '954 patent") and 9,896,694 ("the '694 patent"). Compl. ¶4 (Dkt. No. 1). Both patents are entitled "Portable Digital Video Camera Configured for Remote Image Acquisition Control and Viewing." Compl. ¶¶ 15, 16. The patents contain both apparatus claims and method claims. The complaint alleges six claims—direct, induced, and contributory infringement for each of the patents-in-suit.

The case was initially brought by CIPH, a non-practicing entity that holds the rights to the patents, and iON Worldwide Inc. ("iON"), "a maker and seller of wearable and gear-mountable camera products[.]" Compl. ¶¶ 2, 13. "This case has a very convoluted procedural history" that predates the filing of this complaint. Memorandum Order on GoPro's Mot. to Transfer at 3 ("Venue Order")(Dkt. No. 154).

## II. PROCEDURAL HISTORY

### A. Utah Action[1]

On January 5, 2015, Contour LLC ("Contour"), a non-party to the present action and then-assignee of the asserted patents, named GoPro as a defendant in an action filed in district court in Utah approximately six weeks earlier against Camp Saver, LLC, a local retailer of GoPro products. Compl. ¶ 19. The complaint alleged infringement of the same patents asserted here. *Id*. Contour and iON "entered into an agreement to merge" in May 2015, which included iON's right to hold an exclusive license to the asserted patents.[2] Venue Order at 3. GoPro and Camp Saver moved to dismiss the claims for indirect and willful infringement, which was set for hearing

---

[1] CIPH disputes the relevancy of the Utah action's procedural history, CIPH Response at 3, but the information provides important context to the challenges raised in the parties' briefing of the present motion.

[2] The operative complaint states that "[t]he instant action was filed following the merger between iON and Contour and the assignment of the Asserted Patents to Contour IP Holding, LLC." Compl. ¶ 22.

2

on January 12, 2016. *Id.*; *see also* Mot. to Dismiss at 3 ("MTD")(Dkt. No. 188).

GoPro filed petitions for inter partes review ("IPR") on April 20, 2015, and the Patent Trial and Appeal Board ("PTAB") instituted proceedings on October 28, 2015 as to all 20 claims in the '694 patent and 21 of the 30 claims of the '954 patent. Compl. ¶ 21; *see also* MTD at 3. On November 30, 2015, Contour voluntarily dismissed its complaint in the Utah action. *Contour, LLC v. GoPro, Inc., et al.*, Utah District Court Case No. 2:14-cv-864, Dkt. No. 57; *see also* Venue Order at 4. The same day, CIPH and iON filed suit against GoPro in Delaware.

### B. Delaware

Plaintiffs state that they filed the Delaware action "in order to realign parties after the merger and to advance the dispute in a forum more convenient to iON than the Utah Action." Compl. ¶ 22. But on September 6, 2016, plaintiffs moved to dismiss iON as a co-plaintiff with prejudice because it was no longer an exclusive licensee and therefore lacked standing to sue for patent infringement.[3] Dkt. No. 73[under seal]; Dkt. No. 74[redacted]. On September 16, 2016, Magistrate Judge Christopher Burke issued a Report and Recommendation that recommended granting plaintiffs' motion and dismissing iON (Dkt. No. 77); Chief Judge Leonard Stark subsequently issued an order on December 9, 2016 adopting the Report and Recommendation. Dkt. No. 97.

On February 1, 2016—the date GoPro's answer was due—it filed two pre-answer motions to stay. Dkt. Nos. 10, 14. One sought costs and a stay pursuant to Federal Rule of Civil Procedure 41(d) on grounds that plaintiffs had previously dismissed the Utah action, which asserted the same claims against the same defendants. Dkt. No. 10. The other sought a stay pending IPR proceedings. Dkt. No. 14. The court heard the motions on April 19, 2016. On April 28, 2016, the court decided that it would enter a scheduling order, even with the motions to stay pending, "in light of Chief Judge Stark's preference that, in the main, cases filed by a plaintiff should move forward even with such a stay motion pending, the Court concludes that the mere pendency of that motion should not prevent a case schedule from being entered at this time." The court entered a

---

[3] In briefing the current motion, CIPH indicates that the merger with iON "failed." CIPH Response at 1.

3

scheduling order the same day. Dkt. No. 37. The parties proceeded to serve initial disclosures and presented the court with several discovery disputes.

On July 14, 2016, the court granted GoPro's motion to stay pending the IPR. Dkt. No. 70. In light of this decision, the court denied without prejudice the motion to stay and for costs under Rule 41(d). In accordance with the order, the stay was lifted on October 26, 2016, the date the PTAB denied GoPro's petitions. Oral Order (entered on November 7, 2016); *see* Dkt. No. 70 (Order Granting Stay), Dkt. No. 78 (GoPro's Letter re PTAB's decisions and request to continue stay); Dkt. No. 79 (CIPH's letter regarding request to lift the stay). The court denied GoPro's request to maintain the stay pending appeal of the PTAB's decisions. Venue Order at 7. On November 17, 2016, the court entered the parties' stipulation to extend time for GoPro to respond to the complaint to December 1, 2016. Dkt. No. 80.

On November 22, 2016, GoPro filed its motion to change venue. Dkt. No. 83. It sought expedited briefing on the motion so that it could be decided before a schedule was set and the case "progresse[d] any further[.]" Dkt. No. 89. The court declined the request to expedite briefing and entered a scheduling order, which indicated that amended pleadings would be due by February 6, 2017, and discovery would be complete by November 9, 2017. Dkt. No. 91. On December 1, 2016—the date its response was due—GoPro renewed its motion to stay and for costs pursuant to Rule 41(d). Dkt. No. 93. The court set the motions for hearing in April, and the parties proceeded to exchange discovery requests and responses.

On April 26, 2017, the court heard argument on both motions, and on July 31, 2017 the court adopted Judge Burke's order granting GoPro's motion to transfer.[4] Dkt. No. 174. It did not rule on GoPro's motion under Rule 41(d).[5]

**C. California**

The case was transferred to the Northern District of California on August 16, 2017, Dkt.

---

[4] At the time of the transfer, the parties were "engaged in" claim construction briefing—initial briefs were due August 4, and a *Markman* hearing was scheduled for September 25, 2017. Dkt. No. 91.

[5] GoPro indicated its intent to re-file its motion for costs now that the case is here. MTD at 4 n.5.

4

1  No. 175, and assigned to me on August 22, 2017, Dkt. No. 180. GoPro filed its motion to dismiss
2  on September 6, 2017. Mot. to Dismiss ("MTD")(Dkt. No. 188). CIPH responded and sought a
3  motion to strike as untimely GoPro's motion to dismiss. Mot. to Strike and Response ("CIPH
4  Response")(Dkt. No. 196). GoPro filed a reply in support of its motion on September 27, 2017,
5  ("GoPro Reply")(Dkt. No. 200) and a response to CIPH's Opposition on October 4, 2016 ("GoPro
6  Response")(Dkt. No. 201). CIPH filed a reply in support of its motion to strike on October 11,
7  2017 ("CIPH Reply")(Dkt. No. 203). I heard argument on November 1, 2017.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of

undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

**DISCUSSION**

CIPH argues that GoPro's motion is untimely because "the deadline [to respond] … has long since passed." CIPH's Response at 1. It also indicates that "there would be no good cause to [modify the Scheduling Order] because discovery in this case has proceeded for over a year, including substantial document production, infringement and invalidity contentions, and claim construction contentions."[6] *Id*. Moreover, it argues that the motion to dismiss would unfairly prejudice it "by creating side issues after the case has been litigated for two years, and potentially introduce unnecessary delay in getting to trial." CIPH Response at 6. It requests that I strike the motion to dismiss, or deny it as untimely.

CIPH cites to *Johnson v. Mammoth Recreations, Inc.*, for the proposition that a "court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made[.]" 975 F.2d 604, 608 (9th Cir. 1992). It insists that entertaining GoPro's motion "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." CIPH Response at 5 (quoting *Johnson*,

---

[6] By July 14, 2017 (the Scheduling Order deadline for substantial completion of document production), CIPH had produced 14,065 pages, GoPro had produced 11,234 pages, and non-party Countour LLC had produced 182,249 pages. CIPH Response at 4.

975 F.2d at 610). It also cites to Federal Rule of Civil Procedure 6(b), which outlines the requirements for extending time, as well as the rules' stated purpose that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

As an initial matter, the scheduling order itself did not set a deadline for GoPro to respond, so CIPH cannot argue that GoPro's motion violates a scheduling order. GoPro contends that its motion was timely because the time to respond to the complaint was tolled "while the case was stayed and/or while GoPro's motions to stay were pending." MTD at 2 n.1; GoPro Reply at 3. It insists that the custom and practice in Delaware support its position. *See Intravascular Research Ltd. v. Endosonics Corp.*, 994 F. Supp. 564 (D. Del. 1998)(listing cases). It emphasizes that "[i]t was no accident" that GoPro renewed its motion to stay on the date the parties stipulated a response was due and it underscores that CIPH never moved to enter default or seek any other relief for GoPro's alleged failure to timely respond. GoPro Reply at 3; GoPro Response at 1.

The *Intravascular Research* court indicated, in a footnote, that "[h]istorically, motions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources." 994 F. Supp. 564 at 567 n.3.[7] CIPH maintains that no such tolling occurred and that the *Intravascular Research* footnote is mere dicta that is inapplicable to the present case because that case dealt with a motion to stay pending parallel state proceedings and a motion to dismiss one of the counts. CIPH Response at 6; CIPH Reply at 4. It relies on another Delaware district

---

[7] The *Intravascular* court cited other authority recognizing the practice. *See Smith v. Pay–Fone Systems, Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985) (concerning a motion for a stay of judicial proceedings pending arbitration), *Questech Capital Corp. v. Flight Dynamics, Inc.*, No. 83 Civ. 6986, 1984 WL 327 (S.D.N.Y. May 7, 1984) (pertaining to a motion to transfer venues), and 5A Wright and Miller, Federal Practice and Procedure, § 1360 (1990) (discussing preliminary motions which are not enumerated under Rule 12 of the Federal Rules of Civil Procedure).

GoPro also argues that a court in this district "implicitly endorsed" the practice in denying default motions where a party filed a motion to stay instead of a Rule 12 response. GoPro Reply at 5; *see Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 06-6613-CW, 2007 WL 484789, *5 (N.D. Cal. Feb. 9, 2007) ("While [the defendant] failed to file a responsive pleading, its motion to stay was a timely and proper filing. [The defendant] is not ignoring this lawsuit and, contrary to Plaintiffs' assertion, an entry of default is not appropriate.").

court case to insist that a party cannot unilaterally stay a case simply by virtue of filing a motion requesting a stay. CIPH Response at 6; *see Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989)("Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."). It also contends that, even if tolling did occur, the renewed motion to stay was filed on the same date that a response was due, which would require a response due the day the stay was no longer pending, i.e., once the case was transferred here on August 16, 2017, its response was immediately due. CIPH Reply at 3-4. According to CIPH, GoPro's motion is still untimely, even accepting GoPro's tolling theory, because it did not file its motion for another three weeks after the case was transferred.

The parties dispute many issues surrounding the timeliness of GoPro's motion—the custom and practice in Delaware, their applicability to the present case, and whether, even accepting GoPro's tolling theory, the time to respond has nonetheless expired. I see some merit in both parties' arguments, but parsing through those disputes gets us nowhere.[8] A few things are undisputed. First, it has been nearly two years since the complaint was filed, and nearly three years since the Utah action was filed. Second, discovery proceeded while the case was venued in Delaware. And third, the parties previously stipulated that a response was due by December 1, 2016, Dkt. No. 80, and never stipulated to alter that deadline. Instead of filing a responsive pleading or a motion under Rule 12(b) by December 1, GoPro renewed its motion for costs and to stay under Rule 41(d). Dkt. No. 93. GoPro must have been on notice that filing this stay motion could not "stay" the case in the traditional sense, because Judge Burke had previously explained that "in light of Chief Judge Stark's preference that, in the main, *cases filed by a plaintiff should move forward even with such a stay motion pending*, the Court concludes that the mere pendency of that motion [for inter partes review] should not prevent a case schedule from being entered at this time[.]" Oral Order (entered April 28, 2016) (emphasis added). With respect to the motion

---

[8] For instance, GoPro's cases support its position that—under some circumstances—the filing of a motion to stay tolls the time to respond. And CIPH correctly points out that 116 days have passed in which no stay was in place and no motion to stay was pending.

8

for costs and to stay under rule 41(d), Judge Burke noted that "the Court is not convinced that the pendency of [that motion] … should stop the Court from entering a schedule at this time." *Id.* Just as the previous stay motions had not precluded the parties from proceeding with discovery, neither would the December 1st motion. Nor could the filing of the stay motion have effectively altered the stipulated agreement to respond by December 1, 2016, in the absence of a separate agreement that it would qualify as a "response."

GoPro is not really arguing that its motion to stay "stayed" the case; rather, its position is that the motion to stay served as an adequate "response" to effectively "defer" its time to file a responsive pleading. *See* MTD at 2 n.1. GoPro's argument stretches the rules—and their purpose—to the breaking point. Even if the stay motion was an adequate "response," GoPro provides no justification for waiting three weeks to file its motion to dismiss once the case was here.[9] I understand the "convoluted procedural history" and the accusations of gamesmanship, forum shopping, and delay, but it provides no authority for a complete "reset" of its time to respond once the case was transferred.

We need to get this case moving. Considering the extensive discovery that has occurred, the most efficient course of action is to deny the motion as untimely and allow the parties to parse through the merits of CIPH's infringement allegations on summary judgment. While GoPro may have had a reasonable belief that its deadline to respond to the complaint was stayed pending its pre-answer motions, it did not seek to modify the scheduling order nor did it obtain CIPH's consent to extend the deadline for it to respond pending resolution of the motion to transfer. The agreed-upon deadline to respond was December 1, 2016. Dkt. No. 80. Accepting GoPro's argument would be tantamount to enabling it to unilaterally extend its time to respond based on its belief that filing its motion to stay was sufficient to stay its deadline to respond. And addressing the merits of the motion to dismiss at this stage would be wasteful and inefficient.[10] GoPro's

---

[9] Presumably, it would argue that a stay was in place or a motion was pending the entire time the case was in Delaware, but CIPH identifies 116 days in which no stay was in place and no motion was pending. CIPH Reply at 2.

[10] I note, however, that GoPro moves to dismiss only CIPH's claims for contributory and willful infringement, and to dismiss its prayer for enhanced damages and injunctive relief. While CIPH's

9

motion is DENIED as untimely.

## CONCLUSION

In accordance with the foregoing, GoPro's motion to dismiss is DENIED and CIPH's motion to strike is DENIED. GoPro shall file an answer within 20 days.

**IT IS SO ORDERED.**

Dated: November 17, 2017

William H. Orrick
United States District Judge

---

allegations could be more thorough, they are at least enough to put GoPro on notice as to its claims, and, viewing the allegations in the light most favorable to CIPH, are close to meeting the *Twombly*/*Iqbal* plausibility standard. During the hearing, GoPro argued that the complaint "is a mess" and needs to be cleaned up. Even if it is a mess, it seems particularly inefficient to redirect the parties' attention to it, two years after they were filed, when discovery either has clarified or will easily clarify the issues.