John R. Keville *(Pro Hac Vice)*
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com

David P. Enzminger (SBN 137065)
Matthew R. McCullough (SBN 301330)
WINSTON & STRAWN, LLP
275 Middlefield Road, Suite 205
Menlo Park, CA  94025-1203
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
Email: denzminger@winston.com
Email: mrmccullough@winston.com

Attorneys for Plaintiff
CONTOUR IP HOLDING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>         Plaintiff,<br><br>    vs.<br><br>GOPRO, INC.,<br><br>         Defendant. | Case Number: 17-cv-04738-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge: William H. Orrick<br><br>Case Management Conference: October 8, 2019 |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-10(d), the Standing Order for all Judges of the Northern District of California, dated January 17, 2017, and the Court's Order setting a case management conference for October 8, 2019 (Dkt. 296), counsel for Plaintiff Contour IP Holding, LLC ("Contour") and Defendant GoPro, Inc. ("GoPro") have met and conferred and hereby submit their Joint Case Management Statement.[1]  Pursuant to Civil Local Rule 16-10(d), this statement provides information about the "progress or changes since the last statement was filed and making proposals for the remainder of the case development process."

I.   **FACTS**

On December 12, 2018, this Court granted a stay pending the resolution of IPR Case Nos. 2015-01078 ('694 patent) and 2015-01080 ('954 patent).  *See* Dkt. 286 at 1 (granting motion "to stay this patent infringement litigation until [GoPro's] inter partes review ('IPR') petitions are resolved before the Patent Trial and Appeal Board ('PTAB')").

On July 31, 2019, the Patent Trial and Appeal Board ("PTAB") issued its "Decision on Remand" in each of the pending IPRs relating to the asserted patents.  *GoPro, Inc. v. Contour IP Holding LLC*, Case No. IPR2015-01078, Paper No. 84 (PTAB July 31, 2019) ('694 patent) (Dkt. 289-1); *GoPro, Inc. v. Contour IP Holding LLC*, Case No. IPR2015-01080, Paper No. 90 (PTAB July 31, 2019) ('954 patent) (Dkt. 289-2).  The parties have stipulated and the Court has ordered that the stay imposed by this Court pending resolution of the IPR petitions shall be deemed lifted as of October 1, 2019.  Dkt. 296.

II.   **MOTIONS**

No motions are currently pending.

**A.   Contour's Proposed Motions**

Contour will seek leave to amend its infringement contentions to address certain products released by GoPro after it filed its motion to stay and shortly before this case was stayed, including

---

[1]   While the Parties conferred several times and have been able to agree on much of this joint statement, the Parties independently proffer the sections entitled "Contour's __" or "GoPro's ___" respectively and do not join in each other's statements.  The parties reserve their right to materially disagree with the statements set forth in party-specific sections.

HERO7 White, HERO7 Silver, and HERO7 Black. The parties are working towards a cooperative resolution of this issue. However, GoPro reserves the right to oppose adding products that have been available for more than a year and which were commercially released before the stay was imposed.

### i. Contour's Brief Statement Regarding IPR Estoppel

Contour also intends to ask the Court's guidance on the most expeditious way to address the scope of IPR estoppel in this case, which hopefully will not require motion practice.

An IPR petitioner who has received a final written decision is estopped from asserting in litigation any grounds of invalidity that it "raised or reasonably could have raised during that *inter partes review*." 35 U.S.C. § 315(e)(2); *Trustees of Columbia Univ. v. Symantec Corp.*, 390 F. Supp. 3d 665, 677-78 (E.D. Va. 2019) (estopping defendant from relying on grounds in invalidity contentions but not raised in IPR because a petitioner "reasonably could have raised" grounds that "a skilled searcher conducting a diligent search reasonably could have been expected to discover"). Five of GoPro's seven asserted invalidity theories were raised or could have been raised in the IPR, and only GoPro's invalidity theories that involve its alleged prior-art cameras (non-publications) could not have been raised in the IPR, and thus only its invalidity contention theories 4 and 6 remain in the case. Contour believes that GoPro's statement that its invalidity defenses "are not subject to estoppel" is incorrect as a matter of law[2] and ambiguous as to its "in particular" addition, and that an early decision on the scope of IPR estoppel on GoPro's invalidity defenses would be helpful to narrow the case, as was intended by the stay.

### ii. GoPro's Brief Statement Regarding IPR Estoppel

GoPro maintains that its invalidity defenses, in particular those based on non-publication prior art, are not subject to estoppel. *See Polaris Industries Inc. v. Arctic Cat Inc.*, No. 2015-4475, 2019 WL 3824255 (D. Minn. Aug. 15, 2019) ("Polaris has not produced, nor could this court find, any court

---

[2] In seeking the stay, GoPro told the Court "The scope of this case may be significantly narrowed because estoppel will apply to GoPro under 35 U.S.C. § 315(e)(2), once the Board issues new final written decisions." Dkt. No. 262 at 8. Now GoPro reverses itself and argues no estoppel applies to its invalidity defenses.

granting the relief Polaris now requests — to apply § 315(e)(2) estoppel to products."). To the extent Contour prepares and files a motion addressing the scope of IPR estoppel, GoPro will respond at that time.[3] However, GoPro notes that discovery regarding the material differences between the GoPro catalog addressed in the IPR's and the GoPro system art, which may be material to the scope of estoppel, is ongoing and therefore to the extent there is a dispute, it may not yet be ripe for adjudication.

### B. GoPro's Proposed Motions

#### i. GoPro's Brief Statement Regarding Its Proposed Motions:

GoPro reserves the right to seek further input from the Court on issues of claim construction. In particular, GoPro may seek further guidance from the Court regarding the impact of the IPR prosecution history on the appropriate scope and interpretation of the asserted claims depending on Contour's future amendments to its infringement contentions and/or responses to written discovery. GoPro may also seek to amend and/or supplement its invalidity contentions based on the IPR proceedings and since-discovered evidence. GoPro also intends to file a motion for summary judgment with respect to invalidity and non-infringement at the appropriate time. While GoPro intends to meet and confer in good faith with Contour to determine whether it can resolve some or all of the outstanding discovery disputes, GoPro reserves its right to seek judicial intervention regarding discovery including but not limited to the following issues, which are addressed in more detail in its October 1 correspondence, transmitted the same day the parties agreed to lift the stay and resume litigation[4]:

- The scope and nature of Contour's document preservation and production obligations relating to documents created by, maintained by, or accessible to its predecessors in interest, agents, and investors/advisors.

- The sufficiency of Contour's discovery responses and contentions relating to its previously-disclaimed demand for lost profits. *See, e.g.*, Dkt. 134 (4/26/2017 Hearing Tr.)

---

[3] GoPro maintains that no "special procedure" is necessary for Contour's proposed motion and reserves the right to argue that serial motions for summary judgment are inappropriate, regardless of whether they address the scope of IPR estoppel or otherwise.

[4] GoPro contends that several of these issues were also raised in correspondence from GoPro on at least January 9, 2018 and April 17, 2018. Contour disputes that contention, and will respond to the letter dated October 1, 2019.

at 77:10-13  ("[Lost profits] is not a quantum of damages or a calculation that is certainly being sought by Contour IP Holding which is at this time not acting in competition with GoPro."); *see also* Interrogatory Nos. 10, 12.

- The sufficiency of Contour's discovery responses and contentions relating to its infringement theories including the basis for its doctrine of equivalents allegations and indirect infringement theories.

- The sufficiency of Contour's interrogatory responses that rely on Fed. R. Civ. P. 33(d), but which fail to identify responsive documents with specificity. *See, e.g.*, Interrogatory Nos. 2-5, 8, 9, 18, 19.

- Contour's refusal to identify known prior art to the Patents-in-Suit. *See, e.g.*, Interrogatory No. 7.

- Contour's failure to produce comprehensive ESI (*e.g.*, email) discovery but concomitant refusal to enter into a fair and balanced stipulation governing such discovery.

### ii. Contour's Brief Statement Regarding GoPro's Proposed Motions:

In response to GoPro's positions, Contour requested GoPro to identify any aspect of the Court's July 16, 2018 Order Regarding Claim Construction (Dkt. 251) that it seeks to amend or receive guidance on, but has received nothing beyond the statement above.  Accordingly, Contour cannot address this reservation.  GoPro has similarly not identified in what way it may seek to "amend and/or supplement its invalidity contentions," and thus Contour cannot address this issue except to note that this would seemingly be addressed by guidance on the scope of IPR estoppel.  Finally, Contour notes that the discovery "issues" bulleted above have never been raised to Contour before this submission, except in an October 1, 2019 letter sent the day this statement was due to avoid the appearance of raising issues for the first time in this statement.  Contour does not believe these are actual discovery disputes or issues.   Contour will respond to the letter sent today (October 1, 2019) and will provide any further position on the above issues at the appropriate time if GoPro files a motion and/or if the parties meet and confer (as required by this Court) on these alleged discovery issues.

### III.  DISCOVERY

The parties have conducted certain discovery, including final infringement/invalidity contentions, document production, third party depositions, third-party subpoenas, and written discovery.  The Parties' positions regarding the scope of remaining fact discovery are set forth more

fully below. The parties previously agreed to certain limitations on discovery, which should remain in effect absent a showing of good cause or agreement by the parties. Dkt. 212 at 6–8.

### A. Summary Of Discovery That Contour Plans To Conduct

Contour intends to complete its source code review, conduct certain further document discovery, and conduct certain depositions of GoPro employee(s) and corporate representative(s). Contour expects that this discovery can be completed quickly with the cooperation of both parties.

At this time, Contour does not have any discovery disputes to raise with the Court. Contour notes the parties have not met and conferred on any discovery issue (on either side) since the IPR decision, and none were raised by GoPro before its Motion to Stay. Accordingly, despite GoPro's recitation below, no such discovery disputes were raised before this submission or are ripe to be presented to the Court at this time.

### B. Summary of Discovery That GoPro Plans To Conduct

GoPro contends that significant documentary discovery remains to be done including arduous and potentially time-consuming third party discovery.[5] For example, GoPro contends that documentary evidence regarding the prosecution history of the asserted patents, the value of the asserted patents as reflected in their significant transactional history, and evidence relating to GoPro's defenses and potential defenses including unclean hands, waiver and estoppel remains to be completed. Additionally, particularly if Contour is granted leave to add one or more new products, significant written and documentary discovery may need to be conducted regarding the accused product lines. Contour has represented during meet and confer negotiations that it intends on conducting further documentary discovery regarding source code, technical functionality of the accused products, and certain damages evidence. Also, the parties have not agreed to an ESI stipulation or conducted significant ESI discovery to date nor have the parties exchanged privilege logs (or even agreed to an appropriate timeline for such an exchange).

---

[5] GoPro contends that the burden of remaining discovery will depend, at least in part, on Contour's amenability to producing documents within its possession, custody, or control from its agents, predecessor's in interest, investors, and current and former partners/affiliates.

1  GoPro further contends that nearly all deposition discovery still needs to be done. It only
2  makes sense to proceed with most of the depositions once document discovery, relevant to those
3  depositions, has been substantially completed. For example, GoPro needs to depose corporate
4  representative(s) of Contour including persons with knowledge of the transaction history,
5  development, and prosecution of the asserted patents. GoPro intends to depose one or more
6  individuals with knowledge, but needs further discovery (including more specific Fed. R. Civ. P. 26
7  disclosures) to identify the relevant individual witnesses. GoPro also needs to depose several third
8  parties with relevant technical knowledge and damages knowledge relating to the value of the asserted
9  patents. GoPro further expects to serve additional third party subpoenas and written discovery.

10  GoPro further anticipates that it may need to raise certain outstanding discovery issues
11  concerning Contour's document production and responses to written discovery including those set
12  forth in its discovery letter, served on October 1, the day the stay lifted. *See* Section III.B. *supra*.
13  GoPro further anticipates that certain discovery issues may arise relating to third parties.

## IV. SETTLEMENT AND ADR

The parties participated in two settlement conferences with Magistrate Judge James prior to her retirement. Thereafter, the Parties, through counsel only, spoke with Magistrate Judge Corley on August 24, September 26, October 4, and October 12, 2018 regarding scheduling a further settlement conference.

### A. Contour's Statement re Settlement and ADR

Prior to the stay, Magistrate Judge Corley was attempting to schedule another in-person settlement conference with an appropriate GoPro officer[6], which was ordered by Magistrate Judge James. Contour believes that process should resume now that the case will be unstayed. Contour contends that now is an appropriate time to resume the settlement conference process (which GoPro originally insisted on), particularly given the recent, significant decision on the IPR petitions.

---

[6] To be clear, Contour is not seeking to select GoPro's representative. It was Magistrate Judge James who ordered GoPro appear with an appropriate representative, and Magistrate Judge Corley who was involved with arranging the scheduling of the future settlement conference after Judge James' retirement.

### B. GoPro's Statement re Settlement And ADR

GoPro has, at all times, participated in good faith in the ADR process and no Order has ever been entered requiring GoPro to appear with any particular representative. Contour's allegation to the contrary is belied by the publicly-available Docket in this case, which reflects no such order. To the contrary, no settlement conference was conducted before Magistrate Judge Corley at least in part because Contour would not agree to any of the dates proffered by GoPro. While GoPro is not opposed to conducting a future settlement conference, GoPro strongly opposes Contour's efforts to select the GoPro employee with whom it wishes to negotiate. GoPro will appear with a person of appropriate settlement authority at any future ADR process. Moreover, GoPro does not believe it makes any sense to conduct a further settlement conference before the mainstay of fact evidence has been exchanged, which informs such highly relevant considerations as the appropriate damages measure and validity of the patents.

## V. NARROWING OF ISSUES

Contour anticipates that a determination on the scope of the estoppel relating to the IPR proceeding will substantially narrow the issues for trial.

## VI. SCHEDULING

The parties submit the below proposed dates for the remaining deadlines in this case.

| Event | Contour Proposed Deadline | GoPro Proposed Deadline |
|---|---|---|
| Fact discovery cut-off | November 20, 2019 | March 13, 2020 |
| Expert disclosure and opening reports | December 6, 2019 | April 9, 2020 |
| Expert rebuttal | December 20, 2019 | May 7, 2020 |
| Expert discovery cut-off | January 15, 2020 | June 5, 2020 |
| Dispositive Motions heard by | March 18, 2020 | July 31, 2020 |
| Pretrial conference | May __, 2020 | September 30, 2020 |
| Trial | May __, 2020 | November 9, 2020 |

### A. Contour's Statement Regarding The Case Schedule

Contour proposes the above schedule, which allows sufficient time to complete discovery and prepare the case for trial. This case has been pending since November 2015, and has been stayed twice at GoPro's request while it sought IPR relief in the PTAB. There has been over a year of discovery in

1  this Court alone (along with substantial discovery in the District of Delaware prior), and any remaining
2  discovery identified by GoPro (none of which is specific to the result of the IPR decisions) could, and
3  should, have been addressed long ago. It is time for a trial date to be set so that Contour can finally
4  vindicate its patent rights.

### B. GoPro's Statement Regarding The Case Schedule

GoPro proffers the schedule above, which it believes allows for sufficient time to complete the remaining, necessary fact discovery and accomplish pre-trial milestones in a fair and efficient manner without unnecessarily conflicting with holidays and other pre-existing personal and professional obligations of GoPro's relevant personnel. If GoPro and Contour work together cooperatively, GoPro believes that fact discovery can be completed in approximately 6 months, taking into account the intervening holidays. During the meet and confer process, Contour indicated that it would "discuss" a schedule with a trial date in late 2020, preferably Q3/2020, with its client "to see if an agreement can be reached." (*See* 9/30/2019 email from M. McCullough to M. Clark and related chain.) In response and in a good faith effort to reach a compromise, GoPro proposed the earliest reasonable trial date in 2020 that it believes affords the parties a doable (though short) timeframe for fact and expert discovery and avoids a trial in September/October when GoPro has typically had substantial, time sensitive product launch commitments that would make participating in a trial unduly burdensome.[7,8] Contour declined to accept the proposed compromise and refused to propose any alternative schedule . (*Id.*)

---

[7]   Originally, GoPro proposed a trial date in March 2021 and Contour proposed a trial date in May 2020. During the Parties' telephonic meet and confer, they agreed that a compromise would be desirable and would reduce the number of disputes to be presented to the Court. However, when GoPro returned with a schedule that quite literally "met in the middle" between the parties' originally proffered dates, Contour rejected the schedule and refused to propose any alternative. The veracity of this recitation of the facts is borne out by the parties' correspondence which GoPro will have available at the CMC should the Court wish to review it.

[8]   Contour contends GoPro's discussion and footnote 7 misrepresent Contour's position during the parties' meet and confer in several ways. Contour requested that GoPro remove these inaccurate statements and GoPro refused. Contour believes, and suggested to GoPro, that including representations of what was said in a meet and confer, is unnecessary in this CMC Statement.

Contour's proposed schedule is facially unworkable. First, Contour suggests that the parties should complete fact discovery in less than 2 months following the Case Management Conference even though, by its own admission, both documentary and deposition discovery remain to be conducted, and Contour intends to expand the scope of discovery by adding new accused product lines.[9] Both parties need time to obtain and review the relevant source code and documentary evidence before corresponding party depositions can be taken on fundamental issues such as the development and prosecution of the claimed inventions, technical functionality of the accused products, invalidity of the asserted patents, and damages issues. Much of this discovery stands to be complicated by Contour's position that it does not have reasonable access to documentary evidence or resources from its corporate affiliates and predecessors-in-interest. Moreover, additional discovery regarding the relevant prior art products needs to be conducted, at least some of which resides with third parties such as the chip provider that supplied both Contour and GoPro with image processing chips in or around the time of the claimed invention.

Second, Contour's proposed expert schedule affords the parties only 2 weeks following fact discovery to prepare opening reports – one week of which is the Thanksgiving holiday. Then it suggests that rebuttal reports should be completed in 2 weeks thereafter, which unfairly prejudices GoPro who will have to proffer at least damages and non-infringement reports (while Contour only has to do a validity report) during that timeframe. Unlike opening reports, it is simply not possible to begin preparing rebuttal reports in any fulsome way in advance and so a two week timeframe is unfair, inefficient, and unduly prejudicial. Compounding the problem, Contour suggests an expert discovery window of less than a month even though Christmas, Hanukkah, and New Year's all fall

---

[9] This is not a situation in which GoPro alone seeks further discovery. Thus, Contour's position that "any remaining discovery identified by GoPro" . . . should have been addressed long ago" is inaccurate. It is undisputed that both parties still need to conduct substantial party and third party written and deposition discovery. Moreover, Contour is seeking to add products to this case that include different chips and features, may implicate different non-infringement/infringement theories (which GoPro cannot know until it receives Contour's proposed amended infringement contentions), and will certainly require unique financial and damages evidence. Contour's suggestion that nothing has happened since the stay that would justify GoPro's proposed discovery schedule is belied by its own statements regarding future motions and discovery.

1   within the proposed window.  Given the practical reality of witness unavailability during holidays,
2   Contour's schedule is infeasible.
3       By comparison, Contour has not identified any prejudice that would be imposed by GoPro's
4   proposed schedule.  The plaintiff does not make or sell products.  It does not compete with GoPro.
5   Based on Contour's own judicial representations, it seeks monetary damages – a right that, if it
6   exists, is not materially prejudiced by affording the parties a meaningful opportunity to conduct the
7   discovery they agree is relevant and allow their experts a reasonable amount of time to render
8   comprehensive opinions.  GoPro intends to diligently pursue discovery in this case – but believes
9   that the schedule proposed by Contour would not just prejudice, but effectively foreclose, the parties
10  from developing a factually accurate, reasonably comprehensive record in this case. By comparison,
11  the orderly conduct of discovery in this case benefits, rather than prejudices, the interests of both
12  parties and this Court.

| | | |
|---|---|---|
| Dated: October 1, 2019 | | /s/ John R. Keville |

David P. Enzminger (SBN 137065)
Matthew R. McCullough (SBN 301330)
WINSTON & STRAWN, LLP
275 Middlefield Road, Suite 205
Menlo Park, CA  94025-1203
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
Email: denzminger@winston.com
Email: mrmccullough@winston.com


John R. Keville (*Pro Hac Vice*)
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com

Counsel for Plaintiff
CONTOUR IP HOLDING LLC

| | | |
|---|---|---|
| Dated: October 1, 2019 | | /s/ Michelle Ann Clark |

Sean S. Pak (Bar No. 219032)
*seanpak@quinnemanuel.com*
Michelle Ann Clark (Bar No. 243777)
*michelleclark@quinnemanuel.com*
Jordan Jaffe (Bar N0. 254886)
*jordanjaffee@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Defendant
GoPro, Inc.

**CONCURRENCE IN FILING**

I, John R. Keville, hereby attest that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 1, 2019     /s/ John R. Keville

John R. Keville

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE