UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC.,<br><br>Defendant. | Case No. 3:17-cv-04738-WHO<br><br>**ORDER ON THE SCOPE OF IPR ESTOPPEL AND ON GOPRO'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. Nos. 313, 316 |

After a stay pending *inter partes* review ("IPR"), this patent infringement case has resumed with new counsel and new vigor. Before me is defendant GoPro, Inc.'s motion to amend its invalidity contentions, which plaintiff Contour IP Holdings, LLC opposes in part. The parties also ask that I determine the impact of IPR estoppel on GoPro's case. As set forth below, I grant in part and deny in part GoPro's motion to amend and provide the parties with guidance on estoppel.

## BACKGROUND

In November 2014, the Patent Office issued U.S. Patent Nos. 8,890,954 ("the '954 Patent") and 8,896,694 ("the '694 Patent") to non-party Contour LLC. The patents claimed a priority date of September 13, 2010, making the one-year period for prior art September 13, 2009. Contour LLC, as the then-assignee of the patents, sued GoPro in the United States District Court for the District of Utah in January 2015 alleging infringement of both patents. *See Contour, LLC v. GoPro, Inc., et al.*, Case No. 2:14–cv–864 (D. Utah 2015).

In April 2015, GoPro filed IPR petitions challenging the validity of the '954 and '694 Patents. *See* Dkt. No. 270-4. In October 2015, the Patent Trial and Appeal Board ("PTAB") granted GoPro's IPR petitions, finding that it was reasonably likely that claims 1, 2, and 11-30 of

the '954 Patent and claims 1-20 of the '694 Patent were not patentable. When GoPro moved for a stay, Contour LLC voluntarily dismissed the Utah case on November 30, 2015. *See* Utah Dkt. No. 57. That same day, however, Contour filed a similar action against GoPro in the United States District Court for the District of Delaware. *See Contour IP Holding, LLC v. GoPro, Inc.*, Case No. 1:15–cv–1108 (D. Del. 2015). GoPro filed a second motion for a stay pending IPR proceedings, and the court stayed the case in July 2016. *See* Del. Dkt. No. 70. In October 2016, the PTAB issued a final decision against GoPro's allegations that the claims were unpatentable, GoPro appealed that decision to the Federal Circuit. *See GoPro, Inc., v. Contour IP Holding LLC*, No. 2017–1894 (Fed. Cir.) [Dkt. No. 1].

Meanwhile, the Delaware court lifted the stay, and in November 2016 GoPro filed a motion to transfer venue to this district. *See* Del. Dkt. No. 83. GoPro served its initial invalidity contentions on December 23, 2016. Dkt. No. 311-2. In July 2017, the Delaware court granted the motion to transfer, and the case was assigned to me. *See* Del. Dkt. No. 174; Dkt. No. 180. In November 2017 I denied GoPro's motion to dismiss. Dkt. No. 213. GoPro served supplemental invalidity contentions on February 9, 2018 and final invalidity contentions on April 2, 2018. Dkt. Nos. 311-3, 311-4. The contentions were the result of commissioned searches along with internal evidence of prior art and prior invention. Declaration of Michelle Ann Clark ("Clark Decl.") [Dkt. No. 313-1] ¶ 2. On July 16, 2018 I construed the claims of the two patents at issue. *See* Claim Construction Order [Dkt. No. 251].

On July 27, 2018, the Federal Circuit vacated and remanded the PTAB's decision, and on November 1, 2018 it denied Contour's combined petition for rehearing and rehearing en banc. *See Gopro, Inc. v. Contour IP Holding LLC*, 898 F.3d 1170, 1177 (Fed. Cir. 2018), opinion modified and superseded, No. 2017-1894, 2018 WL 5660650 (Fed. Cir. Nov. 1, 2018), and opinion withdrawn on denial of reh'g sub nom. *GOPRO, INC., v. CONTOUR IP HOLDING LLC*, No. 2017–1894, 2018 WL 5777326 (Fed. Cir. Nov. 1, 2018). On December 12, 2018, I granted GoPro's motion to stay pending IPR, finding that a ruling from the PTAB on remand was likely to simplify the issues in this case. Dkt. No. 286.

On July 31, 2019, the PTAB issued its final written decision on remand. Clark Decl. Ex.

1  M (July 31, 2019 PTAB Decision on Remand) [Dkt. No. 313-14]. On September 17, 2019, GoPro
2  retained new counsel from Quinn Emmanuel Urquhart & Sullivan, LLP. Clark Decl. ¶ 4. New
3  counsel "began looking for and engaged experts to look for prior art systems that would not be
4  subject to 35 U.S.C. § 315(e)." *Id.*

The parties then stipulated to lift the stay as of October 1, 2019. Dkt. No. 295. Within 48 hours, GoPro produced evidence to Contour from its new counsel's search. Clark Decl. ¶ 4. On October 29, 2019 GoPro provided Contour with its proposed amended invalidity contentions, which included new systems for use as primary references. *Id.* ¶ 5. GoPro also served third-party subpoenas to various entities seeking additional evidence of invalidity. *Id.* ¶ 6.

On November 13, 2019, GoPro filed the instant motion, and on November 26, 2019, the parties filed a joint statement regarding IPR estoppel. *See* Motion to Amend Invalidity Contentions ("Mot.") [Dkt. No. 313]; Joint Statement Regarding Estoppel ("Estoppel Statement") [Dkt. No. 316]. I heard argument on January 8, 2020. Dkt. No. 332.

**LEGAL STANDARD**

**I. MOTION TO AMEND**

"Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (internal quotation marks and modifications omitted). The disclosures required under Rule 3 are designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). "They are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Golden Bridge Tech. Inc. v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in the Northern District of California [require] both the plaintiff and the defendant in patent cases to provide early notice of

their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.").

Patent Local Rule 3-6 permits amendment of infringement contentions only by order of the Court, and only upon a "timely showing of good cause." Patent L.R. 3-6. Rule 3-6 lists several examples of "circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause." *Id.* These include:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

*Id.* In determining whether a party has established good cause, courts first look to whether the party has shown that it has acted with diligence. *See O2 Micro*, 467 F.3d at 1366. "[I]f the moving party was not diligent, the inquiry should end." *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12-cv-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted). On the other hand, "[i]f the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Id.* (internal quotation marks omitted).

**II. IPR ESTOPPEL**

Where IPR of a patent claim results in a final written decision, the petitioner cannot later bring a district court action asserting that the claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). Estoppel does not apply to validity arguments over which the PTO does not institute review. *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016). "The PTAB has recognized that estoppel under § 315(e) is broad, and that the prior art references (or combinations) a petitioner 'could have raised' includes any references that were known to the petitioner or that could reasonably have been discovered by 'a skilled searcher conducting a diligent search.'" *Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, No. 13-cv-

4

2072, 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017), *aff'd,* 721 F. App'x 994 (Fed. Cir. 2018).

**DISCUSSION**

**I. MOTION TO AMEND**

GoPro seeks to amend its invalidity contentions to add the following: (i) additional defenses under 35 U.S.C. section 112, (ii) nine camera system prior art references: Canon, Smartvue S8, Smartvue S9, Axis, Panasonic, Sony, Looxcie, Ambarella A5, and Ambarella A5S, and (iii) additional defenses under 35 U.S.C. section 102(g).

**A. Section 112 Defenses**

GoPro seeks leave to amend its section 112 challenges to articulate with more specificity its challenges to the "generate"/ "generating" terms, asserting that there is good cause because of my July 16, 2018 Claim Construction Order and the PTAB's July 31, 2019 final written decision on remand. Mot. 11-13. Contour argues that GoPro was not diligent in pursuing the amendment because the parties have been debating the possibility of a construction including "in parallel" language since as far back as July 13, 2016. Oppo. 13-14.

I will first address my Claim Construction Order. My construction of the "generate"/ "generating" terms does not give GoPro good cause to amend. "A party's diligence in moving to amend infringement or invalidity contentions in response to a claim construction order is triggered when the parties serve their initial proposed constructions." *Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2015 WL 5834064, at *8 (N.D. Cal. Oct. 7, 2015). GoPro does not appear to dispute the fact that the parties have been debating the appropriate construction of the claim terms at issue in this case since 2016. *See* July 31, 2019 PTAB Decision on Remand 17 (noting that both parties had made "extensive arguments" at the June 22, 2016 hearing regarding the construction "'in parallel'"). In addition, GoPro itself advocated in favor of the "in parallel" language during the claim construction proceedings in this case, relying on Contour's statements before the PTAB.[1] *See* Responsive Claim Construction Brief [Dkt. No. 235] 18-19 (proposing "or

---

[1] GoPro misleadingly quotes the Patent Local Rules, eliminating relevant limiting language from the first example of good cause. *Compare* Mot. 8. ("Non-exhaustive examples of 'good cause' include: '(1) a claim construction . . . .'") *with* Patent L.R. 3-6(a) (providing as an example of good cause, "A claim construction by the Court different from that proposed by the party seeking

5

in parallel" as an alternative construction based on Contour's arguments during IPR proceedings). While GoPro is correct that I adopted neither party's proposed construction wholesale, I adopted its own proposal when it came to the specific language at issue here. *See* Reply 2.

At the hearing GoPro argued that by eliminating the "at the same time" language from its proposal, I adopted a fundamentally different construction. I disagree that my construction was as different as GoPro asserts. In fact, at the hearing GoPro indicated that it "accept[ed]" my tentative construction, which was identical to the one I eventually adopted. *See* Tentative Claim Construction [Dkt. No. 245]; June 15, 2018 Hearing Transcript [Dkt. No. 250] 47:16-20.[2] Even though I did not adopt either party's proposal in full, the parties' years-long back-and-forth over the appropriateness of a temporal element in the claim terms gave GoPro notice that triggered the ticking of the diligence clock.

Second, neither Contour's statements to the PTAB during the stay nor the PTAB's July 2019 written decision give GoPro good cause to amend. In support of its assertion that Contour's arguments constitute good cause for amendment, GoPro quotes a case describing the relevance of statements before the PTAB during the *claim construction* process. *See* Reply 4 (citing *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("Statements made by [the patentee] during the IPR could disclaim claim scope, aid the court in understanding the meaning of the terms, or otherwise affect the interpretation of key terms."). But I have already issued a Claim Construction Order, and that Order did not adopt the interpretation that apparently causes GoPro concern.

Neither my July 2018 Claim Construction Order nor the proceedings before the PTAB give GoPro good cause to amend; accordingly, there is no need to address the potential for prejudice to Contour. GoPro's motion to amend its section 112 defenses is DENIED.

---

amendment").

[2] Those comments were, "And just to close, your Honor, we accept the tentative. However, if you're going to reconsider that, then we ask that you adopt our construction because it is true to the specification and it is true to the case law and it is true to the intent of the patent draftsman."

6

### B. Camera Systems

GoPro next moves to amend to add nine camera systems as prior art. Despite bearing the burden to demonstrate diligence, GoPro's motion merely glosses over its efforts to locate the systems before the September 2019 search by current counsel. *See* Mot. 5 (asserting that its invalidity contentions "reflect substantial investigative work done by GoPro and its counsel, including commissioned prior art searches and internal diligence") (citing Clark Decl. ¶ 2), 15 (asserting that the proposed amended charts are the result of its "ongoing efforts to pursue evidence of invalidity"), 17 (asserting that it took "reasonable measures to locate invalidity evidence through multiple professionally-conducted prior art searches and its own internal diligence"). Its motion makes no attempt to explain why identifying and evaluating these camera systems was difficult despite its diligent efforts to do so.[3] *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014) (acknowledging that "identifying and evaluating prior art can be difficult").

Instead, GoPro's diligence arguments rest on new counsel's prompt search along with its prompt disclosure of the systems after their discovery. *See* Mot. 16 (asserting that Contour "cannot argue that GoPro was not reasonably diligent in *disclosing* its new, proposed invalidity charts") (emphasis added). That is not the standard: "The critical issue is not *when* [the party seeking to amend] discovered [the] information, but rather, whether they *could have* discovered it earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, No. C 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (emphasis in original).

Contour avers—and GoPro does not dispute—that the proposed amendments rely on materials publicly available on the internet, some as early as 2009. Oppo. 5, 10. In Reply, GoPro newly asserts that its failures to locate the prior art are "at least partially explain[ed]" by the fact that "the new prior art references come from a range of fields and sources, including security

---

[3] As Contour notes, "GoPro does not even attempt to explain whether prior counsel searched for these camera systems, whether GoPro identified these camera systems in prior searches (and just chose not to assert them), or otherwise provide some explanation why the prior searches could not have uncovered these camera systems—particularly when GoPro's current counsel admits being able to find them within a few weeks." Oppo. 9.

7

cameras and digital single-lens reflex cameras." Reply 5. This vague explanation is insufficient.[4] Although the Patent Local Rules acknowledge that the discovery process may make amendment appropriate, good cause requires that a diligent search precede a late detection of references. *Tech. Properties Ltd. LLC v. Canon Inc.*, No. 14-3643 CW (DMR), 2016 WL 1570163, at *4 (N.D. Cal. Apr. 19, 2016) (denying a motion for leave to amend where the party offered no explanation as to why it failed to begin the relevant research until two years after the case was filed). GoPro has not made a showing that its prior search was diligent.

GoPro has failed to explain why it could not have identified these camera systems sooner. Because GoPro has not met its burden to show diligence, I need not analyze prejudice to Contour.[5] GoPro's motion to amend to add these systems is DENIED.

### C. Section 102(g)

GoPro seeks leave to amend its section 102(g) defense, and Contour does not oppose that motion insofar as the defense is based on the GoPro YHDC5170 Hero HD Camera System. Oppo. 17. While Contour expresses uncertainty over the scope of the amendment GoPro seeks, GoPro counters that it has already served the proposed amended contentions on Contour. *See* Oppo. 17; Reply 10.

At the hearing, I asked the parties for clarification on the state of their dispute in light of Contour's non-opposition to the Hero HD Camera System and the four pages in the proposed amended contentions that are dedicated to GoPro's section 102(g) defense. GoPro stated that its defense will indeed be based on the Hero HD Camera System, and the remainder of the evidence listed in its contentions, or referred to more generally in the defense's preamble, will serve to

---

[4] At the hearing GoPro argued that it was notable that Contour made no argument that it found these camera systems and made a strategic decision not to include them, a situation many courts have addressed when denying leave. Contour countered—and I agree—that because GoPro has not provided the results from any of its prior searches, there is simply no way of knowing either way.

[5] Nor do I need to address the parties' back-and-forth over Contour's decision not to amend its infringement contentions to add the HERO7 and HERO8 Black products, which it previously charted and served on GoPro. *See* Oppo. 6 n.4, 13 (noting that it "intends to address these products in a separate proceeding"); Reply 10 (asserting that claim splitting and issue preclusion should bar such an action). These questions are not before me.

prove the elements of the priority-of-invention defense, namely conception and diligent reduction to practice. Given that Contour does not oppose the addition of the Hero HD Camera System, and all of the remaining evidence listed or referred to more generally flows from that system, the motion to amend the section 102(g) defense is GRANTED.

**II. ESTOPPEL**

The parties agree that section 315(e) applies here, but they dispute the scope of the effect the PTAB's written decision has on GoPro's theories of invalidity. There is no doubt that GoPro cannot assert any invalidity defenses based "exclusively" on patents or prior art that could have been raised during IPR. To that end, GoPro withdraws the following from its April 2, 2018 Invalidity Contentions: Exhibit Nos. A1/B1 (Boland), A2/B2 (Boland and GoPro Sales Catalog), A3/B3 (Boland and Woodman), A5 (Murray and Harel), B5 (Murray with Harel and GoPro Sales Catalog), and A7/B7 (Boland with GoPro Press Kit). Estoppel Statement 7 n.3. Further, it is clear that GoPro could not have raised systems or products as part of IPR, during which challenges are limited to patents or printed publications. *See* 35 U.S.C.A. § 311(b); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *9 (N.D. Ill. Mar. 18, 2016) ("[U]nlike in district court litigation, products cannot be offered as prior art during *inter partes* review."). Finally, I need not address Contour's arguments related to the camera products because I denied GoPro's motion for leave to add those prior art references. *See* Estoppel Statement 3-5.

The dispute is as follows. According to Contour, GoPro improperly seeks to relabel prior art references in order to make the same invalidity arguments and circumvent the application of estoppel. *Id.* at 5-6. According to GoPro, estoppel is not as broad as Contour suggests; instead, it can assert prior art references used during IPR as long as they are combined with art that was not reasonably available during IPR. *Id.* at 7, 12-14. Further, it can raise the same grounds for invalidity as long as it does so using prior art that was not reasonably available. *See id.*

I agree with GoPro. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, No. 12-CV-05501-SI, 2017 WL 235048, at *4 n.4 (N.D. Cal. Jan. 19, 2017) (permitting the petitioner to assert grounds based on prior art presented during IPR "as combined with art not presented during IPR"); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *5 (N.D. Ill. Mar.

9

18, 2016) (noting that references relied on during IPR were foreclosed "if *not* properly combined with other pieces of prior art that were not reasonably available during *inter partes* review") (emphasis added). GoPro can assert invalidity based on grounds that might be "cumulative or redundant" of grounds raised during IPR as long as it does so by relying on references or combinations of references that were unavailable. *See Clearlamp*, 2016 WL 4734389, at *8. Although Contour asserts that GoPro has failed to provide adequate charts of the asserted combinations, this argument is irrelevant to the question of the scope of estoppel. *See* Estoppel Statement 5, 13.

Further, I agree with GoPro that it is not estopped from relying on the GoPro HD Motorsports HERO video camera and Boland, Exhibit A4/B4. *See id.* at 6-7, 13-17. GoPro avers that the product itself has functionality that was not reflected in the GoPro Sales Catalog used during IPR. *Id.* at 14-15. As long as this is true, GoPro is not estopped. *See Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-cv-01861, 2015 WL 4744394, at *4 (C.D. Cal. Jan. 29, 2015) (finding that no estoppel applied where the printed publication did not disclose all of the features that were part of the physical machine).

The views outlined above should permit the parties to proceed toward trial with an understanding of how estoppel impacts GoPro's case. I will address any lingering questions if raised in motions in limine or at trial.

### III. DISCOVERY DISPUTE

On January 3, 2020, the parties filed a joint letter in which GoPro requested an order authorizing the deposition of a corporate representative of third-party Socionext Inc. in Japan. Dkt. No. 328. GoPro seeks information on the design and functionality of GPI, which Socionext supplies. Contour opposed the request out of concern for fairness, given that Socionext had neither agreed to allow counsel for Contour to depose the witness nor responded to Contour's subpoena. By the time of the hearing, the former issue had been resolved; Socionext has agreed that Contour may depose its corporate representative on the same day as GoPro. Dkt. No. 329. The parties have agreed to split the time.

At the hearing, Contour expressed its lingering concern over whether Socionext would

comply with its subpoena. GoPro indicated its belief that Socionext has likely provided both parties with all the information relevant to both subpoenas because GoPro itself requested "all technical documents" related to the chip.

As my separate order of January 8, 2020 confirms, the deposition should go forward. *See* Dkt. No. 331. In the event that there is more to produce in response to Contour's subpoena, I strongly recommend that Socionext do so by January 22, 2020. If there is any reason to suspect that Contour is at a disadvantage leading up to and during the deposition, the parties can raise that issue with me after it has taken place.

## CONCLUSION

For the reasons set forth above, GoPro's motion to amend is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: January 9, 2020

William H. Orrick
United States District Judge