UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | Case No. 3:17-cv-04738-WHO<br><br>**ORDER ON DISCOVERY DISPUTES CONCERNING GOPRO'S INVALIDITY REPORT AND CONTOUR'S EXPERT REPORTS**<br><br>Re: Dkt. Nos. 347, 351, 352 |

On March 20 and 25, 2020, plaintiff Contour IP Holding, LLC and defendant GoPro, Inc. filed two discovery dispute letters along with motions to seal exhibits filed with the disputes. I will resolve the disputes and the sealing requests as set forth below.

## I. CONTOUR'S OBJECTIONS TO GOPRO'S INVALIDITY REPORT

Contour asks me to strike paragraphs 94–137 and 143–64 of Kevin Almeroth's invalidity report. First it argues that GoPro is using the report to sneak in new invalidity theories and prior art references despite my order denying leave to amend. *See* Dkt. No. 335. GoPro counters that it properly relies on the prior art for background, to establish the knowledge of a person of ordinary skill in the art, and in support of defenses not subject to disclosure requirements. As I have noted before, GoPro will indeed be able to use these references in the manner it suggests. In the event that a rebuttal report and a deposition do not clarify that Almeroth's use is appropriate, Contour should file its objections in the form of a *Daubert* motion or a motion *in limine*. Given the contents of Contour's challenge, the latter seems more appropriate.

The parties further dispute GoPro's use of the Sony Handycam Handbook as an invalidating reference when, according to Contour, the Handbook was initially disclosed only as a general descriptor of the state of the art. In response, GoPro argues that it reserved the right to use

1  all references, including the Handbook, for invalidity in addition to the purpose expressly

2  disclosed. Contour has raised concerns about this tactic in the past, and I have indicated that I

3  disfavor it. If "reservation of rights" and "including but not limited to" language could function in

4  the way GoPro wishes, then its invalidity contentions could not give Contour proper notice as

5  required by the Patent Local Rules. GoPro will not be permitted to use the Sony Handycam

6  Handbook as an invalidating reference.

## II. GOPRO'S OBJECTIONS TO CONTOUR'S EXPERT REPORTS

In the second dispute, GoPro argues that the expert report of Jing Hu includes new evidence and undisclosed infringement theories. Contour counters that the theories are not new and that its use of the documentary evidence is proper because GoPro did not produce them until December 2019, the final month of discovery. I agree with Contour. The parties' joint discovery dispute statements have frequently centered around GoPro's slow production of discovery; Contour is entitled to rely on the documents GoPro challenges. GoPro has not persuaded me that Hu's report includes a genuinely new theory.

Finally, GoPro argues that the expert report of Keith Ugone includes a new damages demand that is unsupported by the Hu report. Although I am inclined to agree with Contour that the gaps and weaknesses GoPro complains of go to weight rather than admissibility, this dispute, too, is more appropriate for a *Daubert* motion or a motion *in limine*.

## III. SEALING REQUESTS

The parties seek to file exhibits to both discovery disputes under seal. Dkt. Nos. 347, 351. Contour, GoPro, and several third parties submitted declarations in support of sealing as required by Civil Local Rule 79-5(d)(1)(A). Because both disputes include an Exhibit A and an Exhibit B, I refer to the exhibits associated with the first dispute as "A1" and "B1" and those associated with the second dispute as "A2" and "B2."

First, through the declaration of Michelle A. Clark GoPro requests that Exhibit B1 remain under seal in its entirety and specifies the following redactions for Exhibit A1: pages 22 (fn. 28), 144-145 (¶¶ 329, 330, 331; fn. 292), 228 (second sentence of ¶ 473), 318 (second sentence of ¶ 666), 360 (third sentence of ¶ 779), and 383 (first three lines). Dkt. No. 350. According to the

declaration, these documents contain information about GoPro product development and communications with its vendors, which GoPro maintains and confidential and which its vendors are obligated to maintain as confidential pursuant to nondisclosure agreements.

Second, the declaration of Michael Morehead, general counsel of third-party Ambarella Corporation, requests that the following portions of Exhibit A1 remain under seal: page 26 lines 2–4 and footnote 29, page 28 lines 1–3 and footnote 30, page 30 footnote 33, and page 359 lines 26–27. Dkt. No. 355. Morehead requests that the following portions of Exhibit B1 remain under seal: page 39, the two sentences beginning with the phrase "Ambarella testified that." A second declaration from Morehead requests that the following portions of Exhibit A2, including some associated diagrams, remain under seal: ¶¶ 150–163, 251, 262, 266–67, 270, 281, 407–09, 412–16, 429–31, 434–38. Dkt. No. 359. These requested redactions cover source code and other information related to the design and development of Ambarella's chipsets, which it expended significant resources to develop and which it maintains as confidential.

Third, the declaration of Jerome Pereira, a former employee of third-party Vidcie, requests that the following portions of Exhibit A1 remain under seal: paragraphs 106–120, the first sentence of paragraph 121, and paragraphs 122–137. Dkt. No. 356. According to Pereira, the information includes, for example, sales numbers and profitability, design documentation and strategy, and technical documents, all of which Vidcie maintained confidential.

Fourth, the declaration of Akira Irie, counsel for third-party Socionext Inc., requests that paragraphs 98 and 136 of Exhibit A2 remain under seal. Dkt. No. 357. These paragraphs include information related to Socionext's confidential product design.

Finally, Contour counsel John R. Keville requests on behalf of third-party Contour, LLC that the following portions of Exhibit B2 remain under seal: ¶ 6.a n.10, ¶ 6.b.i & n.12, the rightmost columns of first two rows of Table 5. Dkt. No. 358. These redactions cover confidential licensing and business strategies, including references to internal product development, partnerships, and valuation of features of the Asserted Patents.

There is good cause to seal the narrowly tailored information described above. Within 20 days of the date of this Order, the party that originally submitted the exhibits shall resubmit them

including only the redactions requested and approved above.

**IT IS SO ORDERED.**

Dated: April 6, 2020



William H. Orrick
United States District Judge