QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Michelle A. Clark (Bar No. 243777)
  michelleclark@quinnemanuel.com
  Jordan R. Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700
  Valerie Lozano (Bar No. 260020)
  valerielozano@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Defendant,
GOPRO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOPRO, INC., <br><br> Defendant. | CASE NO. 3:17-cv-04738-WHO <br><br> **DEFENDANT GOPRO, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Declaration of Nathan Sun and [Proposed] Order filed concurrently herewith] <br><br> Judge:       William H. Orrick <br> Date:         August 12, 2020 <br> Time:        2:00 p.m. <br> Location:   Courtroom 2, 17th Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Defendant GoPro, Inc. ("GoPro") moves this Court for an order granting partial summary judgment that Plaintiff Contour IP Holding, LLC's ("CIPH" or "Plaintiff") cannot recover pre-suit damages. GoPro's motion shall be heard on August 12, 2020 at 2:00 p.m., or as soon as this Court deems appropriate, in Courtroom 2, 17th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102.

GoPro's Motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that there is no genuine dispute that Plaintiff did not provide actual or constructive notice prior to suit.

This Motion is based upon this Notice of Motion, supporting Memorandum of Points and Authorities, supporting declaration of Nathan Sun and all exhibits attached thereto; all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

Counsel for the parties met and conferred on the subject of this Motion, and CIPH indicated it opposes the Motion.

DATED: July 8, 2020                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                        By */s/ Michelle Ann Clark*

                                        Attorneys for Defendant GoPro, Inc.

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.   BACKGROUND .................................................................................................................2

III.  LEGAL STANDARD .........................................................................................................2

IV.  ARGUMENT ......................................................................................................................3

    A.    THERE IS NO GENUINE DISPUTE THAT PLAINTIFF FAILED TO MARK HALF OF ITS ALLEGEDLY PRACTICING PRODUCTS .......................4

    B.    PLAINTIFF'S ALLEGED MARKING EFFORTS ARE LEGALLY INSUFFICIENT FOR ONE OF THE TWO PRODUCTS IT CLAIMS WERE MARKED ..................................................................................................4

V.   CONCLUSION ...................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

### Cases

*Acantha LLC v. DePuy Orthopaedics Inc.*,
  2018 WL 2290715 (E.D. Wis. May 19, 2018) .................................................................. 4

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .......................................................................................................... 2

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) .................................................................................... 2, 3

*Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*,
  130 F. Supp. 2d 1152 (C.D. Cal. 2001) ........................................................................... 5

*Finjan, Inc. v. Juniper Networks, Inc.*,
  387 F. Supp. 3d 1004 (N.D. Cal. 2019) ........................................................................... 3

*Fujifilm Corp. v. Motorola Mobility LLC*,
  No. 12-CV-03587-WHO, 2015 WL 1737951 (N.D. Cal. Apr. 8, 2015) ......................... 3

*Illinois Tool Works, Inc. v. MOC Prod. Co., Inc.*,
  2010 WL 11442912 (S.D. Cal. Dec. 6, 2010) .................................................................. 4

*Metrologic Instruments, Inc. v. PSC, Inc.*,
  2004 WL 2851955 (D.N.J. Dec. 13, 2004) ...................................................................... 5

*Mophie, Inc. v. Shah*,
  2014 WL 12603184 (C.D. Cal. Aug. 25, 2014) ............................................................... 5

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
  138 F.3d 1437 (Fed. Cir. 1998) ........................................................................................ 3

*Rembrandt Wireless Tech., LP v. Samsung Elecs. Co.*,
  853 F.3d 1370 (Fed. Cir. 2017) ........................................................................................ 2

*SEB S.A. v. Montgomery Ward & Co.*,
  594 F.3d 1360 (Fed. Cir. 2010) ............................................................................... 3, 4, 5

*Stryker Corp. v. Intermedics Orthopedics, Inc.*,
  891 F. Supp. 751 (E.D.N.Y. 1995) .................................................................................. 4

*Toshiba Corp., v. Imation Corp.*,
  681 F.3d 1358 (Fed. Cir. 2012) ........................................................................................ 2

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  2013 WL 4456161 (N.D. Cal. Aug. 16, 2013) ................................................................ 3

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  34 F. Supp. 3d 1061 (C.D. Cal. 2014) ............................................................................. 4

**Statutes**

35 U.S.C. § 287 .................................................................................................................... 1, 3

35 U.S.C. § 287(a) ................................................................................................................ 3, 5

**Rules**

Fed. R. Civ. P. 56 ..................................................................................................................... 2

## I. INTRODUCTION

Plaintiff is not entitled to pre-suit damages as a matter of law. GoPro disputes the admissibility of Dr. Hu's opinion that any of Contour's products actually practice the Patents-in-Suit. However, it is undisputed that Plaintiff claims the ContourGPS, Contour+, Contour+2, and Contour 4K (the "Allegedly Practicing Products") practice the Patents-in-Suit. As such, the marking requirements of 35 U.S.C. § 287 apply and Plaintiff cannot recover pre-suit damages because it failed to provide actual or constructive pre-suit notice of the patents to GoPro.

Plaintiff has never alleged that GoPro had actual notice before it was served with a complaint in the District of Utah alleging infringement of the Patents-in-Suit on January 5, 2015. And there has been no constructive notice because there can be no genuine dispute that Plaintiff has failed to adequately mark the four products it claims practice the Patents-in-Suit. Plaintiff concedes that it did not mark two of the four allegedly practicing products at all. The law is clear that to recover pre-suit damages, Plaintiff must have consistently marked substantially all of the products it contends practice the claimed invention. Contour's failure to mark *any* of the units of the ContourGPS and Contour+ foreclose recovery of pre-suit damages. This alone warrants granting GoPro's motion.

Moreover, Plaintiff has failed to produce adequate evidence marking for the Contour+2. Plaintiff claims to have marked the user manual for the Contour+2, which directed users to its website listing the applicable patent numbers. Yet Plaintiff has offered no evidence that the user manual was actually shipped with either product; no evidence that the website was continually accessible to the public for free during the time period its products were offered for sale; and no evidence that it in fact listed the products and patent numbers on the website consistently and continuously during the applicable period. Because Plaintiff failed to properly mark the products it claims practice the Patents-in-Suit, the Court should grant GoPro's motion for partial summary judgment and preclude from claiming pre-suit damages.[1]

---

[1] Whether CIPH ultimately proves that its products practice the Patents-in-Suit or not does not foreclose granting this motion. GoPro believes that CIPH has not set forth sufficient, legally-
(footnote continued)

## II. BACKGROUND

Plaintiff accuses GoPro of infringing U.S. Patent Nos. 8,890,954 (the "'954 Patent") and 8,896,694 (the "'694 Patent") (collectively, the "Patents-in-Suit"). (*See* Dkt. 1 ("Operative Complaint").) The Patents-in-Suit were first asserted against GoPro on January 5, 2015, in the District Court of Utah (Ex. 1[2] ("Initial Complaint"). Neither the Initial Complaint nor the Operative Complaint allege pre-suit notice (*See id.* at ¶¶ 45, 68; Dkt. 1 at ¶¶ 79, 101) nor did CIPH allege that pre-suit notice was given in its interrogatory responses.[3] (Ex. 2 at 22.)

Plaintiff asserts the following products practice claims of the Patents-in-Suit: the ContourGPS, Contour+, Contour+2, and Contour 4K (the "Allegedly Practicing Products"). (Hu *Daubert* Motion Ex. 1 at § XIII; Ex. 2 at 21-22 (No. 6).) Plaintiff does not claim to have marked either the ContourGPS or Contour+. (*See, e.g.*, Ex. 2 at 21-22.)

## III. LEGAL STANDARD

"Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp., v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (*citing* Fed. R. Civ. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "Where the moving party does not bear the burden of proof on an issue at trial, the moving party

---

cognizable evidence to prove the products practice in this case – but having stated its belief that the products practice, CIPH cannot evade the consequences of its failure to mark unless it proves that the product do ***not*** practice (a position it has not taken and one for which it has offered no supporting expert opinions). *See Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1367-68 (Fed. Cir. 2017) (plaintiff bears the burden of pleading and proving compliance with § 287, including the burden of the patentee bears the burden "to prove the products identified do not practice the patented invention"); *see also Rembrandt Wireless Tech., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (patentee cannot disclaim in litigation that its products practice a valid claim of the patent "to avoid the consequence of its failure to mark").

[2] Citations to "Ex. __" refer to the exhibits attached to the declaration of Nathan Sun, filed herewith.

[3] Plaintiff's damages expert Dr. Ugone calculates damages starting from November 18, 2014. (Ex. 1 to GoPro's Motion to Exclude Ugone's Opinions, filed concurrently herewith ("Ugone *Daubert* Motion") at ¶¶ 10, 36-37, 108-109, 112.) The '954 Patent issued on November 18, 2014, and the '694 Patent issued on November 25, 2014 (*id.* at ¶ 41). If the instant motion is granted, (footnote continued)

may discharge its burden of production by either . . . produc[ing] evidence negating an essential element of the nonmoving party's case, or . . . the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4456161, at *3 (N.D. Cal. Aug. 16, 2013).

## IV. ARGUMENT

Pre-suit damages are not available as a matter of law because there is no evidence of pre-suit notice. Plaintiff has not alleged it provided GoPro with actual pre-suit notice nor does it contend that it marked all or substantially all of the products it now claims practice the Patents-in-Suit as required by 35 U.S.C. § 287.

Section 287 of Title 35 governs the manner in which a patentee may provide notice through marking. To comply with marking requirements, the patentee can either (1) fix the patent number on the product itself, or (2) fix on the product itself "an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent . . . ." 35 U.S.C. § 287(a). If such a notice cannot be fixed on the product itself, the patentee must fix "a label containing a like notice" to the product or the product's packaging. *Id.* The law is clear that, "absent marking, damages may not be recovered for infringement occurring before the infringer was notified of the infringement." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 1737951, at *16 (N.D. Cal. Apr. 8, 2015). "Constructive notice requires the record to show that the patentee consistently marks substantially all of its patented products." *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1378 (Fed. Cir. 2010) (citations omitted). Moreover, once marking begins, the marking must be "substantially consistent and continuous." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); *see also Finjan, Inc. v. Juniper Networks, Inc.*, 387 F. Supp. 3d 1004, 1016 (N.D. Cal. 2019) (same). "There is no dispute that the patentee bears the

---

Dr. Ugone should also be precluded from offering testimony or evidence of pre-suit damages, *i.e.* damages prior to January 5, 2015.

burden of pleading and proving he complied with § 287(a). . . . The burden of proving compliance with marking is and at all times remains on the patentee." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017). There is no genuine dispute that Plaintiff has failed to comply with section 287 for several reasons.

### A. There Is No Genuine Dispute That Plaintiff Failed To Mark Half Of Its Allegedly Practicing Products

Plaintiff has not shown that it "consistently mark[ed] substantially all" of the products it contends practice the Patents-in-Suit. *SEB*, 594 F.3d at 1378. Plaintiff admits it did not mark **any** units of two of the Allegedly Practicing Products—the ContourGPS and Contour+. (Ex. 2 at 22; Hu *Daubert* Motion Ex. 1 at § XIII.) Fifty percent is not "substantially all." *See, e.g.*, *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 34 F. Supp. 3d 1061, 1097 (C.D. Cal. 2014) (failure to mark approximately 20% of plaintiff's covered products "fail the 'substantially all' requirement by a wide measure"); *Illinois Tool Works, Inc. v. MOC Prod. Co., Inc.*, 2010 WL 11442912, at *3 (S.D. Cal. Dec. 6, 2010) ("Marking less than 60% of covered products is insufficient to comply with § 287(a)."). This alone warrants a finding that Plaintiff failed to comply with section 287 and thus pre-suit damages are unavailable.

### B. Plaintiff's Alleged Marking Efforts Are Legally Insufficient For One Of The Two Products It Claims Were Marked

Moreover, for one of the two products Plaintiff claims were marked, the Contour+2, the alleged marking efforts are legally insufficient. Plaintiff claims it marked the Contour+2 by placing the following statement in the Contour+2 user manual: "visit contour.com for a list of applicable patents," and listing patent numbers applicable to the Contour+2 on its website. (Ex. 2 at 21-22.) This is insufficient for several reasons.

First, Plaintiff has offered no evidence the Contour+2 user manual was actually shipped with any products. Thus, Plaintiff cannot prove that these products were marked as a matter of law. *See, e.g.*, *Acantha LLC v. DePuy Orthopaedics Inc.*, 2018 WL 2290715, at *5 (E.D. Wis. May 19, 2018) (constructive notice requirement not met where plaintiff present no evidence that the user manuals were actually "included in the box with the product"); *Stryker Corp. v.*

*Intermedics Orthopedics, Inc.*, 891 F. Supp. 751, 829-30 (E.D.N.Y. 1995) (marking nationally distributed literature regarding a device that was distributed "separately from the [patented] devices" did not satisfy the constructive notice requirements of section 287).

<u>Second</u>, according to Plaintiff, the Contour+2 user manual was not marked with the patent numbers, but directed users to a website.  Directing customers to a website is insufficient where there is no indication that the patentee could not have affixed the required patent notice to the product itself, and no such indication exists here.  *See, e.g.*, *Mophie, Inc. v. Shah*, 2014 WL 12603184, at *3 (C.D. Cal. Aug. 25, 2014) (plaintiff "does not assert that it could not affix the required patent notice to its battery cases, or that the instructions on the package have the word patent or 'pat.' together with the Internet address.  Thus, [plaintiff] does not allege that it provided notice as required by 35 U.S.C. § 287(a)."); *Metrologic Instruments, Inc. v. PSC, Inc.*, 2004 WL 2851955, at *21 (D.N.J. Dec. 13, 2004) (constructive notice requirement not satisfied because "marking the user's guide is yet another step removed from the product.  And it is, in addition, a step beyond that which the explicit language of the marking statute contemplates.").

<u>Third</u>, even if directing customers to its website was sufficient (it is not), Plaintiff's evidence relating to the website it allegedly directed users to is insufficient to show compliance with section 287(a).  The website, www.contour.com/patents, is no longer functional, and CIPH has produced only sparse historical captures over a span of five years.  (*See* Ex. 3 (5/9/2017 screen capture), Ex. 4 (1/21/2015 screen capture), Ex. 5 (11/4/2017 screen capture), Ex. 6 (12/16/2014 screen capture), Ex. 7 (11/12/2019 screen capture).)  This fails to demonstrate that the website was consistently running and available for customers to access free of charge during the time when the Contour+2 and Contour 4K were sold and offered for sale.  35 U.S.C. § 287(a) (requiring that the affixed website be "accessible to the public without charge for accessing the address"); *see also Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*, 130 F. Supp. 2d 1152, 1163 (C.D. Cal. 2001) (plaintiff's evidence of marking consisted of documents that "for any time period" were "insufficient to show the kind of 'consistent' and 'continuous' marking of all or 'substantially all' of Plaintiff's products").

In short, because Plaintiff cannot show that it "consistently mark[ed] substantially all" of the products it contends practice the Patents-in-Suit (*SEB*, 594 F.3d at 1378), "damages may be recovered only for infringement occurring after" Plaintiff provided GoPro actual notice of infringement (35 U.S.C. § 287(a))—here, that undisputedly first occurred no earlier than January 5, 2015, the date of Plaintiff's Initial Complaint. The Court should grant summary judgment of no pre-suit damages, and Plaintiff's damages expert Dr. Ugone should be precluded from opining on damages prior to this date as well.[4]

## V. CONCLUSION

For the foregoing reasons, GoPro's Motion for Partial Summary Judgment should be granted, and Plaintiff should be precluded from claiming pre-suit damages.

DATED: July 8, 2020

Respectfully submitted,

/s/ Michelle Ann Clark

Sean S. Pak (Bar No. 219032)
Michelle Ann Clark (Bar No. 243777)
Jordan R. Jaffe (Bar No. 254886)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: seanpak@quinnemanuel.com
Email: michelleclark@quinnemanuel.com
Email: jordanjaffe@quinnemanuel.com

Valerie Lozano (Bar No. 260020)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100
Email: valerielozano@quinnemanuel.com

Counsel for Defendant GOPRO, INC.

---

[4] Dr. Ugone has prepared an alternative calculation for his royalty damages beginning January 5, 2015. (Ugone *Daubert* Motion Ex. 1 at ¶¶ 11, 113.)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 8, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on July 8, 2020, at San Francisco, California.

/s/ *Michelle Ann Clark*
Michelle Ann Clark