1  John R. Keville *(Pro Hac Vice)*
   Dustin J. Edwards *(Pro Hac Vice)*
2  William M. Logan *(Pro Hac Vice)*
   WINSTON & STRAWN LLP
3  800 Capital St., Suite 2400
   Houston, TX 77002-2925
4  Telephone: (713) 651-2600
   Facsimile: (713) 651-2700
5  Email: jkeville@winston.com
   Email: dedwards@winston.com
6  Email: wlogan@winston.com

7  David P. Enzminger (SBN 137065)
   Matthew R. McCullough (SBN 301330)
8  WINSTON & STRAWN LLP
   275 Middlefield Road, Suite 205
9  Menlo Park, CA 94025-1203
   Telephone: (650) 858-6500
10 Facsimile: (650) 858-6550
   Email: denzminger@winston.com
11 Email: mrmccullough@winston.com

12
   Attorneys for Plaintiff
13 CONTOUR IP HOLDING, LLC

14

15              **IN THE UNITED STATES DISTRICT COURT**

16            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17                     **SAN FRANCISCO DIVISION**

18

| | |
|---|---|
| 19 CONTOUR IP HOLDING, LLC, | Case No. 17-cv-04738-WHO |
| 20           Plaintiff, | **PLAINTIFF CONTOUR IP HOLDING, LLC'S RESPONSE IN OPPOSITION TO GOPRO INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| 21     v. | |
| 22 GOPRO, INC., | |
| 23           Defendant. | **REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED** |
| 24 | |
| 25 | Judge: William H. Orrick |
| 26 | Date: August 12, 2020 |
|    | Time: 2:00 P.M. |
| 27 | Location: Courtroom 2, 17th Floor |
| 28 | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

GoPro moved for partial summary judgment on the flawed premise that Contour failed to mark some of its practicing products: ContourGPS, Contour+, and Contour+2. GoPro is wrong for three reasons. First, as is evident from GoPro's co-pending motion to strike Dr. Jing Hu's opinions that these products practice, there is an open question of material fact about whether these products practice the patents. Second, the ContourGPS and Contour+ were discontinued more than a year before the patents issued. Section 287 does not require marking products before patents issue. Third, substantial evidence, including Contour's testimony and corroborating documents, supports that it marked the Contour+2, including by marking its owner's manual with a statement directing the public to a website listing the relevant patents. Contrary to GoPro's position, Section 287 permits directing users to websites, and it does not preclude providing the marking in an owner's manual. This is particularly true when it would be impractical and would contravene the policies underlying the marking requirement to mark the product itself, as with action cameras that Contour intended for use in sometimes extreme and unforgiving environments. The Court should therefore deny GoPro's motion for summary judgment as to the Contour+2, and allow the jury to decide any remaining factual disputes about whether Contour properly marked this practicing product.

**II.    STATEMENT OF THE ISSUES**

GoPro disputes whether Contour marked three products under Section 287. Two of these products predate the relevant patents' issuances. For the third, despite no evidence to the contrary, GoPro disputes Contour's testimony that it properly marked the product. GoPro also disputes whether any of these products practice the inventions. Given these disputes of material fact, is GoPro entitled to summary judgment that Contour did not mark practicing products under Section 287?

**III.   FACTUAL BACKGROUND**

Contour has alleged that GoPro infringes two patents: U.S. Patent Nos. 8,890,954 (the "'954 Patent") and 8,896,694 (the "'694 Patent") (collectively, the "Asserted Patents"). (ECF No. 1.) Contour contends that several products practiced the patented inventions, including: ContourGPS, Contour+, and Contour+2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1   ███████████████████████████████████ This was more than a year before

2   the Asserted Patents issued in November 2014. *See* '954 Patent; '694 Patent.

3   ████████████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████

5   ██████████████████████████████████████████ Contour included an owner's

6   manual with the Contour+2 that notified the public that the product was subject to patents. Ex. C,

7   CONTOUR00131231 (Contour+2 User Manual), at 25. The owner's manual directed the public to

8   Contour's website, which listed the applicable patents for each product, including the Contour+2. *Id.*;

9   ECF No. 370-3 (capture from 2017); ECF No. 370-4 (capture from 2015); ECF No. 370-6 (capture

10  from 2014). No evidence suggests the website was ever unavailable, or that Contour ever failed to

11  include the marked manuals with the Contour+2 after the Asserted Patents issued.

12  **IV.   LEGAL STANDARD**

13  Contour agrees with GoPro that summary judgment is appropriate only if the "movant shows

14  that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

15  matter of law." FED. R. CIV. P. 56(a); *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F.

16  Supp. 3d 990, 1026 (N.D. Cal. 2019) (denying summary judgment "[b]ecause there are genuine

17  disputes of fact whether [the patentee] marked substantially all of its patented articles"). It is also true

18  that courts considering summary judgment must "draw all reasonable inferences in the light most

19  favorable to the nonmoving party." *Asia Vital Components Co.*, 377 F. Supp. 3d at 1026.

20  But this is not, as GoPro contends, a situation when Contour has the burden of proof and GoPro

21  must only show that Contour has insufficient evidence to establish it satisfied the marking requirement

22  for every product. Rather, GoPro also "bears an initial burden of production to articulate the products

23  it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier*

24  *Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

25  Only *after* GoPro has identified purported unmarked articles that are *subject to* Section 287

26  must Contour establish either that those specific articles did not practice the asserted patents or that

27  Contour properly marked them. *See id.* at 1369. And even then, if there is evidence in the record from

28  which a reasonable factfinder could conclude—inferring all reasonable inferences in Contour's

2

favor—that Contour marked all or substantially all of the practicing products, then summary judgment is inappropriate. *See Asia Vital Components Co.*, 377 F. Supp. 3d at 1007.

## V. ARGUMENT

### A. GoPro Is Not Entitled to Summary Judgment Unless It Concedes (or the Court Grants Summary Judgment) that Contour's Products Practice the Patents

GoPro's Motion admits that the marking requirement applies ***if and only if*** the products practice the patents. *See* Mot. at 3 (discussing requirement to mark "substantially all of its patented products"). Rightly so. As the Supreme Court confirmed over eighty years ago, there is no marking-based limitation on damages if the patentee did not produce a patent-practicing product. *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387, 398 (1936) (applying predecessor statute); *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) ("The recovery of damages is not limited . . . where there are no products to mark.").

GoPro has filed two contradictory motions. On one hand, GoPro filed this Motion that alleges Contour failed to mark premised on the contention that Contour's products practice the patents. On the other hand, GoPro moved to exclude Dr. Jing Hu's opinions that these products practice based on the (incorrect) contention that there is no factual support for her opinions. ECF Nos. 367, 369. GoPro is thus maintaining a factual dispute about whether the products practice the patents. This alone precludes summary judgment. This Motion is only ripe if GoPro concedes (or the Court grants summary judgment) that Contour's products practice the asserted patents. In other words, if the Contour products do not practice the patent, as GoPro contends in its Motion to Exclude, then the Court should deny summary judgment because "there is no failure to mark" when "there are no products to mark."[1] *Texas Digital*, 308 F.3d at 1220. In any event, as explained below, Contour properly marked its products.

---

[1] Merely denying GoPro's Motion to Exclude would not justify summary judgment. Denying the Motion to Exclude simply permits Contour's expert to testify about her opinion on whether the Contour products practice the patents. This leaves the ultimate resolution of the issue to the jury. To justify summary judgment on marking under *Texas Digital*, there must be no question of material fact about whether the Contour products practice the patents before there can be a failure to mark.

GoPro tries (but fails) to explain its contradictory positions in a footnote. It says that "CIPH cannot evade the consequences of its failure to mark unless it proves that the product [sic] do ***not*** practice." Mot. at 1–2 n.1 (original emphasis). For this, GoPro cites two cases, but neither supports its position. First, GoPro cites *Arctic Cat*, which clearly states that Contour's burden of proof only applies after the alleged infringer satisfies its "initial burden of production to articulate the products ***it believes*** are unmarked *'patented articles'* subject to § 287." 876 F.3d at 1368 (emphasis added). GoPro has not satisfied its initial burden of production unless GoPro concedes that the Contour products it alleges are unmarked also practice the patents.

Next, GoPro cites *Rembrandt Wireless Tech., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017). Mot at 1–2 n.1. But *Rembrandt* concerned whether a patent owner could use a statutory disclaimer to avoid a marking defense when it filed the disclaimer only after the alleged infringer raised a marking deficiency. 853 F.3d at 1382. The Federal Circuit held that a "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement." *Id.* at 1384. This has no applicability here. Contour has disclaimed no claims. *Rembrandt* says nothing about the substantive requirements of the marking statute (*i.e.*, that it only applies to patented products, *Texas Digital*, 308 F.3d at 1220). Nor does it address the alleged infringer's burden (*i.e.*, to identify products that it believes practice the patent, *Arctic Cat*, 876 F.3d at 1368). *Rembrandt* thus does not save GoPro's Motion because whether Contour's products practice the patents remains an open dispute of material fact, as GoPro's contradictory motion to exclude reveals. Without a concession from GoPro, the Court should therefore deny GoPro's Motion for Partial Summary Judgment on this basis alone.

**B.    GoPro Has Not Identified Unmarked Articles Subject to Section 287 Because the Products It Says Were Unmarked Were Sold Before the Asserted Patents Issued**

GoPro is wrong that the record shows ContourGPS and Contour+ were subject to the marking requirement. The marking requirement only applies after a patent issues. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) (reasoning marking requirement does not seek to eliminate unmarked products from the market because "products entering the market prior to issuance of the patent will not be marked"); *Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*,

Case 3:17-cv-04738-WHO   Document 394   Filed 07/22/20   Page 6 of 11

1  No. CV-07-127-LPS-MPT, 2014 WL 533425, at *4 (D. Del. Feb. 7, 2014) ("items made, offered for
2  sale or sold prior to issuance of a patent are necessarily irrelevant to the marking statute").

[redacted] The ContourGPS and Contour+ are thus irrelevant to the marking requirement, and GoPro's identification of these products as unmarked does not satisfy its initial burden under *Arctic Cat.* Nor do their markings, or alleged lack thereof, support a finding that Contour failed to mark all or substantially all practicing products. GoPro has therefore failed to satisfy its initial burden to identify these as unmarked products subject to Section 287, and substantial evidence supports a finding that these products were not subject to the marking requirement at all.

   **C.   The Record Shows Contour Properly Marked All or Substantially All of Its Relevant Products, or at Least Reveals a Dispute of Material Fact**

Setting aside the ContourGPS and Contour+ as irrelevant to the marking requirement, GoPro is wrong that the remaining evidence requires a finding as a matter of law that Contour failed to mark all, or substantially all, practicing products. The only remaining product that GoPro (incorrectly) alleges Contour did not properly mark is the Contour+2.[2] But the record shows that Contour did mark the Contour+2.



---

[2] GoPro concedes that Contour properly marked the Contour 4k. *See* Mot. at 4 (alleging to the exclusion of the Contour 4k that "for ***one of the two products*** Plaintiff claims were marked, the Contour +2, the alleged marking efforts are legally insufficient" (emphasis added)).

5
CONTOUR'S RESPONSE IN OPPOSITION TO GOPRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No.: 17-CV-04738-WHO

1
2
3

4    Despite this testimony, GoPro contends Contour+2 may not have included the markings. For
5    instance, GoPro says Contour "has offered no evidence the Contour+2 user manual [that includes a
6    link to the website with the markings] was actually shipped with any products" and "fails to
7    demonstrate that the website was consistently running and available for customers to access free of
8    charge during the time when the Contour+2 and Contour 4k were sold and offered for sale." Mot. at
9    5. Yet, as explained above,
10
11

12    GoPro has identified nothing that suggests Mr. Mooney was wrong. Indeed, the evidence
13   GoPro points to actually corroborates                                                              ,
14   including historical images of disclosures on Contour's website listing the Contour+2 products and
15   the Asserted Patents. *See* ECF No. 370-3 (capture from 2017); ECF No. 370-4 (capture from 2015);
16   ECF No. 370-6 (capture from 2014). Lacking evidence to support its theories, GoPro speculates ***with
17   no evidentiary basis at all*** that Contour might have not included the marked manuals with the products.
18   GoPro also speculates (again without evidence) that Contour's website might not have functioned
19   continuously during the period it was selling, or offering to sell, the Contour+2 and the Contour 4k.
20
21
22                                                                                                      .
23   In any event, GoPro's implication—
24
25   goes to the weight of Mr. Mooney's testimony. GoPro cannot carry its burden on summary judgment
26   by questioning the veracity of Mr. Mooney's testimony (or by ignoring it altogether). *See Asyst Techs.,*
27   *Inc. v. Empak, Inc.*, No. C-98-20451 JF, 2006 WL 3302476, at *5-6 (N.D. Cal. Nov. 14, 2006)
28   (denying summary judgment despite accused infringer's arguments about the adequacy of the

testimony on marking because those questions "go to the weight" and "not its admissibility"). Rather, at best GoPro has made two illogical and unsupported inferences: Contour failed to place the marked manuals in the relevant products' boxes, and Contour's website did not function at relevant times. But on summary judgment, the Court should reject such rank speculation and resolve inferences in Contour's favor. *See id.* A manual's purpose is to go with the product. A website's purpose is to be available to provide information. GoPro's unsupported suggestions to the contrary, tied to whether Contour properly marked its product, are questions for the jury to resolve—including based on Mr. Mooney's testimony at trial, where GoPro presumably might take the opportunity to ask him the clarifying questions that it chose not to pose during his deposition.

### D. GoPro is Wrong that Markings in the Contour+2 Manual Are Insufficient

With no real doubt about whether Contour marked the Contour+2, GoPro argues (incorrectly) that it was legally insufficient for Contour to mark the Contour+2 in its owner's manual using a link to a website that listed the applicable patents. According to GoPro, "[d]irecting customers to a website is insufficient where there is no indication that the patentee could not have affixed the required notice to the product itself." Mot. at 5 (citing *Mophie, Inc. v. Shah*, 2014 WL 12603184 (C.D. Cal. Aug. 25, 2014) and *Metrologic Instruments, Inc. v. PSC, Inc.*, 2004 WL 2851955 (D.N.J. Dec. 13, 2004)). But neither of GoPro's cited cases supports GoPro's proposition, and it is wrong as a matter of law.

To begin with, the Patent Act permits virtual marking as an alternative to marking with a patent number even if the patentee can affix the required notice. *See* 35 U.S.C. § 287(a) (providing for marking using "the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent"); *see also Asia Vital Components Co.*, 377 F. Supp. 3d at 1024 (finding evidence of "virtual marking" sufficient to deny summary judgment). Contour marked the Contour+2 with a statement in the owner's manual that tracks the language in Section 287(a). Ex. C at 25 ("Visit contour.com for a list of applicable patents."). And Contour's public website directly associated the Contour+2 with the numbers from the Asserted Patents. *See, e.g.*, ECF No. 370-3 (capture from 2017); ECF No. 370-4 (capture from 2015); ECF No. 370-6 (capture from 2014). The

language in Contour's user's manual, and on the website to which the user's manual directed the public, thus satisfied the virtual marking requirement.

Neither of GoPro's cited district court cases—*Mophie* and *Metrologic*—suggests that providing otherwise-appropriate virtual marking in a user's manual accompanying the product is insufficient as a matter of law. In *Mophie*, the court simply found that the particular statement on the packaging in that case was insufficient because the patentee "does not assert that it could not affix the required patent notice to its battery cases, ***or that the instructions on the package have the word patent or 'pat.' together with the internet address***." 2014 WL 12603184, at *6 (emphasis added). Contour's owner's manual, however, satisfies the second alternative, as it included the word "patent" together with the internet address: "Visit contour.com for a list of applicable patents." Ex. C at 25.

And unlike in *Mophie*, where the practicing products were battery cases, these practicing products are action cameras. This implicates different reasonable inferences for why it may have been appropriate to mark the manual instead of the product. For example, Contour needed its cameras to be rugged because it expected them to withstand extreme conditions. Ex. D, Mander Dep. Tr. at 195:3-196:3 (describing one of the "main features" of a Contour camera as "its general ruggedness"). It is reasonable to infer (as the Court should here) that it would have been impossible or impractical to mark the camera itself in a meaningful and lasting way.[3] At this point, if GoPro has questions about Contour's justifications for marking the manual instead of the camera— questions GoPro chose not to ask Mr. Mooney during his deposition ▮▮▮▮▮—GoPro can ask those questions at trial. But no case suggests that a patentee must try actually marking the product before marking through notice of a website.

GoPro likewise reads too much into *Metrologic* because, as another district court explained, "the court's reasoning in [*Metrologic*] does not necessarily equate to a blanket rule of law." *McAfee Enters., Inc. v. Ashley Entm't Corp.*, No. 16-CV-2618, 2016 WL 4063169, at *5 (N.D. Ill. July 29, 2016). Rather, "[t]he *Metrologic* court acknowledged that strict compliance with the statute was not necessarily required so long as the purpose of the statute of providing notice to the public of patent

---

[3] GoPro appears to similarly virtually mark its own cameras. *See* https://gopro.com/en/us/legal/patents.

coverage is satisfied." *Id.* In *Metrologic*, "[a]ll that was to be found on [the] packages were labels stating 'See User's Guide for Patent Coverage'." *Metrologic Instruments, Inc.*, 2004 WL 2851955 at *21. This "did not definitively tell the public whether a patent existed or not." *McAfee Enters.*, 2016 WL 4063169, at *5. By contrast, Contour's manual explicitly informed the public that there were applicable patents and directed the public to a website showing an up-to-date list. Ex. C at 25 ("Visit contour.com for a list of applicable patents.").

As the *McAfee* court warned about *Metrologic*'s approach, GoPro is trying to interpret Section 287(a) to make "hyper-technical distinctions between what constitutes compliance and what does not." 2016 WL 4063169, at *5. But as *McAfee* explained, GoPro's approach "does not properly account for the actual statutory language, which does not require that the required information for the alternative marking option be placed directly on the package but instead states that it may be placed on a 'label,' which is 'fix[ed] to' either the product itself or the package." *Id.* In other words, based on the statutory language, "a 'label' might include an instruction manual, and 'fixed to' might encompass placing something inside of the box." *Id.* In the end, there is no reason, as GoPro insists, that Section 287(a) would exclude marking in owner's manuals as a matter of law.

"Compliance with the marking statute is ultimately a question of fact." *Id.* at *6 (quoting *Stryker Corp. v. Zimmer Inc.*, 2012 WL 6821683, at *3 (W.D. Mich. Nov. 29, 2012)). GoPro has only raised illogical inferences and ***at best*** unresolved factual disputes about whether the circumstances justified Contour using an alternative marking method on an action camera. These are not appropriate disputes for the Court to resolve on summary judgment because GoPro had the burden to show there were ***no disputes*** of material fact. *Asia Vital Components Co.*, 377 F. Supp. 3d at 1026 (denying summary judgment "[b]ecause there are genuine disputes of fact whether [the patentee] marked substantially all of its patented articles").

## VI.   CONCLUSION

For all these reasons, including the many factual disputes that GoPro has manufactured in its Motion about marking, the Court should deny GoPro's Motion for Partial Summary Judgment.

| | | |
|---|---|---|
| 1 | DATED: July 22, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ John R. Keville*<br>David P. Enzminger (SBN 137065) |
| 4 | | Matthew R. McCullough (SBN 301330)<br>WINSTON & STRAWN LLP |
| 5 | | 275 Middlefield Road, Suite 205<br>Menlo Park, CA 94025-1203 |
| 6 | | Telephone: (650) 858-6500<br>Facsimile: (650) 858-6550 |
| 7 | | Email: denzminger@winston.com<br>Email: mrmccullough@winston.com |
| 8 | | John R. Keville *(Pro Hac Vice)* |
| 9 | | Dustin J. Edwards *(Pro Hac Vice)*<br>William M. Logan *(Pro Hac Vice)* |
| 10 | | WINSTON & STRAWN LLP<br>800 Capital St., Suite 2400 |
| 11 | | Houston, TX 77002-2925<br>Telephone: (713) 651-2600 |
| 12 | | Facsimile: (713) 651-2700<br>Email: jkeville@winston.com |
| 13 | | Email: dedwards@winston.com<br>Email: wlogan@winston.com |
| 14 | | Attorneys for Plaintiff |
| 15 | | CONTOUR IP HOLDING, LLC |

CONTOUR'S RESPONSE IN OPPOSITION TO GOPRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.: 17-CV-04738-WHO