1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Sean Pak (Bar No. 219032)
2    seanpak@quinnemanuel.com
     Michelle A. Clark (Bar No. 243777)
3    michelleclark@quinnemanuel.com
     Jordan R. Jaffe (Bar No. 254886)
4    jordanjaffe@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
6  Facsimile:    (415) 875-6700

7    Valerie Lozano (Bar No. 260020)
     valerielozano@quinnemanuel.com
8  865 S. Figueroa Street, 10th Floor
   Los Angeles, California 90017
9  Telephone:    (213) 443-3000
   Facsimile:    (213) 443-3100

10
   Attorneys for Defendant,
11 GOPRO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC.,<br><br>Defendant. | CASE NO. 3:17-cv-04738-WHO<br><br>**DEFENDANT GOPRO, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Declaration of Nathan Sun submitted concurrently herewith]<br><br>Judge:    William H. Orrick<br>Date:     August 12, 2020<br>Time:    2:00 p.m.<br>Location: Courtroom 2, 17th Floor<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
|  | A. THE BURDEN OF PROVING COMPLIANCE WITH MARKING IS AND AT ALL TIMES REMAINS ON CIPH | 2 |
|  | B. CIPH MISLEADINGLY CABINS ITS RESPONSE REGARDING CONTOURGPS AND CONTOUR+ TO ACTUAL SALES | 5 |
|  | C. CIPH FAILED TO PROVE IT PROPERLY MARKED THE CONTOUR+2 | 7 |
|  | 1. There Is No Dispute That The Patented Article (Contour+2) Is Not Marked | 8 |
|  | 2. CIPH Offers No Evidence The Contour+2 User Manual Was Actually Shipped With Any Products | 10 |
|  | 3. CIPH Fails To Prove That Its Website Was Consistently Available To The Public | 13 |
| III. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Acantha LLC v. DePuy Orthopaedics Inc.*,
 2018 WL 2290715 (E.D. Wis. May 19, 2018) ................................................................ 11

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
 876 F.3d 1350 (Fed. Cir. 2017) ........................................................................... 2, 3, 4, 10

*Asyst Techs., Inc. v. Empak, Inc.*,
 2006 WL 3302476 (N.D. Cal. Nov. 14, 2006) .......................................................... 10, 11

*Beckman Coulter, Inc. v. Sysmex Am., Inc.*,
 2020 WL 918986 (N.D. Ill. Feb. 26, 2020) ....................................................................... 4

*Calmar, Inc. v. Emson Research, Inc.*,
 850 F. Supp. 861 (C.D. Cal. 1994) ................................................................................. 12

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ........................................................................................................ 10

*Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*,
 130 F. Supp. 2d 1152 (C.D. Cal. 2001) .......................................................................... 14

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.*,
 No. CV 12-01971-CW (KAW), 2013 WL 5442269 (N.D. Cal. Sept. 30, 2013) ............. 5

*Fortinet, Inc. v. Sophos, Inc.*,
 No. 13-CV-05831-EMC, 2015 WL 6513655 (N.D. Cal. Oct. 28, 2015) ..................... 3, 4

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
 2018 WL 5669168 (D. Del. Nov. 1, 2018) ....................................................................... 8

*Inline Connection Corp. v. AOL Time Warner Inc.*,
 465 F. Supp. 2d 312 (D. Del. 2006) .................................................................................. 6

*K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*,
 52 F. App'x 135 (Fed. Cir. 2002) ..................................................................................... 7

*K-TEC, Inc. v. Vita-Mix Corp.*,
 696 F.3d 1364 (Fed. Cir. 2012) ........................................................................................ 5

*Maxwell v. J. Baker, Inc.*,
 86 F.3d 1098 (Fed. Cir. 1996) .......................................................................................... 6

*McAfee Enterprises, Inc. v. Ashley Entm't Corp.*,
 2016 WL 4063169 (N.D. Ill. July 29, 2016) .................................................................. 12

*Meridian Mfg., Inc. v. C & B Mfg., Inc.*,
 340 F. Supp. 3d 808 (N.D. Iowa 2018) ............................................................................ 8

*Mophie, Inc. v. Shah*,
    2014 WL 12603184 (C.D. Cal. Aug. 25, 2014) ................................................................... 9

*Qualcomm Inc. v. Apple Inc.*,
    2019 WL 448278 (S.D. Cal. Feb. 5, 2019) ................................................................... 3, 4

*Rembrandt Wireless Tech., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017) ................................................................................... 5

*SEB*,
    594 F.3d at 1378 ......................................................................................................... 7

*Semcon IP Inc. v. Huawei Device USA Inc.*,
    2017 WL 6343771 (E.D. Tex. Dec. 12, 2017) ............................................................ 3

*Sierra Med. Servs. All. v. Kent*,
    883 F.3d 1216 (9th Cir. 2018) .................................................................................. 10

*Stryker Corp. v. Intermedics Orthopedics, Inc.*,
    891 F. Supp. 751 (E.D.N.Y. 1995) ........................................................................... 12

*Telios Pharm., Inc. v. Merck KgaA*,
    1997 WL 34672400 (S.D. Cal. Sept. 8, 1997) ......................................................... 12

*TrafFix Devices, Inc. v. Lakeside Plastics, Inc.*,
    2006 WL 8453760 (C.D. Cal. Jan. 24, 2006) ............................................................. 9

**Statutes**

35 U.S.C. § 287(a) ............................................................................................... 1, 7, 8, 13

## I. INTRODUCTION

CIPH's Opposition fails to raise any genuine issue of material fact that precludes summary judgment. It does not dispute it made no claim of actual notice, much less proffered evidence of it during fact discovery. And its constructive notice argument is premised on a fundamental legal error, in which CIPH improperly attempts to shift the burden of showing compliance with the marking statute to GoPro. CIPH misstates Federal Circuit precedent in *Arctic Cat*, which requires that ***CIPH, not GoPro,*** prove that it either marked its practicing products or prove that the products identified as practicing the Patents-in-Suit do not, in fact, practice any of the claims. Once GoPro has met the "low bar" of identifying products that should have been marked, the burden shifts to CIPH to prove compliance. GoPro has met its "low" burden here—namely, by identifying the four products CIPH itself identified as practicing. CIPH's suggestion that GoPro must prove these products in fact practice is wrong as a matter of law. Numerous courts, including the Northern District of California, have rejected the same argument CIPH attempts to make here.

CIPH's only other defense is a tepid rejoinder—certain schedules attached to the rebuttal report of GoPro's damages expert, Dr. Kennedy, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—thus, CIPH concludes it should be absolved of its marking obligation as to those two products. This new assertion does not appear anywhere in CIPH's interrogatory responses, and there is no record evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, there is no evidence these products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and after the asserted patents were issued. Dr. Kennedy's schedules do not speak to that and, in fact, it appears they ***are*** still offered for sale as of the date of this filing. The law is clear: marking requirements apply to "[p]atentees, and persons ***making***, ***offering for sale***, or selling within the United States any patented article . . . ." 35 U.S.C. § 287(a) (emphasis added). Since CIPH has failed to proffer evidence that the ContourGPS and Contour+ either do not practice the patents-in-suit or that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ CIPH is not entitled to presuit damages.

If anything, CIPH's reliance on Dr. Kennedy's schedules simply highlights that CIPH

1  *failed to properly mark <u>any</u> of the products it actually sold from 2014 to 2017* because ▆

2  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  There is no dispute that the Contour+2 product itself is not

3  marked.  And while CIPH suggests that it marked the Contour+2 user manual, by referencing a

4  website that listed the applicable patents, it makes no effort to meet the statutory requirements to

5  establish that this form of marking is permissible.  For example, CIPH makes no showing that it

6  could not have affixed a label to the products themselves or to the packaging in which the product

7  was maintained, which is required under Section 287.  Nor does CIPH provide evidence that the

8  Contour+2 user manual was ever shipped with the products or any evidence that it continuously

9  maintained a public website "that associates the patented article with the number of the patent."

10  The only evidence CIPH points to is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

11  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

12  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  But the law makes clear that these attempts were legally

13  insufficient to comply with the requirements of Section 287.  CIPH provided no other evidence

14  demonstrating compliance—because there is none.

15  Because there remains no genuine dispute of material fact that CIPH failed to properly

16  mark, and that CIPH has failed to meet its burden and cannot meet its burden to show such

17  compliance, the Court should grant summary judgment that CIPH is not entitled to presuit

18  damages.

19  **II.    ARGUMENT**

20  **A.    The Burden Of Proving Compliance With Marking Is And At All Times Remains On CIPH**

21

22  CIPH's Opposition ignores the indelible requirement that "[t]he burden of proving

23  compliance with marking is and at all times remains on the patentee."  *Arctic Cat Inc. v.

24  Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017).  CIPH claims that

25  because GoPro is "maintaining a factual dispute about whether the products practice the patents,"

26  that "alone precludes summary judgment."  (Opp. at 3.)  That is wrong as a matter of law.

27  As CIPH acknowledges, GoPro only "bears an initial burden of production to articulate the

28  products it believes are unmarked 'patented articles' subject to § 287."  (Opp. at 2 (quoting *Arctic*

*Cat*, 876 F.3d at 1368).) But CIPH misconstrues what this means. The Federal Circuit has emphasized, "*[t]o be clear, this is a low bar*," because its purpose is to narrow the universe of products that the patentee may have to prove complied with the marking statute. *Arctic Cat*, 876 F.3d at 1368; *see also Semcon IP Inc. v. Huawei Device USA Inc.*, 2017 WL 6343771, at *3 (E.D. Tex. Dec. 12, 2017) ("*[Arctic Cat]* recently clarified that the patentee bears the burden of pleading and proving compliance with the marking statute, while the accused infringer must carry only a **minimal, initial burden** of production.") (emphasis added).

Here, CIPH does not dispute that GoPro has identified the products that should have been marked: they are the products CIPH identified as embodying the asserted patents in its interrogatory responses—the ContourGPS, Contour+, Contour+2, and Contour 4K (the "Allegedly Practicing Products"). (Mot. Ex. 2 at 21-22 (No. 6); Ex. 1[1] at 7-9, Interrogatory No. 19 Chart; Ex. 2 at 59-61.) CIPH argues that GoPro must go one step further and concede those identified products actually practice, without citing a single case so requiring. (Opp. at 2.) Numerous courts have rejected this same argument.

For example, in *Fortinet, Inc. v. Sophos, Inc.*, No. 13-CV-05831-EMC, 2015 WL 6513655, at *2 (N.D. Cal. Oct. 28, 2015), the court summarized the plaintiff's position, which is the same one adduced by CIPH here:

> [Patentee] contends that summary judgment is appropriate only if [accused infringer] concedes that the [patentee's] products practice the claimed inventions or this Court rules as a matter of law that [patentee] practices the claimed inventions. According to [patentee], without such a concession or ruling, there is an issue of fact for the jury to decide.

*Id.* at *2. The court found "*[t]his argument lacks merit*" because "[accused infringer] has met its burden of production by pointing to evidence that [patentee] practices the inventions claimed in the [asserted] patents. That evidence consists of [patentee's] own infringement contentions and interrogatory responses." *Id.* at *2 (granting summary judgment of no presuit damages) (emphasis added). Similarly, in *Qualcomm Inc. v. Apple Inc.*, 2019 WL 448278 (S.D. Cal. Feb. 5, 2019), the

---

[1] Citations to "Ex. __" refers to the exhibits attached to the declaration of Nathan Sun, filed herewith.

accused infringer claimed that patentee was "not entitled to summary judgment" on the issue of presuit damages "because [accused infringer] disputes whether [patentee's] products practice the patents in suit." *Id.* at *4. The court rejected this argument because it was "not [accused infringer's] burden . . . to show the applicability of the patent marking statute" since "'[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement.'" *Id.* (quoting *Artic Cat*, 876 F.3d at 1366) (granting summary judgment of no presuit damages). Another court similarly found recently:

> ***Even if [defendant] were to allege that the [plaintiff's products] do not embody the patent-in-suit, that would not prevent the Court from granting partial summary judgment.*** [Plaintiff], after all, admits that its products practice the [asserted] patent. . . . [Plaintiff], not [defendant], has the burden of proving all of the elements of § 287. As a result, [defendant's] motion [for partial summary judgment of no presuit damages] need not . . . take a position on whether [plaintiff's] products practice the patent-in-suit, other than pointing to [plaintiff's] own admissions.

*Beckman Coulter, Inc. v. Sysmex Am., Inc.*, 2020 WL 918986, at *2 (N.D. Ill. Feb. 26, 2020) (emphasis added).

As these cases establish, once CIPH identified the Allegedly Practicing Products in response to Interrogatory No. 19, the first step of "identifying" products to be marked is met. Thus, the burden is now on CIPH "to prove the products identified do not practice the patented invention." *Arctic Cat*, 876 F.3d at 1368. CIPH does not attempt to meet this burden. To the contrary, it continues to argue that its products do, in fact, practice the Patents-in-Suit. *See, e.g.*, Dkt. 391-3 at 6-13. Because CIPH believed that its products practice the claims, there can be no dispute they should have been marked. *See, e.g.*, *Arctic Cat*, 876 F.3d at 1367 ("The burden of proving compliance with marking is and at all times remains on the patentee."). Whether CIPH can ultimately prove that the products practice at trial is immaterial to its marking obligations. *See, e.g.*, *Fortinet*, 2015 WL 6513655, at *2; *Qualcomm*, 2019 WL 448278, at *4; *Beckman*, 2020 WL 918986, at *2.

There is no genuine dispute of material fact that CIPH has failed to meet its burden of proving compliance with the marking statute, as further laid out below.[2]

**B.     CIPH Misleadingly Cabins Its Response Regarding ContourGPS and Contour+ To Actual Sales**

CIPH claims that the ContourGPS and Contour+ are not subject to the marking requirement because "███████████████████████████████████████████████████████████████████" (Opp. at 5.) The only support CIPH cites for this position is *GoPro's* damages expert's report, which includes a table summarizing the financial data that Contour produced in this case. (*Id.*) CIPH claims the table shows that ████████████████████████████████████████████████ (*Id.*) Not so. Dr. Kennedy's table demonstrates one and one thing only: ████████████████████████████████████████████████████████████ (*See* Opp. Ex. A at Schedules 6.1-6.4.)  While CIPH asserts that ███████████████████████████████████████████, Dr. Kennedy's exhibit does not include any evidence to support this assertion, and it is all CIPH cites to support this assertion.

In any event, that is not the scope of the relevant inquiry.  Products that are made or offered for sale (versus just actually sold) are also subject to the marking requirement. *See* 35 U.S.C. § 287 (marking requirements apply to "[p]atentees, and persons ***making***, ***offering for sale***, or selling within the United States any patented article") (emphasis added); *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1379 (Fed. Cir. 2012) ("a patentee who ***makes, offers for sale*** or sells a patented article" must comply with marking requirements) (citing Section 287(a); emphasis added); *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 5442269, at *4 (N.D. Cal. Sept. 30, 2013) (compelling plaintiff to "amend its [interrogatory]

---

[2] CIPH's attempt to distinguish *Rembrandt Wireless Tech., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017) on the basis that it involved a disclaimer by the patentee is meritless. (Opp. at 4.) In *Rembrandt*, the Federal Circuit held a patentee could not disclaim patent scope for the purpose of avoiding its marking obligations because the requirement for marking arises when the product is sold, offered for sale, made, used, or imported into the United States by the patentee. *Id.* at 1383. If anything, CIPH's continued advocacy that its products practice the Patents-in-Suit makes the Federal Circuit's reasoning ***more***, not less, applicable to the present case.

response to identify any patented articles *made or offered for sale* after the issuance of the patent" because Section 287 requires "marking of patent articles that were *made*, sold, or *offered for sale*") (emphasis added); *Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F. Supp. 2d 312, 318 (D. Del. 2006) (rejecting plaintiff's argument that "it never sold products embodying the [asserted] patent after the patent issued and therefore, it did not have a duty to mark" because a nonexclusive licensee "was still authorized as a nonexclusive licensee *to sell or offer for sale* products and systems covered by the [asserted] patents" after the patents issued, and "[i]t is the right to make, sell, offer for sale or publically use the patented article that triggers the obligation to mark") (emphasis added).

CIPH offers no evidence that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. And that suggestion here now is at odds with its representations in discovery responses that these products practice the patents. CIPH affirmatively identified the ContourGPS and Contour+ as allegedly practicing the asserted patents. (Ex. 1 at 7-9, Interrogatory No. 19 Chart; Ex. 2 at 59-61.) If the products were ████████████████████████████████████████, as CIPH suggests now to avoid summary judgment, then by definition they could not have practiced the patents. CIPH may not have it both ways. CIPH has asserted that ContourGPS and Contour+ practice the patents; either that claim was false, or ██████████████████████████████████████. Notably, it appears to be the latter. **To this day,** both the Contour+ and ContourGPS appear to be available for purchase, from at least one of Contour's authorized distributors, RageCams. (*See, e.g.*, Ex. 3 (also showing customer reviews from 2015, 2016, 2017, and 2019); Ex. 4 (also showing customer reviews from 2015, 2016, 2017, and 2019); Ex. 5 (same); Ex. 6 at CONTOUR_IP000260 (listing RageCams as a distributor).)

Moreover, CIPH has not provided any evidence that it took *any* steps to ensure its distributors were in compliance with the marking requirement for the ContourGPS or Contour+ after the asserted patents issued. *See, e.g.*, *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("The marking provisions also apply to 'persons making or selling any patented article

for or under [the patentees].'") (quoting 35 U.S.C. § 287(a); *K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*, 52 F. App'x 135, 141 (Fed. Cir. 2002) (holding defendant was entitled to judgment as a matter of law on marking because plaintiff "took no steps to determine if [the third party] was actually marking the products until after the start of the current litigation"). In fact, CIPH's interrogatory responses make clear it made no such effort with respect to the ContourGPS or Contour+. (*See* Mot. Ex. 2 at 20-23 (no claim to have marked either the ContourGPS or Contour+).) Having failed to properly mark the ContourGPS and Contour+ in accordance with Section 287, CIPH has forgone its entitlement to recover damages before January 5, 2015, the day it provided actual notice to GoPro by impleading into the pending litigation.[3]

Even if ContourGPS and Contour+ were ████████████████████████████████████████████████████████████████████████████████████████████ —a claim CIPH has not provided any evidence of, this would not be sufficient to raise a material disputed issue regarding its entitlement to presuit damages because, as discussed below, the product that Contour did sell (Contour+2) was not properly marked. There is no dispute that Contour+2 was sold after the Patents-in-Suit issued. (Opp. Ex. A at Schedules 6.1, 6.3, 6.4.) CIPH has failed to meet its burden of proving that it "consistently mark[ed] substantially all" of the products it contends practice the Patents-in-Suit. *SEB S.A. v. Montgomery Ward & Co*, 594 F.3d 1360, 1378 (Fed. Cir. 2010).

### C. CIPH Failed To Prove It Properly Marked The Contour+2

CIPH's meager efforts to demonstrate it properly marked Contour+2 ignore the legal standard and fail as a matter of law. Section 287 requires "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States" to fix on the ***patented article*** "the word

---

[3] Notably, CIPH does ***not dispute*** that if the Court finds it failed to properly mark the ContourGPS and Contour+ products, then GoPro is entitled to summary judgment. That is, having failed to mark two of the four product models that CIPH as asserted practice the Patents-in-Suit, there is no doubt that CIPH has forgone its right to pre-suit damages, regardless of whether it marked Contour+2 or Contour 4K.

'patent' or the abbreviation 'pat.', together with the number of the patent, or by fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent." 35 U.S.C. § 287(a). It is only when "this can not be done" because of the "character of the article" that alternative marketing by fixing the marking "to the package wherein one or more" of the patented articles is contained" is allowed. *Id*.

### 1. There Is No Dispute That The Patented Article (Contour+2) Is Not Marked

There is no dispute that Contour+2 cameras are not actually marked. That is, the patent number is not affixed to the patented article. (Opp. at 7.) Instead, CIPH claims that "Contour included an owner's manual with the Contour+2 that notified the public that the product was subject to patents." (*Id*. at 2.) But that form of marking only suffices if CIPH shows that it could not reasonably have affixed the patent marking to the article. 35 U.S.C. § 287(a); *see also Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, 2018 WL 5669168, at *6 (D. Del. Nov. 1, 2018) ("The statute's use of 'either' and 'or' indicates to the Court that, aside from providing actual notice of infringement, a patentee can ***only*** satisfy the requirements of Section 287(a) by physically marking the product in certain ways, or, when that is not possible, by physically marking a label attached to the article or to its packaging."); *Meridian Mfg., Inc. v. C & B Mfg., Inc.*, 340 F. Supp. 3d 808, 843 (N.D. Iowa 2018) ("[T]he statute requires that the marking be affixed to the article itself. 35 U.S.C. § 287(a). The only exception is 'when, from the character of the article, this can not be done,' in which case the packaging may be marked. *Id.*"). CIPH bears the burden of proof on this issue, and it has not even attempted to—in its Opposition or at any point during this litigation—establish the predicate requirement that because of "the character of the article" it could not mark the patent numbers on the article itself. Having failed to establish this requirement, CIPH's arguments regarding whether its user manual provide notice are irrelevant as a matter of law (and insufficient to raise a genuine dispute of fact regarding its entitled to presuit damages).

At most, CIPH suggests that there are "different reasonable inferences" regarding why, perhaps, Contour did not mark the patented article. (Opp. at 9.) These "different reasonable

inferences" are not evidence and do not raise a triable issue of fact. *See, e.g.*, *TrafFix Devices, Inc. v. Lakeside Plastics, Inc.*, 2006 WL 8453760, at *2 (C.D. Cal. Jan. 24, 2006) ("The party opposing a motion for summary judgment must point to an evidentiary conflict created on the record; mere denials or conclusory statements are insufficient.") (citations omitted). CIPH's eleventh hour suggestion (raised for the first time in its Opposition, and never mentioned in its interrogatory responses) that the "cameras need to be rugged" neither suffices as evidence nor supports a finding that "it would have been impossible or impractical to mark the camera itself in a meaningful and lasting way." (Opp. at 8.) This speculation is insufficient as a matter of law to raise a triable issue of fact regarding the Contour's marking practice. Because CIPH has not offered any actual *evidence* that could satisfy its burden to prove it could not affix the required mark on the Contour+2 cameras themselves, CIPH's marking of the user manual is deficient as a matter of law. *See, e.g.*, *Meridian Mfg.*, 340 F. Supp. 3d at 843 (granting summary judgment on no presuit damages where plaintiff marked the user manuals because plaintiff "has not shown that the character of its product required it to mark the packaging rather than the product itself.").

The court's holding in *Mophie, Inc.*, is instructive. (Mot. at 5.) There, the court granted summary judgment of no presuit damages because the plaintiff only marked its packaging that directed the public to a website with its patents, but plaintiff did "not assert that it could not affix the required patent notice to" the articles themselves, as required by Section 287. *Mophie, Inc. v. Shah*, 2014 WL 12603184, at *3 (C.D. Cal. Aug. 25, 2014). CIPH claims that *Mophie* merely stands for the proposition that Section 287 requires notice to include specific language (*i.e.*, the word "Patent" or "Pat." along with either patent numbers or a website address). (Opp. at 8.) This is wrong. While it is true that the *Mophie* court found fault with the marking language used by the plaintiff, it *also* found that the plaintiff's attempt to mark its product packaging was insufficient because **the patentee "does not assert that it could not affix the required patent notice to its battery cases**." 2014 WL 12603184, at *3. So too here. Up until now, CIPH never claimed—and still offers no proof—that it could not have affixed the patent marking to the patented article.

### 2. CIPH Offers No Evidence The Contour+2 User Manual Was Actually Shipped With Any Products

Even if CIPH had established that a user manual that complies with the remaining requirements of Section 287 was sufficient marking (it has not), CIPH still would not defeat summary judgment because it lacks evidence demonstrating that the user manual was shipped with each unit of product. CIPH's Opposition rests on the fundamentally erroneous premise that it is GoPro's job to prove that marking was deficient. (Opp. at 7.) But that is wrong as a matter of law. *See, e.g.*, *Arctic Cat.*, 876 F.3d at 1367 ("The burden of proving compliance with marking is and at all times remains on the patentee."). The dearth of concrete evidence regarding Contour's specific marking practices including whether its user manual shipped with the Contour+2, what is specifically shown on the Contour website, and whether the website was consistently publicly available, are not deficiencies that inure to CIPH's benefit. CIPH cannot point to the absence of evidence as a genuine dispute of fact to avoid summary judgment on an issue on which CIPH bears the burden of proof. *See, e.g.*, *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018) ("Where, as here, the party moving for summary judgment is not the party that bears the burden of proof at trial, it may secure summary judgment by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

CIPH's Opposition confirms it has **no evidence** that the Contour+2 user manual was actually shipped with any products. All it points to is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (Opp. at 5-6.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is not sufficient to carry CIPH's burden of proving compliance—and thus does not suffice to allow it to evade summary judgment.

CIPH argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is sufficient to create a factual dispute, relying on *Asyst Techs., Inc. v. Empak, Inc.*, 2006 WL 3302476, at *5-6 (N.D. Cal. Nov. 14, 2006). (Opp. at 6-7.) *Asyst*, however, does not support its argument. There, plaintiff's corporate

representative "testified extensively with respect to [plaintiff's] marking practices"; plaintiff provided a supplemental interrogatory response that "stated unequivocally that '[F]rom April 1994 on, [plaintiff] has consistently marked its Smart Tags with label's [sic] bearing the [asserted patent] numbers'"; plaintiff further presented the declarations of two employees, "both of whom state that Asyst consistently marked its Smart Tags with patent numbers beginning in April 1994"; and one declaration was "accompanied by examples of properly marked Smart Tags. . . ." *Asyst Techs.*, 2006 WL 3302476, at *5-6. Under these circumstances, the court found that defendant's identification of a few places in plaintiff's corporate representative's testimony where he said he "believed" and it was his "assumption" that certain things were true—went "to the weight of [the witness's] testimony, not its admissibility." *Id.* at *5. None of the facts in *Asyst* are present here. CIPH has not submitted any declarations in support of its Opposition. It has not provided even exemplary evidence where the Contour+2 user manuals were shipped with any products. It has not unequivocally stated in an interrogatory response that the user manuals were shipped with the products. To the contrary, though GoPro propounded an interrogatory specific to marking, CIPH never disclosed its contention that alternative marking (*i.e.*, not on the product itself) was appropriate, or proffered evidence that it consistently did so. Instead, CIPH relies purely on speculation, claiming "[a] manual's purpose is to go with the product." (Opp. at 7.) That is insufficient to generate a genuine dispute of material fact.

Without any evidence that its user manual was actually included with the products it sold to the public, no reasonable jury could find that CIPH satisfied the requirements of Section 287. For example, in *Acantha LLC v. DePuy Orthopaedics Inc.*, 2018 WL 2290715 (E.D. Wis. May 19, 2018), the court rejected the plaintiff's argument that compliance with the marking statute should be left for the jury to decide, because plaintiff "presented no evidence that the surgical technical guides [containing the patent numbers] are included in the box with the product." *Id.* at *5. Based on this lack of evidence, the court found that "no reasonable juror could find that [plaintiff] provided the proper notice to Defendants," and that "listing the patent number on its technical guides is insufficient notice under § 287(a) as a matter of law." *Id.* at *4-5 (denying motion for reconsideration of court's order granting summary judgment of no presuit damages); *see also*

*Stryker Corp. v. Intermedics Orthopedics, Inc.*, 891 F. Supp. 751, 829-30 (E.D.N.Y. 1995), *aff'd*, 96 F.3d 1409 (Fed. Cir. 1996) ("disagree[ing] with plaintiff's contention that by distributing literature containing the patent mark it met the statute's marking requirement" because, among other things, there was no evidence the literature "was placed ***in the packaging*** of the [product] that was distributed to vendors and end-users") (emphasis in original).

Tellingly, CIPH does not even attempt to distinguish these cases, which GoPro cited in its Motion (at 4-5)—nor could it, because they are directly on point. Other courts have similarly confirmed that summary judgment on the issue of constructive notice is appropriate where a plaintiff presents no evidence the user manual containing the patent numbers were actually shipped with the product. *See also Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 868 (C.D. Cal. 1994) ("[Plaintiff] offers no authority whatsoever for the proposition that the provisions of section 287(a) may be satisfied without either marking the patented article itself or, at least, including something with the packages in which the patented articles are shipped which would indicate the article's patent number."); *Telios Pharm., Inc. v. Merck KgaA*, 1997 WL 34672400, at *5 (S.D. Cal. Sept. 8, 1997) (granting summary judgment of no presuit damages because reference to the asserted patent in a product catalog not actually shipped with the practicing products was insufficient to "adequately comply with the § 287(a) constructive notice provisions").

Ignoring these on point authorities, CIPH relies on *McAfee Enterprises, Inc. v. Ashley Entm't Corp.*, 2016 WL 4063169 (N.D. Ill. July 29, 2016) (cited at Opp. at 8-9), but that case does not help it. In *McAfee*, it was "***undisputed*** that Plaintiff marked the ***box*** in which the patented product is contained,'" and the instruction manual that contained the applicable patent numbers was "included in the box." *Id.* at *4. The court found this evidence was sufficient to create an issue of material fact on constructive notice because "the box . . . was marked with the word 'PATENTED,' thereby clearly informing the public that a patent on the product existed"; "the ***patented product also was marked*** with the word 'PATENTED'"; and "[b]eing alerted by the markings on the box and the product itself that the product indeed was patented, a buyer of the product would only need to examine the instruction manual enclosed with the product to find the patent number." *Id.* at *5 (emphasis added). The facts in *McAfee* are a far cry from the evidence

CIPH has proffered here: Contrary to *McAfee*—where it was **undisputed** that the packaging in which the patented article was shipped was marked, the product itself was marked, **and** the instruction manual containing the applicable patent numbers were included in the box—CIPH has presented ***no evidence*** the user manual was ***actually shipped*** with the products, and ***no evidence that CIPH marked the Contour+2 packaging*** in any way. CIPH has presented no evidence that any users ever received notice that the Contour+2 was a patented article.

CIPH's has failed to show its compliance with the marking statute as a matter of law; summary judgment should be granted.

### 3. CIPH Fails To Prove That Its Website Was Consistently Available To The Public

CIPH's Opposition similarly confirms it has no evidence that the website allegedly listed in the Contour+2 user manual was consistently running and available for customers to access free of charge when the Contour+2 and Contour 4K[4] were sold and offered for sale. CIPH does not dispute this is a requirement where the patentee chooses to direct customers to a website. *See* 35 U.S.C. § 287(a) (requiring the affixed website be "accessible to the public without charge for accessing the address").

CIPH again relies on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (Opp. at 6.) But here too, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—whether Contour's website was in fact up and running and consistently available to the public during the time the Contour+2 and 4K were sold and offered for sale. (*See* Opp. Ex. B at 324:17-325:14.) Other than the five sparse historical captures from Contour's website (Mot. Exs. 3-7), CIPH has produced no other evidence of the website being available and functioning. It instead resorts to speculation that "[a] website's purpose is to be available to provide information." (Opp. at 7.) Such sparse evidence and speculation is legally insufficient to show a patentee's compliance with the marking requirements. *See, e.g.*, *Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*, 130 F. Supp. 2d 1152,

---

[4] The Contour 4K was launched **after** CIPH initiated this lawsuit against GoPro (*see, e.g.*, Opp. Ex. A at Schedule 6.1), and thus the fact that CIPH may have properly marked it is irrelevant to CIPH's ability to recover presuit damages.

1162-63 (C.D. Cal. 2001) (granting summary judgment of no presuit damages because plaintiff's sparse documentation was "insufficient to show the kind of 'consistent' and 'continuous' marking of all or 'substantially all' of Plaintiff's products"). CIPH does not even address this case. Nor does it cite any cases that have found such sparse evidence sufficient to create a material factual dispute.

### III. CONCLUSION

CIPH's demand for presuit damages fails at every level. The burden of proving compliance with the marking statute is and at all times remains on CIPH. It has failed to put forth evidence that would allow any reasonable jury to find that it complied. CIPH concedes it did not mark two of the four products it claims to practice, which are *still* being sold to this day without appropriate marking. For another one of its allegedly practicing products, the Contour+2, CIPH provided no evidence it could not have affixed the mark to the product itself; no evidence that the manual was actually shipped with any products; and no evidence that the website was continuously running and available to the public. If even one of GoPro's arguments is found to be true, GoPro is entitled to judgment as a matter of law on this issue. Because CIPH has not proven any (much less all, as required by its burden of proof) of the statutory requirements for substantial compliance with Section 287, the Court should grant GoPro's motion for summary judgment.

For the foregoing reasons, GoPro's Motion for Partial Summary Judgment should be granted, and Plaintiff should be precluded from claiming presuit damages.

DATED: July 29, 2020

Respectfully submitted,

*/s/ Michelle Ann Clark*

Sean S. Pak (Bar No. 219032)
Michelle Ann Clark (Bar No. 243777)
Jordan R. Jaffe (Bar No. 254886)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: seanpak@quinnemanuel.com
Email: michelleclark@quinnemanuel.com

| | |
|---|---|
| 1 | Email: jordanjaffe@quinnemanuel.com |
| 2 | Valerie Lozano (Bar No. 260020) |
| 3 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | 865 S. Figueroa Street, 10th Floor<br>Los Angeles, California 90017 |
| 5 | Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| 6 | Email: valerielozano@quinnemanuel.com |
| 7 | Counsel for Defendant GOPRO, INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 29, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on July 29, 2020, at San Francisco, California.

*/s/ Michelle Ann Clark*
Michelle Ann Clark