John R. Keville *(Pro Hac Vice)*
Dustin J. Edwards *(Pro Hac Vice)*
William M. Logan *(Pro Hac Vice)*
WINSTON & STRAWN LLP
800 Capital St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com
Email: dedwards@winston.com
Email: wlogan@winston.com

David P. Enzminger (SBN 137065)
Matthew R. McCullough (SBN 301330)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025-1203
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
Email: denzminger@winston.com
Email: mrmccullough@winston.com

Attorneys for Plaintiff
CONTOUR IP HOLDING, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>            Defendant. | Case No. 17-cv-04738-WHO<br><br>**PLAINTIFF CONTOUR IP HOLDING, LLC'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 2

II.   ISSUES TO BE DECIDED ................................................................................. 4

III.  RELEVANT FACTUAL BACKGROUND .......................................................... 4

      A.    Contour's Disclosures ............................................................................. 4

      B.    GoPro's Motion to Exclude Contour's Willfulness Evidence ................ 6

      C.    The Court's Order ................................................................................... 7

IV.  LEGAL STANDARD .......................................................................................... 8

V.   ARGUMENT ...................................................................................................... 9

      A.    Contour Should be Permitted to Present Evidence that GoPro Continued to Release New Products Without Designing Around the Patents-in-Suit ...................... 9

      B.    Contour Should Be Permitted to Present Evidence About Nicholas Woodman's Stock Sales and Evidence of Copying and Monitoring from Tyler Gee ................ 10

VI.  CONCLUSION ................................................................................................. 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 17-cv-03597-WHO, 2018 U.S. Dist. LEXIS 140141 (N.D. Cal. Aug. 17,
    2018) (Orrick, J.) ........................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 31(a)(3) ...........................................................................................10

Fed. R. Civ. P. 37(c) ................................................................................................10

Fed. R. Civ. P. 59(e) .................................................................................................8

Local Rule 7-9 .......................................................................................................1, 11

Local Rule 7-9(b) ...................................................................................................8, 11

Local Rule 7-9(b)(3) ..............................................................................................8, 9

Local Rule 7-9(d) ......................................................................................................1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Contour IP Holding LLC ("Contour") moves the Court under Local Rule 7-9 for an order granting leave for Contour to file a motion for reconsideration of the Court's decision in its January 8, 2021, Order on Motions in Limine, Motion to Strike and Exclude, and Motions to Seal (Dkt. 510) to grant GoPro's Motion in Limine No. 8 and to exclude certain of Contour's evidence of alleged willfulness as insufficiently disclosed. Pursuant to Local Rule 7-9(d), no response need be filed and no hearing will be held concerning this motion for leave, unless otherwise ordered by the Court.

**<u>STATEMENT OF RELIEF SOUGHT</u>**

As set forth in more detail in the following Memorandum of Points and Authorities, Contour brings this motion so that the Court may ultimately permit Contour to advance evidence of willfulness that the Court erred in excluding based on a misapprehension of the record and arguments. More specifically, Contour asks that the Court reconsider its Order (Dkt. 510), which excluded certain bases of willfulness, namely, (1) GoPro's continued release of new products without designing around the Patents-in-Suit, which was disclosed to GoPro years before the close of fact discovery; and (2) Nicholas Woodman's stock sales and evidence of GoPro's copying[1] and investigation of Contour's products, neither of which came to form until the depositions of Nicholas Woodman and Tyler Gee after the close of fact discovery.

[1] The Court's Order permits evidence of copying in rebuttal. Dkt. 510 at 12.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Discovery in this case has revealed significant evidence that GoPro has continued to release new infringing products without designing around the asserted claims from the Patents-in-Suit and that GoPro and its CEO, Nicholas Woodman, have behaved in a way that evidences willful infringement. Understandably hoping to avoid putting this evidence before the jury, GoPro sought to exclude evidence of its willfulness by arguing that Contour did not timely disclose this evidence in response to a contention interrogatory. The Court's Order suggests that GoPro's motion may have misled the Court to misapprehend material facts in the record.

*First*, the Order stated that Contour did not disclose "GoPro's continued release of new products or not designing around the Patents-in-Suit" as evidence of alleged willfulness in response to GoPro's interrogatory asking for Contour's willfulness contentions. *See* Dkt. 510 at 10 (listing this basis among others and stating that "[o]ther willfulness contentions were disclosed in response to GoPro's interrogatory, but not these"). However, this is incorrect as there is no dispute that Contour disclosed, before the fact discovery deadline, that "**GoPro's willful infringement is evident in the new models it has released** since the filing of the patent infringement action by Contour, LLC against GoPro in the United States District Court for the District of Utah **without any design changes relevant to the Patents-in-Suit**," in a timely response to GoPro's contention interrogatory. *See* Dkt. 474-11 at 27. Indeed, Contour had disclosed this theory to GoPro at least by 2018. Ex. A at 2 (Contour's March 2018 Final Infringement Contentions).

The Court appears to have understood certain statements in GoPro's motion to suggest Contour did not timely disclose this theory (*see* Dkt. 510 at 10), despite GoPro attaching and citing Contour's timely disclosure of that evidence. *Compare* Dkt. 474 at 14 (GoPro's Motion suggesting this allegation was "notably absent" "in CIPH's only timely response" to Interrogatory No. 11 (citing 474-11, Contour's November 25, 2019, supplement, as the timely response)), *with* Dkt. 474-11 at 27 (Contour's November 25, 2019, Interrogatory No. 11 Response stating that "GoPro's willful infringement is evident in the new models it has released since the filing of the patent infringement action by Contour, LLC against GoPro in the United States District Court for the District of Utah without any design changes relevant to the Patents-in-Suit").

1 GoPro further clarified at the hearing that it was not seeking to exclude the disclosures in the
2 November 2019 supplement, which included Contour's disclosure of GoPro's continuing release of
3 infringing products without designing around the Patents-in-Suit as evidence of willfulness. Dkt. 506
4 at 60:13-19 ("So we are not sitting here asking Your Honor to exclude evidence or contentions that
5 were timely disclosed in either November 25th or in the February 28th supplemental response; okay.
6 We are just asking to exclude new contentions that were not disclosed until summary judgment. And
7 that's after fact discovery and expert discovery."); *see also* Dkt. 474 at 15 (only specifically seeking
8 to exclude "any allegations or evidence relating to Mr. Woodman's financial transactions, alleged
9 'copying' or investigation of Contour products by GoPro, communications with GoPro relating to the
10 Patents-in-Suit, and any allegation or evidence GoPro had knowledge of the Patents-in-Suit before
11 January 5, 2015"). The Court nonetheless excluded this evidence on the misapprehension that it was
12 not disclosed in the timely November 2019 supplement. *See* Dkt. 510 at 10.

13 **Second**, the Court excluded evidence deduced and confirmed during two depositions—those of
14 Messrs. Woodman and Gee—based on an apparent misunderstanding about the timing of those
15 depositions. The Court's Order excluded this evidence as "insufficiently disclosed" during fact discovery.
16 But as Contour explained during the hearing (Dkt. 506 at 59-60), GoPro could not or would not make
17 Mr. Woodman available until the last day of fact discovery, and when that did not work, would only agree
18 to offering him out of time. Ex. B (Contour asking to depose Mr. Woodman "during the period from
19 November 21-December 13"); Ex. C at 2 ("Finally, if GoPro truly wants to be cooperative, as you say,
20 please provide dates for Nick Woodman's deposition, which we asked for weeks ago.") (GoPro offering
21 Mr. Woodman only on January 14), 1 (Contour noting a conflict on January 14 but offering other dates
22 during fact discovery); Ex. D at 3 (GoPro refusing to offer Mr. Woodman on any other date during fact
23 discovery and instead offering him only on January 30). GoPro likewise would not or could not make
24 Mr. Gee available until after the close of fact discovery and only offered him out of time. Ex. E (GoPro
25 offering January 22); Ex. F (GoPro cancelling the January 22 deposition and offering January 31 instead).

26 Mr. Woodman, GoPro's CEO, testified during his deposition about certain stock transactions
27 (Dkt. 474-2), and Mr. Gee—GoPro's corporate designee on the topics—testified about GoPro's lack of
28 design-around efforts and copying and monitoring of Contour's products (Dkt. 493-6). The Court excluded

the evidence deduced and confirmed at these depositions as untimely disclosed before the fact discovery deadline based on an apparent misapprehension that the depositions were taken during the fact discovery period. *See* Dkt. 510 at 10.

Thus, the Court's Order is premised on a misapprehension of material facts that would have compelled a different decision, including about the timing of Contour's discovery and disclosure of relevant evidence, which were apparently exacerbated by misstatements in GoPro's motion. The Court should therefore grant Contour leave to move for reconsideration of the Court's Order.

## II.   ISSUES TO BE DECIDED

The Court excluded GoPro's continuing release of infringing products without designing around the Patents-in-Suit as evidence of willfulness based on a finding that Contour's disclosure of this evidence in a February 2020 supplement was untimely. However, it is manifest from the Order that the Court did not consider Contour's explicit disclosure of the same theory and evidence in a November 2019 supplement that was indisputably timely and that was before the Court when it issued the Order. It is also manifest in the Order that the Court did not consider GoPro's clarification at the hearing that it was not seeking to exclude evidence disclosed in the November 2019 supplement. Based on these facts, should the Court reconsider its Order?

The Court excluded testimony about Nicholas Woodman's suspicious stock sales and from Tyler Gee about GoPro's copying and monitoring of Contour's products as evidence of willfulness on the basis that Contour did not timely disclose this evidence before the close of fact discovery. However, it is manifest from the Order that the Court did not recognize the timing or circumstances of the depositions, both of which were taken after the close of fact discovery based on an agreement between the parties because GoPro was unable or unwilling to make Messrs. Woodman and Gee available before the day fact discovery closed, at the earliest, leading to the agreement to take these depositions out of time. Based on these facts, should the Court reconsider its Order?

## III.   RELEVANT FACTUAL BACKGROUND

### A.   Contour's Disclosures

Contour disclosed to GoPro during discovery, at least as early as March 2018, one theory of willfulness that the Court excluded: "GoPro has continued to sell, market, and advertise the accused

4

functionality after learning of Contour's patents" and "GoPro has released several new products since learning of Contour's patents (*e.g.*, the recent launch of the HERO6) without making any relevant changes to the product design and without making any attempt to avoid infringing Contour's patents." Ex. A at 2. Further, GoPro's Interrogatory No. 11 asked Contour to describe the bases for its contention that GoPro willfully infringes the Patents-in-Suit. *See* Dkt. 474-11 at 26. On November 25, 2019, well before the close of fact discovery, Contour supplemented its initial response to Interrogatory No. 11 to further explain that "GoPro's willful infringement is evident in the new models it has released since the filing of the patent infringement action by Contour, LLC against GoPro in the United States District Court of the District of Utah without any design changes relevant to the Patents-in-Suit." *Id.* at 27. Contour provided this contention during discovery despite GoPro refusing to answer Contour's interrogatory inquiring about GoPro's design-around efforts. Ex. H at 19 ("GoPro is currently unaware of any information responsive to this interrogatory that is not subject to attorney-client privilege and/or attorney work product protection").

Fact discovery closed on January 14, 2020. Dkt. 303. Despite this, Contour and GoPro agreed that Messrs. Woodman's and Gee's depositions could take place on January 30, 2020, and January 31, 2020, respectively, to accommodate their schedules that prevented a deposition any time before the last day of fact discovery. Ex. D at 3; Ex. E; Ex. F. At no time before the close of fact discovery did GoPro produce evidence concerning Mr. Woodman's stock sales, despite its relevance. This evidence was uncovered through public record searches as part of the preparation for Mr. Woodman's deposition, which also occurred after the close of discovery. During Mr. Woodman's deposition, he testified to selling hundreds of millions of dollars worth of stock shortly after the second Patent-in-Suit issued and Contour filed its lawsuit, but before GoPro publicly disclosed its potential liability. Dkt. 398-4 at 340:7-343:23.

During Mr. Gee's deposition, Mr. Gee testified, as the corporate representative of related topics, that after having investigated Contour's competing products in 2011, and since learning of the Patents-in-Suit by January 2015, GoPro had not designed-around the Patents-in-Suit. Dkt. 493-6 at 238:15-246:3; 216:14-25. This was consistent with Contour's prior Interrogatory Response and Supplement.

Contour then filed a motion for partial summary judgment on July 8, 2020. Dkt. 376-3. In that motion, Contour advanced the evidence of willfulness that it disclosed in its March 2018 contentions and November 2019 response to Interrogatory No. 11: GoPro knew about the Patents-in-Suit by at least March

2014, or by the filing of the Utah action in January 2015, and nonetheless continued to release new infringing products without attempting to design around the patented claims. *Id.* at 17-21. Contour also advanced the evidence from Mr. Woodman's deposition that he had sold hundreds of millions of dollars worth of GoPro stock in close proximity to when the Patents-in-Suit were allowed and issued. *Id.* at 18-20. GoPro presented its explanations and defenses to Mr. Woodman's stock sales, Dkt. 398-2 at 24, but GoPro never argued that Mr. Woodman's testimony—taken after the close of fact discovery based on GoPro's agreement—or the willfulness theory should be excluded as untimely, nor did GoPro put in any evidence to show a different reason for the stock sales. Contour also advanced evidence from Mr. Gee's deposition that GoPro had investigated and copied Contour's products in 2011 and failed to design-around the Patents-in-Suit after learning of the Patents-in-Suit by at least January 2015. Dkt. 376-3 at 18, 20-21. GoPro presented its explanations and defenses to Contour's investigation and copying allegations, and GoPro admitted that despite purportedly having "'cheap non-infringing alternatives that it could have quickly adopted' to the Patents-in-Suit," it has not implemented them. Dkt. 398-2 at 24-25.

### B.      GoPro's Motion to Exclude Contour's Willfulness Evidence

On November 17, 2020, GoPro moved *in limine* to exclude certain of Contour's willfulness evidence as untimely. Dkt. 474 at 13-15. GoPro's Motion attached Contour's November 2019 supplemental response to Interrogatory No. 11, which disclosed Contour's contentions that (1) "GoPro's willful infringement is evident ***in the new models it has released since the filing of the patent infringement action*** by Contour, LLC against GoPro in the United States District Court for the District of Utah ***without any design changes*** relevant to the Patents-in-Suit," and (2) "GoPro has had knowledge of the applications that issued as the Patents-in-Suit since at least as early as March 2014," when GoPro hired one of the inventors. Dkt. 474-11 (emphasis added); Dkt. 474 at 14-15 (citing the November 2019 supplement as timely). But GoPro's Motion nonetheless misstated that "any allegations of "GoPro's continued release of new products or not designing around the Patents-in-Suit" were "[n]otably absent from this response." Dkt. 474 at 14. Moreover, GoPro's Motion did not disclose that Mr. Woodman and Mr. Gee did not testify until after the close of fact discovery.

1    Contour responded to GoPro's Motion by pointing out Contour's disclosure of the relevant

2    materials, other than Mr. Woodman's testimony, in its interrogatory responses. Dkt. 493 at 13-14.

3    Although Contour directed the Court to the most recent amended and supplemental interrogatories

4    that it served shortly after the close of fact discovery, *id.* at 13 (citing Dkt. 474-12), the same pertinent

5    information was disclosed in the earlier supplement that GoPro cited, Dkt. 474 at 14-15 (citing Dkt.

6    474-11), and in even earlier contentions (Ex. A at 2). Based on this briefing, the Court tentatively

7    denied GoPro's Motion because the evidence of willfulness was not a surprise. Dkt. 498 at 2.

8    The Court heard argument on GoPro's Motion on December 14, 2020. Dkt. 506. During that

9    hearing, GoPro's counsel acknowledged Contour's November 2019 supplement. *Id.* at 52:13-53:8.

10   The only issue GoPro argued was missing from that supplement was the testimony about

11   Mr. Woodman's stock transactions. *Id.* at 53:3-8. GoPro never took the position during the hearing—

12   because it could not—that the November 2019 supplement did not disclose GoPro's ongoing release

13   of new products and failure to design around those products after learning of the Patents-in-Suit as

14   evidence of willfulness. In fact, GoPro's counsel was explicit that GoPro was ***not*** asking the Court to

15   exclude anything in the November 2019 supplement ***or*** in Contour's February 2020 supplement. *Id*.

16   at 60:13-19 ("So we are not sitting here asking Your Honor to exclude evidence or contentions that

17   were timely disclosed in either November 25th or in the February 28th supplemental response; okay.

18   We are just asking to exclude new contentions that were not disclosed until summary judgment. And

19   that's after fact discovery and expert discovery."). As to Mr. Woodman's and Mr. Gee's testimony,

20   Contour clarified at the hearing that GoPro did not make those witnesses available until the close of

21   fact discovery. *Id*. at 59:9-15.

22       **C.       The Court's Order**

23       On January 8, 2021, the Court entered its Order on Motions in Limine, Motion to Strike and

24   Exclude, and Motions to Seal. Dkt. 510. The Court granted, among other things, GoPro's Motion to

25   exclude evidence of GoPro's release of new products without designing around the Patents-in-Suit and

26   evidence about Mr. Woodman's stock sales. *Id.* at 10 ("Specifically, GoPro homes in on (1) 'allegations

27   of copying or relating to any monitoring or investigation of Contour products by GoPro,' (2) stock sales

28

1   Woodman made, (3) 'GoPro's continued release of new products or not designing around the Patents-in-

2   Suit,' and (4) communications between GoPro and the Contour entities."). The Court found that "[o]ther

3   willfulness contentions were disclosed in response to GoPro's interrogatory [no. 11], but not these." *Id.*

4       As to GoPro's release of new products, the Court premised its finding on the misapprehension that

5   Contour first disclosed this theory in its February 2020 supplement, which the Court found was untimely.

6   *See id.* The Court did not address Contour's November 2019 supplement, the earlier March 2018

7   contentions, or GoPro's concession at the hearing that it was not seeking to exclude the issues disclosed in

8   the November 2019 or February 2020 supplements.

9       Regarding Messrs. Woodman's and Gee's testimonies, the Court similarly found that Contour did

10  not timely disclose this as evidence of willfulness during fact discovery, but the Court did not address

11  whether this failure was substantially justified given the undisputed fact that GoPro did not make

12  Messrs. Woodman and Gee available for a deposition until the close of fact discovery, and then agreed to

13  offering them for deposition out of time, or that GoPro never disclosed or produced evidence regarding

14  Mr. Woodman's stock transactions during discovery, after his deposition, in opposition to summary

15  judgment, or in moving to exclude.

16  **IV.   LEGAL STANDARD**

17      District courts may reconsider and amend previous orders under Federal Rule of Civil

18  Procedure 59(e). A motion for reconsideration is appropriate when a court's interlocutory order failed to

19  consider material facts and reconsideration would be in the interest of justice, and when the moving party

20  exercised reasonable diligence in bringing the motion. Civil Local Rule 7-9(b); *see also Opticurrent, LLC*

21  *v. Power Integrations, Inc.*, No. 17-cv-03597-WHO, 2018 U.S. Dist. LEXIS 140141, at *2 (N.D. Cal. Aug.

22  17, 2018) (Orrick, J.) (granting leave). More specifically, reconsideration is appropriate when there was

23  "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were

24  presented to the Court before such interlocutory order." Civil Local Rule 7-9(b)(3).

25

26

27

28

1

## V.     ARGUMENT

2

### A.     Contour Should be Permitted to Present Evidence that GoPro Continued to Release New Products Without Designing Around the Patents-in-Suit.

3

4

The Court entered its Order on January 8, 2021. Dkt. 510. Contour has been diligent in bringing

5

this motion, filed only weeks after the Court's Order and well in advance (three months) of the trial

6

scheduled in this case. This leaves time for the Court to order additional briefing if it so chooses. The

7

Court was presented with Contour's response to Interrogatory No. 11 dated November 2019, which

8

disclosed Contour's contention that "***GoPro's willful infringement is evident in the new models it***

9

***has released since the filing of the patent infringement action*** by Contour, LLC against GoPro in the

10

United States District Court for the District of Utah ***without any design changes relevant to the***

11

***Patents-in-Suit***." Dkt. 474-11 at 27 (emphasis added). Nevertheless, the Court found that Contour

12

failed to disclose GoPro's continued release of new products without designing around the Patents-in-

13

Suit as evidence of willfulness in response to GoPro's Interrogatory No. 11. *See* Dkt. 510 at 10 ("Other

14

willfulness contentions were disclosed in response to GoPro's interrogatory, but not these.").

15

The Court reached this conclusion after determining that Contour's February 2020

16

supplemental interrogatory response "was filed after the deadline and without leave," *id*., based on a

17

misapprehension that the February 2020 supplement was Contour's first disclosure. The Court appears

18

to have been misled by a misstatement in GoPro's motion that suggested the November 2019

19

supplement did not include the same disclosure as the February 2020 supplement. *Compare* Dkt. 474

20

at 14 (suggesting this allegation was not included "in CIPH's only timely response" to Interrogatory

21

No. 11 (citing 474-11, Contour's November 2019 supplement, as the timely response)), *with* Dkt. 474-

22

11 at 27 (Contour's November 2019 supplement disclosing this contention).

23

Reconsideration is appropriate. The Court's Order manifests a failure to consider Contour's

24

November 2019 supplement. *See* Civil Local Rule 7-9(b)(3).[2] The November 2019 supplement was

25

indisputably timely and before the Court. Dkt. 303 (setting the close of fact discovery for January

26

_____

[2] There is no dispute that Contour disclosed this contention well before the close of fact discovery.

27

Even before Contour's November 2019 supplement, Contour's March 2018 contentions explicitly disclosed Contour's contention that GoPro's continued release of new infringing products without

28

designing around the Patents-in-Suit was evidence of willfulness. *See* Ex. A at 2; Dkt. 474-11 at 27.

2020); Dkt. 474 at 14 (citing 474-11 as Contour's "Interrogatory No. 11 Response"). Although GoPro did not accurately represent Contour's response in its motion, GoPro later acknowledged the November 2019 supplement during the hearing and clarified that it was not intending to exclude the material Contour disclosed in that response or in Contour's February 2020 supplement. *See id.* at 60:13-19. The Court should therefore reconsider its Order excluding evidence of GoPro's continued release of new models without designing around the Patents-in-Suit as evidence of willfulness.

**B.     Contour Should Be Permitted to Present Evidence About Nicholas Woodman's Stock Sales and Evidence of Copying and Monitoring from Tyler Gee.**

There is no dispute that Mr. Woodman's stock sales are relevant evidence of willfulness. Dkt. 510 at 11, n. 2. The Court excluded Mr. Woodman's stock sales as evidence of willfulness based on a finding that Contour did not properly disclose them within the fact discovery period. *See* Dkt. 510 at 10. This finding is subject to reconsideration because it manifests a failure to consider the timing of the relevant evidence, which is the testimony from Mr. Woodman's deposition. Fact discovery closed on January 14, 2020. Dkt. 303. GoPro's Motion failed to disclose that GoPro did not make Mr. Woodman available until the day fact discovery closed, Dkt. 506 at 59:9-15, and then agreed to offer him for a deposition out of time. Ex. B; Ex. C; Ex. D. Contour, however, explained the timing and circumstances of these depositions during the hearing. Dkt. 506 at 59-60.

The same is true for Mr. Gee's testimony regarding GoPro's copying and monitoring of Contour's products. GoPro designated Mr. Gee as a corporate representative on several topics, including Topic 36 on GoPro's "analysis, testing, or review" of Contour's products and Topic 41 on GoPro's "attempts to design or re- design, in whole or in part, any of GoPro's products or features thereof, so as to avoid infringing any claim of any of the Patents-in-Suit." Dkt. 402-5 at 16:8-24; Ex. G at 13-14. GoPro could not or would not make Mr. Gee available for a deposition during fact discovery, so it agreed to Mr. Gee providing his testimony after the close of fact discovery. Ex. E; Ex. F; Dkt. 493-6.

The testimony of Mr. Woodman, as CEO, and Mr. Gee as a corporate designee, can be used "for any purpose." Fed. R. Civ. P. 31(a)(3). Given the timing of Messrs. Woodman's and Gee's depositions, and GoPro's role in the underlying delays, the Court should reconsider its Order because any failure to timely identify their relevant testimony was substantially justified. *See* Fed. R. Civ. P. 37(c).

1    The Court's exclusion of evidence developed at Messrs. Woodman's and Gee's respective

2    depositions is also subject to reconsideration as manifestly unjust. *See* Civil Local Rule 7-9(b). The Court's

3    Order essentially rewards GoPro for failing to produce relevant evidence and for refusing to make

4    Mr. Woodman and Mr. Gee reasonably available during fact discovery by foreclosing Contour from using

5    testimony developed at the deposition on willfulness because it was taken out of time. Contour was not

6    able to ask Mr. Woodman or Mr. Gee relevant questions and judge their credibility until after the close of

7    fact discovery. Contour was thus also unable to request additional documents or propound interrogatories

8    to follow-up on their testimony. Given that delaying those depositions until at and after the close of fact

9    discovery was at GoPro's discretion (Ex. B; Ex. C; Ex. D; Ex. E; Ex. F), it would be manifestly unjust and

10   would encourage gamesmanship to exclude evidence as untimely that was taken out of time based on

11   GoPro's witnesses' limited availability during the fact discovery period.

12       The Court should therefore grant Contour leave to move for reconsideration of the Order

13   excluding Mr. Woodman's stock sales and evidence about GoPro's monitoring and copying of Contour's

14   products as evidence of willfulness.

15   **VI.    CONCLUSION**

16       For the foregoing reasons, this Court should grant Contour's Motion and permit it to file and brief

17   a motion for reconsideration pursuant to Civil Local Rule 7-9.

18

19

20

21

22

23

24

25

26

27

28

1  DATED: February 12, 2021          Respectfully submitted,

2

3                                    By: */s/ John R. Keville*
                                     David P. Enzminger (SBN 137065)
4                                    Matthew R. McCullough (SBN 301330)
                                     WINSTON & STRAWN LLP
5                                    275 Middlefield Road, Suite 205
                                     Menlo Park, CA 94025-1203
6                                    Telephone: (650) 858-6500
                                     Facsimile: (650) 858-6550
7                                    Email: denzminger@winston.com
                                     Email: mrmccullough@winston.com

8                                    John R. Keville *(Pro Hac Vice)*
                                     Dustin J. Edwards *(Pro Hac Vice)*
9                                    William M. Logan *(Pro Hac Vice)*
                                     WINSTON & STRAWN LLP
10                                   800 Capital St., Suite 2400
                                     Houston, TX 77002-2925
11                                   Telephone: (713) 651-2600
                                     Facsimile: (713) 651-2700
12                                   Email: jkeville@winston.com
                                     Email: dedwards@winston.com
13                                   Email: wlogan@winston.com

14                                   Attorneys for Plaintiff
                                     CONTOUR IP HOLDING, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONTOUR'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
CASE NO. 17-CV-04738-WHO