UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>GOPRO, INC.,<br><br>   Defendant. | Case No. 3:17-cv-04738-WHO<br><br>**ORDER ON MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER**<br><br>Re: Dkt. No. 517 |

In a January 8, 2021, Order, I ruled on plaintiff Contour IP Holding, LLC's ("Contour"), and defendant GoPro, Inc.'s ("GoPro") nineteen motions in limine and GoPro's motion to strike and exclude portions of the report of Contour's damages expert. *See* Order on Motions in Limine, Motion to Strike and Exclude, and Motions to Seal ("Prior Order") [Dkt. No. 510]. Now, Contour moves for leave to file a motion to reconsider part of my ruling on GoPro's Motion in Limine No. 8, which excluded several different types of evidence of alleged willfulness for failure to disclose. *See* Motion for Leave to File a Motion to Reconsider ("Mot.") [Dkt. No. 517]. The motion is DENIED. I agree with Contour, however, on one of its arguments; I exercise my discretion to modify the Prior Order to permit Contour to pursue its theory of willfulness based on GoPro's alleged continued release of infringing products without design-arounds.

**LEGAL STANDARD**

Civil Local Rule 7-9 governs motions for reconsideration of interlocutory orders prior to "the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." CIV. L. R. 7-9(a). Under that rule, "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for

reconsideration without first obtaining leave of Court to file the motion." *Id.* Under Rule 7-9(b),

> The moving party must specifically show reasonable diligence in bringing the motion and one of the following: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.* 7-9(b).

Even if a motion for leave to file a motion to reconsider does not satisfy Rule 7-9, district courts have the inherent authority to modify interlocutory orders prior to entry of final judgment. *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996), *as amended* (Jan. 15, 1997). But generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law" and any other circumstances warranting reconsideration would be "highly unusual." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

This Order assumes familiarity with the Prior Order. GoPro's Motion in Limine No. 8 sought to exclude certain of Contour's evidence of the alleged willfulness of GoPro's infringement. Prior Order 10. In particular, "GoPro home[d] in on (1) 'allegations of copying or relating to any monitoring or investigation of Contour products by GoPro,' (2) stock sales [GoPro CEO Nicholas] Woodman made, (3) 'GoPro's continued release of new products or not designing around the Patents-in-Suit,' and (4) communications between GoPro and the Contour entities." *Id.* (quoting GoPro's Motions in Limine ("MIL Mot.") [Dkt. No. 474] 14)). I granted the motion in limine, finding that the evidence of alleged willfulness was insufficiently disclosed. *Id.* 10–11.

### I. Stock Sales and Allegations of Monitoring and Copying

Contour seeks reconsideration concerning the evidence regarding Woodman's stock sales because, it asserts, the Prior Order misapprehended the timeline of the discovery of that evidence,

2

leading to improper exclusion. It says that this evidence was "uncovered through public record searches as part of the preparation for Mr. Woodman's deposition . . . which . . . occurred after the close of discovery." Mot. 5. GoPro apparently would not make Woodman available for deposition before "the last day of fact discovery." *Id.* Contour represents that it could not reasonably have known that it would use the stock sales evidence until the close of fact discovery, in January 2020, by which point it had already answered the interrogatory about willfulness. The deposition occurred January 30, 2020. The allegations of copying and monitoring come from the deposition of Tyler Gee, a GoPro corporate representative witness, that occurred January 31, 2020.[1]

      I did not exclude the evidence of Woodman's sales or copying and monitoring out of a misapprehension of when the depositions took place. I excluded it because Contour never disclosed to GoPro—despite being under an obligation to do so—that it would use those stock sales or monitoring and copying allegations as evidence of willful infringement, which it proceeded to do at summary judgment. Prior Order 10–11. FRCP 26(e) requires, as relevant here, that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Yet Contour never supplemented its contention interrogatory response to include this information, even though it supplemented it to include other information after the depositions— including the use of Gee's deposition to support its product release contention.[2]

---

[1] Gee separately testified about the alleged failure to design around the patents-in-suit. Under the second section of this Order, *that* theory of willfulness was adequately disclosed. Contour's supplemental answer specifically cited that portion of Gee's deposition, not the portions on monitoring and copying.

[2] In the Prior Order, I referred to that supplemental answer as "filed after the [discovery] deadline and without leave." Prior Order 10. The Prior Order does not mean to suggest that supplemental interrogatory answers cannot be served after discovery or that parties must seek judicial approval before supplementing their responses—or that I accepted GoPro's footnoted argument that the supplement would be untimely *per se*. *See* MIL Mot. 14 n.5. That statement referenced the

3

As the Federal Circuit has explained, "answers to contention interrogatories evolve over time as theories of liability and defense begin to take shape; answers to those interrogatories may not come into focus until the end of discovery." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012). That does not mean that theories that become clear at the end of discovery are freed from the disclosure rules and may be sprung by dispositive motion: "Rule 26(e) requires that as theories mature and as the relevance of various items of evidence changes, responses to interrogatories, and particularly contention interrogatories, be corrected or supplemented to reflect those changes." *Id.* The first time it *informed* GoPro (as opposed to arguing that GoPro had the information in its possession) that it would be relying on the stock sales or allegations of monitoring and copying as evidence of willfulness was when it moved for summary judgment on willfulness, according to the record before me. *See* Dkt. No. 376-3 at 2, 19.

Contour's motion appears to be based on a misreading of the Prior Order's statement that it never disclosed this information "in response to the interrogatory" on willfulness. Prior Order 10. That does not mean that I believed those sales were discovered prior to Contour *initially* answering the interrogatory. It means that Contour did not attempt to supplement its answer to add that evidence to its willfulness contentions. In that way, the evidence was not disclosed "in response to the interrogatory."

Nor does this exclusion unjustly "reward" GoPro for "gamesmanship," as Contour argues. Mot. 11. GoPro made the decision to push Woodman's deposition until the end of discovery. If Contour wanted to change its willfulness theory in line with what it learned there, it could simply have served a supplemental interrogatory answer in a timely way that gave GoPro sufficient time

---

supplemental answer about "*new infringing products*." *Id.* (emphasis added). If that supplement was the first disclosure *of the use of those products* as evidence of willfulness, it would be untimely (because Contour has known about them for years) and would have required leave on that basis. That portion of the Prior Order is now irrelevant because the *original* interrogatory answer adequately disclosed this as a theory, as discussed later.

Because the supplemental answer was filed in February 2020, it would have been "timely" for purposes of disclosing contentions that arose from the Woodman and Gee depositions under FRCP 26(e); the Prior Order should not be understood to suggest otherwise. The supplement does not disclose Woodman's stock sales or the allegations of copying and monitoring from the Gee deposition, so its timing is irrelevant when it comes to those allegations.

4

1  to prepare a defense instead of proffering it at summary judgment.  This is also not, as explained

2  in the Prior Order, a situation in which *GoPro* needed to request more information, clarify, or

3  move to compel because it was never on notice to begin with.  Prior Order 10–11.  For the reasons

4  explained there, knowledge of the underlying facts of the stock sales or monitoring and copying

5  does not equate to automatic knowledge that Contour would use that evidence to show willfulness.

6  And GoPro raised this issue at summary judgment, the first time it was made aware of the

7  contentions, so it was adequately diligent.

## II.     Continued Release with Lack of Design-Arounds

Contour also seeks reconsideration on one of the four types of evidence excluded: GoPro's continued release of new products and alleged failure to design around the patents-in-suit.  Mot. 9–10.  In reaching my decision, I explained that GoPro had served an interrogatory on evidence of willfulness but that Contour failed in its answer to disclose that it would rely on the evidence GoPro sought to exclude.  Prior Order 10.  The Prior Order treated all four types of evidence that GoPro sought to exclude the same, including holding that they were not fairly disclosed.  I was wrong to do so.  The willfulness contention interrogatory at issue *did* disclose that, "GoPro's willful infringement is evident in the new models it has released since the filing of the patent infringement action by Contour, LLC against GoPro in the United States District Court for the District of Utah without any design changes relevant to the Patents-in-Suit."  Dkt. No. 474-11 at 4. I should not have treated release of new models without design-arounds the same as the other three types of evidence.  It was properly and timely disclosed by Contour.

Contour need not file a motion for reconsideration; this evidence was presented during the prior round of motions and GoPro had a full opportunity to make its argument.  I will exercise my discretion to amend and supersede the Prior Order on this point.  *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) ("[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").  Contour may pursue this theory of willful infringement—but not the other ones excluded in the Order—at trial.

**CONCLUSION**

The motion for leave to file a motion to reconsider is DENIED. The Prior Order is AMENDED as explained above.

**IT IS SO ORDERED.**

Dated: March 30, 2021



William H. Orrick
United States District Judge