1   John R. Keville (*Pro Hac Vice*)
    jkeville@winston.com
2   Dustin Edwards (*Pro Hac Vice*)
    dedwards@winston.com
3   William M. Logan (*Pro Hac Vice*)
    wlogan@winston.com
4   WINSTON & STRAWN LLP
    800 Capitol St., Suite 2400
5   Houston, TX 77002-2925
    Telephone: (713) 651-2600
6   Facsimile: (713) 651-2700

7   David P. Enzminger (SBN 137065)
    denzminger@winston.com
8   Matthew R. McCullough (SBN 301330)
    mrmccullough@winston.com
9   WINSTON & STRAWN LLP
    275 Middlefield Road, Suite 205
10  Menlo Park, CA 94025-1203
    Telephone:    (650) 858-6500
11  Facsimile:    (650) 858-6550

12  Attorneys for Plaintiff
    CONTOUR IP HOLDING, LLC
13

14

15                   UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

                     SAN FRANCISCO DIVISION
17

| 18  CONTOUR IP HOLDING, LLC | **Case No. 17-cv-04738-WHO** |
|---|---|
| 19         Plaintiff, | **PLAINTIFF CONTOUR IP HOLDING, LLC'S UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| 20      v. | |
| 21  GOPRO, INC. | JUDGE WILLIAM H. ORRICK |
| 22         Defendant. | |

23

24

25

26

27

28

## I.     INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Contour IP Holding, LLC ("Contour") files this Administrative Motion to Consider Whether Cases Should be Related.  The two cases at issue are listed below:

| Case No. | Case Name | Filing Date | Current Judge | Time Pending Before Current Judge |
|---|---|---|---|---|
| 17-cv-04738 | *Contour IP Holding, LLC v. GoPro, Inc.* | 11/30/2015 | District Judge William H. Orrick | 8/22/2017 – present |
| 21-cv-02143 | *Contour IP Holding, LLC v. GoPro, Inc.* | 3/26/2021 | Magistrate Judge Joseph C. Spero | 3/26/2021 – present |

The two cases are closely related to one another.  The -2143 case involves the same parties as this case: Contour and Defendant GoPro, Inc. ("GoPro").  *Compare* Dkt. 1 *with* Ex. A (-02143 case, Dkt. 1, Complaint).  Both cases involve the same two patents and same causes of action (direct, induced, and contributory infringement of each patent).  *Id.*  The newly filed -2143 case covers GoPro cameras (HERO7, HERO8, MAX, and HERO9) that are newer generations of the products in this case (spanning from HERO2 to HERO6 and Fusion).  *Id.*; *see also* Dkt. 524.  The new cameras identified in the -2143 case were released after the filing of this lawsuit, and the Court recently decided that such cameras could not be the subject of an accounting in this case.  *See* Dkt. 524.  This Court has gained extensive familiarity with the patents and technology in this case, presiding over the case for over three years, including Rule 12 motion practice, claim construction, summary judgment, Daubert, and motions *in limine*.  Additionally, this Court will soon preside over a trial in this case.

Accordingly, this case and the -2143 case involve the same parties, the same property ('954 and '694 patents), and the Court has gained extensive familiarity with the issues such that there would be an unduly burdensome duplication of labor and risk of conflicting results if the -2143 case were assigned to a different judge.  Accordingly, Contour hereby moves that the -2143 case be deemed related to this case. GoPro does not oppose this Motion, and a stipulated proposed order is attached.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   ARGUMENT

Civil Local Rule 3-12 defines cases as related when:

(1)  The actions concern substantially the same parties, property, transaction or event; and

(2)  It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civ. L.R. 3-12.  Here, both prongs are met and the two cases should therefore be deemed related.

### A.   Both cases concern substantially the same parties, property, transaction or event.

Both cases involve the same two parties: Contour and GoPro.  *Compare* Dkt. 1 *with* Ex. A. Both cases also involve the same property: Contour's U.S. Patents Nos. 8,890,954 ("'954 patent") and 8,896,694 ("'694 patent").  *Id.*; *Financial Fusion, Inc. v. Ablaise Ltd.*, No. C-06-2451 PVT, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (two cases involve the same property when the same patents are asserted).  Both cases also involve at least some of the same transactions or events: Contour alleges direct, induced, and contributory infringement by GoPro on similar camera products.  *Id.*  GoPro's acts of inducement and contributory infringement include, *inter alia*, promotion of the GoPro smartphone applications, SD cards, and/or mounts which are compatible with the cameras involved in both cases.  *See, e.g.*, Ex. A at ¶¶ 25, 30–43.

Thus, the parties and property are identical between the two cases, and the transaction and events at least partially overlap, and the two cases therefore satisfy the first prong of Rule 3-12(a).

### B.   There will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

This Court has gained substantial experience relating to the asserted patents, presiding over virtually every major decision in this case since it was transferred in from the District of Delaware. Specifically, this Court has presided over the case for over three years, since August 22, 2017.  *See* Dkt. 180.  This Court has rendered substantive decisions on GoPro's Rule 12 Motion (Dkt. 213), claim construction (Dkt. 251), the scope of IPR estoppel (Dkt. 335), summary judgment (Dkts. 444 & 445), *Daubert* motions (Dkts. 444, 445, & 510), motions *in limine* (Dkt. 510), and remedies of an accounting or ongoing royalty (Dkt. 524).  The Court will soon preside over a trial in this matter.

2

1    This Court has therefore gained substantial experience with the patents, their construction, and

2    the accused GoPro technology (which at least partially overlaps between the cases as the same

3    smartphone app, SD cards, and/or mounts are involved in both cases).  Additionally, this Court's recent

4    decision on an accounting and ongoing royalty related to the new cameras specifically accused in the

5    -2143 case, *i.e.* the HERO7, HERO8, MAX, and HERO9 cameras.  *See* Dkt. 524.  This Court has also

6    heard certain argument relating to potential claim splitting/preclusion arguments that GoPro may

7    assert in the -2143 case.  *See, e.g.*, Dkt. 524 at 4, 6, 13 & n.3.

8    Accordingly, this Court has substantial experience with issues that will be common to both

9    cases, and if the cases were assigned to different judges, there would be a significant risk of unduly

10   burdensome duplication of labor by the judge in the -2143 case.  Additionally, there would be a risk

11   of conflicting decisions (*e.g.*, on claim construction) if the -2143 case were assigned to a different

12   judge.  Thus, the two cases satisfy the second prong of Rule 3-12(b).

13   **III.    CONCLUSION**

14   The below two cases satisfy both prongs of Rule 3-12 and the Court should therefore deem

15   these two cases related:

16

17

| Case No. | Case Name | Filing Date | Current Judge | Time Pending Before Current Judge |
|---|---|---|---|---|
| 17-cv-04738 | *Contour IP Holding, LLC v. GoPro, Inc.* | 11/30/2015 | District Judge William H. Orrick | 8/22/2017 – present |
| 21-cv-02143 | *Contour IP Holding, LLC v. GoPro, Inc.* | 3/26/2021 | Magistrate Judge Joseph C. Spero | 3/26/2021 – present |

21   GoPro does not oppose this requested relief, and the parties hereby attach a joint stipulated

22   proposed order.

23

24

25

26

27

28

3

1

2    Dated: March 31, 2021                              */s/ Matthew R. McCullough*

3                                                        John R. Keville (*Pro Hac Vice*)
                                                         jkeville@winston.com
                                                         Dustin Edwards (*Pro Hac Vice*)
4                                                        dedwards@winston.com
                                                         William M. Logan (*Pro Hac Vice*)
5                                                        wlogan@winston.com
                                                         WINSTON & STRAWN LLP
6                                                        800 Capitol St., Suite 2400
                                                         Houston, TX 77002-2925
7                                                        Telephone: (713) 651-2600
                                                         Facsimile: (713) 651-2700

8
                                                         David P. Enzminger (SBN 137065)
9                                                        denzminger@winston.com
                                                         Matthew R. McCullough (SBN 301330)
10                                                       mrmccullough@winston.com
                                                         WINSTON & STRAWN LLP
11                                                       275 Middlefield Road, Suite 205
                                                         Menlo Park, CA 94025-1203
12                                                       Telephone:    (650) 858-6500
                                                         Facsimile:    (650) 858-6550

13
                                                         Attorneys for Plaintiff
14                                                       CONTOUR IP HOLDING, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

**CERTIFICATE OF SERVICE**

2        On March 31, 2020, I served a copy of the foregoing Motion by filing such motion through

3   ECF, which will automatically serve copies on Defendant GoPro, Inc.'s counsel.  *See* Civ. L.R. 5-1(h).

4   Additionally, Defendant's counsel in this case previously consented to service of the complaint in the

5   -2143 matter by email, and thus service through ECF in this case will also effectuate service on GoPro,

6   via its counsel, in the -2143 case.

7

8    Dated: March 31, 2021                    */s/ Matthew R. McCullough*

9                                             Matthew R. McCullough

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONTOUR'S UNOPPOSED ADMIN MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 17-CV-04738-WHO