UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | Case No. 3:17-cv-04738-WHO<br><br>**ORDER ON INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 554 |

Based on the parties' joint submission, I rule as follows. GoPro will be limited in the second suit to no more than 15 prior art references and 30 prior art combinations, the same number permitted in the first suit—indeed, the same number it agreed to in the first suit. *See* January 17, 2017 oral order (between Dkt. Nos. 112 and 113); Dkt. No. 219 (stipulated order adopting same limitation). The parties should stipulate to a timeline for GoPro to make this narrowing and submit a joint letter brief within seven days if they cannot.

It is true, as GoPro argues, that the limits from the first case need not automatically bind the second because even consolidated cases remain in some senses separate. *See Hall v. Hall*, 128 S.Ct. 1118, 1125 (2018). Nor do the Local Patent Rules place automatic limits. But courts may still place reasonable limits on the volume of prior art references as a matter of prudent case management. *See MyMedical Recs., Inc. v. Walgreen Co.,* No. 2:13-CV-00631-ODW, 2014 WL 2931695, at *1 (C.D. Cal. June 27, 2014) (citing authorities); *see, e.g.*, Federal Circuit Model Order Limiting Excess Patent Claims and Prior Art (placing such limits). Further, claim construction has now occurred, so it is fair for GoPro to narrow its contentions to what will ultimately be permitted. GoPro must be clear about which specific references and combinations will be at issue, rather than relying on countless unidentified combinations. *Cf. Ironworks Patents*

1  *LLC v. Samsung Elecs. Co.*, 2017 WL 4573366, at *3 (N.D. Cal. Oct. 13, 2017) (striking

2  contentions when "[i]t is impossible to determine from Samsung's disclosures what claims it

3  contends are obvious and what combination of references renders the claim obvious").

4  But striking the invalidity contentions in their entirety, as Contour urges, would be unfair

5  and it has pointed to no authority that suggests it is required. Contour chose to launch a second

6  lawsuit and expanded its infringement contentions, inviting new invalidity theories. Contour has

7  also been aware of this issue for several months, but only acted now; it cannot manufacture the

8  windfall of avoiding *any* invalidity arguments. It is, however, entitled to a reasonably manageable

9  universe of prior art references, which I impose here.

10  **IT IS SO ORDERED.**

11  Dated: September 15, 2021



William H. Orrick
United States District Judge