John R. Keville *(Pro Hac Vice)*
Dustin J. Edwards *(Pro Hac Vice)*
William M. Logan *(Pro Hac Vice)*
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com
Email: dedwards@winston.com
Email: wlogan@winston.com

David P. Enzminger (SBN 137065)
Matthew R. McCullough (SBN 301330)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025-1203
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
Email: denzminger@winston.com
Email: mrmccullough@winston.com

Attorneys for Plaintiff
CONTOUR IP HOLDING, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>                        Plaintiff,<br><br>      v.<br><br>GOPRO, INC.,<br><br>                       Defendant. | **CONSOLIDATED**<br>Case No. 17-cv-04738-WHO<br>Case No. 21-cv-02143-WHO<br><br>**PLAINTIFF CONTOUR IP HOLDING, LLC'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Plaintiff Contour IP Holding LLC ("Contour") hereby moves this Court for an order granting them leave to file a motion for reconsideration of this Court's November 8, 2021 Order Granting Motion for Leave to File Amended Complaint (Dkt. 585) ("Order"). As required by Civil Local Rule 7-9, Contour respectfully contends, as discussed more fully below, that the Order is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Pursuant to Civil Local Rule 7-9(d), no response need be filed and no hearing will be held concerning this Motion, unless otherwise ordered by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The Court's Order granted GoPro leave to amend and allege inequitable conduct, based on both an inventorship argument and an allegedly independent argument. Order at 7–8. Contour files this Motion solely with respect to the non-inventorship argument[1] because the Court mistakenly held that the requirement to plead that allegedly non-disclosed information is not cumulative only applies to non-disclosure of prior art. *Id.* at 8–9. Accordingly, Contour requests leave to file a motion for reconsideration so that the Court can apply the non-cumulative requirement to this non-inventorship theory and thus dismiss the non-inventorship theory as inadequately pled.

## II.    THE COURT'S PRIOR ORDER

In its order, the Court stated that GoPro plausibly alleged the 'how' and 'why' of inequitable conduct for the non-inventorship argument as follows:

> The third purported reason—that the undisclosed use of Ambarella components overcame past prior art rejections—does not depend on the inventorship theory. It too is plausibly material: If GoPro is correct that the dual-streaming is the sole point of novelty or that Ambarella components were necessary for approval over the prior art, a reasonable patent examiner would have rejected the patent without them as non-novel or anticipated.

Order at 8.

---

[1] Contour continues to deny the inventorship theory, and reserves all rights and defenses with respect to that theory.

1      In briefing, Contour argued that GoPro failed to plead that any alleged non-disclosed

2  information was non-cumulative.  Dkt. 570 at 1, 8–9.   Specifically, Contour made the following

3  argument considering the legal standard: that "a pleading 'also must adequately allege that the

4  withheld *information* was non-cumulative of the prior art before the examiner.'" Dkt. 570 at 8

5  (quoting *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, No. 19-CV-00802-LHK, 2021

6  WL 1405477, at \*7 (N.D. Cal. Apr. 14, 2021)) (emphasis added).   The Court responded to that

7  argument by holding that the non-cumulative requirement did not apply because GoPro's theory was

8  not based on prior art:

9          But that requirement is about inequitable conduct based on omitting *prior art*.  *See id.*
            GoPro's theory is instead that Contour withheld that the novelty of its invention depended
10          on undisclosed technology from third parties that (allegedly) was already known. Contour
            has not shown that the "non-cumulativity" rule has any application to these facts.
11

12  *Id.* at 8–9 (original emphasis).  Contour never had a chance to address this contention because GoPro

13  had never argued that the non-cumulative requirement did not apply to its pleading.  Indeed, neither

14  GoPro's motion nor reply make any reference to the non-cumulative requirement.  *See generally* Dkts.

15  559, 576-3.  Thus, consistent with Civil Local Rule 7-9(c), Contour had no opportunity to address this

16  contention until this Motion, which it diligently filed just two days after entry of the Court's order.

17  **III.    LEGAL STANDARD**

18      District courts may reconsider and amend previous orders under Federal Rule of Civil

19  Procedure 59(e).  A motion for reconsideration is appropriate when there was "a manifest failure by the

20  Court to consider material facts or dispositive legal arguments presented before entry of judgment."

21  Civil Local Rule 7-9(b); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d

22  1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear

23  error or the initial decision was manifestly unjust").

24  **IV.    ARGUMENT**

25      **A.    The Court erred in holding that the non-cumulative requirement only applies to prior
            art theories.**
26

27      The law is clear that the non-cumulative requirement applies to any information allegedly not

28  disclosed to the Patent Office, not just to prior art.  For example, the Federal Circuit held that a pleading

2

must contain allegations "to explain both 'why' the withheld **information** is material and not cumulative, and 'how' an examiner would have used this **information** in assessing the patentability of the claims." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329–30 (Fed. Cir. 2009) (emphasis added). Although *Exergen* involved prior art, the Federal Circuit's statement of the legal standard makes clear that the non-cumulative requirement applies to any withheld "information." *Id.*

This is also consistent with the Patent Office's regulation defining the duty to disclose, which repeatedly states that the duty applies to all "information" material to patentability:

> (a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of ***all information material to patentability***. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office ***all* information *known to that individual to be material to patentability*** as defined in this section. . . .
>
> (b) Under this section, ***information is material to patentability*** when it is **not cumulative to *information* already of record** or being made of record in the application, and
>
>> (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or
>>
>> (2) It refutes, or is inconsistent with, a position the applicant takes in:
>>
>>> (i) Opposing an argument of unpatentability relied on by the Office, or
>>>
>>> (ii) Asserting an argument of patentability.
>
> A prima facie case of unpatentability is established when the ***information*** compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

37 C.F.R. § 1.56(a)–(b). The regulation is not limited to prior art, but instead applies to all "information" material to patentability; such information is material only when it is "not cumulative to information already of record." *Id.*

Thus, the law is clear that the non-cumulative requirement applies to any allegedly withheld information, not just prior art. The Court's holding that the non-cumulative requirement is limited to theories "based on omitting *prior art*" (Order at 8 (original emphasis)) represents a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the

Court before such interlocutory order" under Civil L.R. 7-9(b), and thus warrants reconsideration. Specifically, the Court dismissed Contour's argument that GoPro failed to plead that the allegedly non-disclosed information was non-cumulative (Dkt. 570 at 8–9) based on the wrong legal standard, and thus incorrectly held that GoPro's non-inventorship theory stated a plausible claim.  Had the Court applied the Court legal standard, it should have dismissed GoPro's non-inventorship theory (relating to "Ambarella components," Order at 8) because GoPro failed to make any pleading that this allegedly non-disclosed information was not cumulative of information already disclosed to the Patent Office, for example the 13 different Ambarella-related references cited on the face of the patent (Dkt. 570 at 2–3).

Contour therefore respectfully requests the Court grant leave for it to file a motion for reconsideration so that the Court may reconsider its order with respect to whether GoPro's non-inventorship inequitable conduct theory states a plausible claim, while properly applying the non-cumulative requirement.

## V.     CONCLUSION

For the foregoing reasons, this Court should grant Contour's Motion and permit it to file and brief a motion for reconsideration pursuant to Civil Local Rule 7-9.

DATED: November 10, 2021          Respectfully submitted,


By: */s/ John R. Keville*
David P. Enzminger (SBN 137065)
Matthew R. McCullough (SBN 301330)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025-1203
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
Email: denzminger@winston.com
Email: mrmccullough@winston.com

John R. Keville *(Pro Hac Vice)*
Dustin J. Edwards *(Pro Hac Vice)*
William M. Logan *(Pro Hac Vice)*
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2600

Facsimile: (713) 651-2700
Email: jkeville@winston.com
Email: dedwards@winston.com
Email: wlogan@winston.com

Attorneys for Plaintiff
CONTOUR IP HOLDING, LLC