UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | Case No. 3:17-cv-04738-WHO<br><br>**TENTATIVE RULING AND HEARING PROCEDURE** |

For the reasons outlined below, I am tentatively inclined to grant GoPro's motion for summary judgment that the claims at issue claim unpatentable subject matter under *Alice*. Because that determination would moot the remaining issues, each party will have 30 minutes to address it and no other matters. If, after the hearing and a further review of the papers, I determine that GoPro's motion will be denied, I will quickly set another hearing to discuss the remaining issues.

Briefly, my reasoning is that at step one, the claims appear to be directed to two abstract ideas: (1) generating and streaming video (at two different resolutions) and (2) controlling the specified settings of the video with a personal portable computing device. Those formulations are not stated at too high a level of generality; they are what the claims themselves recite. Those abstract ideas are embodied in a generic environment. In describing the camera parts that perform them, the claims use only functional, ends-oriented language. Contour does not point to anything that is both an advance over the prior art and non-generic.

At step two, the claims appear to lack a sufficiently inventive concept. It appears that Contour and Dr. Hu only point to claim limitations that do not amount to significantly more than the generic embodiment of the abstract ideas themselves. While it appears true that the claim was

trying to solve a problem with (at least some) POV cameras, the purported "solution to [the] problem[] is the abstract idea[s] [themselves]." *Yu v. Apple Inc.*, 1 F.4th 1040, 1044 (Fed. Cir. 2021). And Contour now admits that it did not invent the Ambarella chip and admits that the chip was prior art.

Dated: January 31, 2022

William H. Orrick
United States District Judge