1

2

3

4                               UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7        CONTOUR IP HOLDING, LLC,                    Case No.  17-cv-04738-WHO

8                      Plaintiff,

9               v.                                   **TENTATIVE RULING AND HEARING
                                                     PROCEDURE**
10       GOPRO, INC.,

11                     Defendant.

12

13          At the February 12, 2025, hearing, each party will have a total of 30 minutes to address

14   any motion or collection of motions it chooses.  Argument will proceed as follows: GoPro will

15   argue first and choose the initial issue.  Contour may respond and choose the next issue.  And so

16   forth.  To help the parties focus their arguments, below are the tentative rulings on the pending

17   motions.

18   **The Motions for Summary Judgment**

19        **Infringement**

20          I am inclined to grant summary judgment in favor of Contour for the HERO7 Black,

21   HERO8 Black, and MAX cameras, which remain capable of the infringing functionality under

22   claim 11 of the '954 Patent.  Despite GoPro's modification of its mobile app, these devices are

23   still capable of operating in the infringing manner.

24          The HERO7 Silver and HERO7 White cameras likewise appear to infringe.  Contour's

25   expert has demonstrated that these devices, although they use Qualcomm chips, generate two

26   parallel video streams of differing quality.  This satisfies the "generate" limitation of claim 11.

27   GoPro relies on general, factually unsupported critiques of Contour's expert rather than pointing

28   to substantive factual disputes regarding the Qualcomm chip's functionality.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    I am inclined to grant summary judgment to GoPro regarding the HERO9 Black camera.

2    The device's "live streaming" feature does not meet the claim's requirement for direct

3    transmission to a personal portable computing device "for display."  To the extent that the parties

4    disagree concerning the use of a portable computing device as a mobile hotspot, they should

5    discuss it at the hearing.

6    **IPR Estoppel**

7    I am inclined to grant summary judgment for Contour on this issue.  The product manuals

8    relied upon by GoPro qualify as printed publications under 35 U.S.C. § 315(e)(2).  GoPro has not

9    demonstrated that the physical devices contain material claim limitations not disclosed in these

10    manuals.  I am persuaded to join courts that apply IPR estoppel to a physical device when it is

11    materially identical to a patent or printed publication.

12    **Inequitable Conduct and Improper Inventorship**

13    I am inclined to deny summary judgment for both parties on GoPro's inventorship claim.

14    Disputes remain regarding the role of Ambarella engineers in the development of the dual-

15    streaming functionality.

16    As to GoPro's argument concerning Contour's alleged misrepresentation or omissions

17    before the USPTO outside of inventorship, it appears that it cannot meet the high bar required to

18    prove Contour withheld material information with the intent to deceive the USPTO.  I am inclined

19    to grant summary judgment for Contour on this issue.

20    **Looxcie Prior Art Theory**

21    I am inclined to deny Contour's motion to exclude GoPro's reliance on Looxcie as prior art

22    under 35 U.S.C. § 102(a) and (b).  The discovery order striking the § 102(g) theory does not

23    foreclose these other arguments, and the business records exception likely applies to GoPro's

24    documentary evidence.

25    **GoPro's Motion to Exclude Expert Testimony**

26    I am inclined to deny the motion to exclude Dr. Ugone's opinions concerning the 33.3%

27    apportionment analysis.  His reliance appears based on consultations with Contour's technical

28    expert, as is consistent with accepted practice.  Any disputes go to the weight of his testimony

1  rather than its admissibility.

2      I am likewise inclined to deny the motion to exclude Dr. Ugone's reliance on the Contour-

3  Element license.  The record shows that the license: (1) relates to similar electronics patents, (2)

4  was negotiated at arm's length, and (3) specifically apportions the Asserted Patents at issue.

5      Finally, I am inclined to grant the motion to exclude as to references to the iON license, for

6  reasons I have previously explained.  *See* Order on Motions for Summary Judgment and to

7  Exclude [Dkt. No. 673].

8  Dated: February 11, 2025

9  

10  
William H. Orrick
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3