UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | Case No. 17-cv-04738-WHO<br><br>**ORDER ON THE MOTION TO SEAL AND THE PROPOSED REDACTIONS**<br><br>Re: Dkt. Nos. 696, 712 |

Pursuant to my March 24, 2025, Order ("March 2025 Order," tentatively filed under seal), the parties have identified the portions of that Order one or both contend should remain under seal and Contour submitted a declaration in support of continued sealing of information it identified as confidential. Dkt. Nos. 709, 712. The joint motion to seal identified portions of the March 2025 Order is DENIED, except for information at pages 41–42.

In general, compelling justifications have not been shown to justify continued sealing the Order's discussion of what appears to be stale and sometimes hypothetical licensing and royalty rates, as well as product development information from a decade or more ago. Much of this has been discussed in open court. While I have allowed some of this information to be sealed in the past, the generalized declarations in support of sealing recently submitted by Contour and GoPro do not address or show how disclosure of this information could cause them *current* economic harm.

The one exception is for the information regarding the licensing agreement with third-party Element on pages 41–42 of the March 2025 Order. That information appears to concern a confidential license agreement effective October 2021. Only limited information (41:27–42:1)

will be redacted from the publicly filed version of the March 2025 Order.[1]

GoPro's motion to seal portions of its Supplemental Brief (Dkt. No. 696-4) discussing in very general terms information related to third party Ambarella, as well as the related deposition testimony and discovery responses, is DENIED. This information was likewise discussed during the argument on these motions, appears to be very general, and the declarations do not make a compelling case that disclosure of this information now could cause harm to a party or a third party. The Clerk shall UNSEAL Dkt. Nos. 696-4, 696-6, 696-8 and 696-10.

This case is headed to trial. Counsel and the parties are advised that I do not intend to close trial proceedings in any way absent an exceptional showing of necessity to protect a party from the likelihood of a significant economic harm, which I do not think exists in this case.[2] They should alert the court at the Pretrial Conference to any potential sealing issues and meet and confer on proposed procedures/protocols to protect any compellingly protected information while keeping the courtroom open.

**IT IS SO ORDERED.**

Dated: April 14, 2025

William H. Orrick
United States District Judge

---

[1] Exhibit A of Dkt. 712, the fully unredacted Order, may remain under seal.

[2] *Compare Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1102 (9th Cir. 2016) (explaining the standard to file documents under seal) with *Sacramento Bee v. U.S. Dist. Ct. for E. Dist. of California, N. Div.*, 656 F.2d 477, 481–83 (9th Cir. 1981) (detailing the process a court must take when faced with a closure motion).