1   JOHN D. HAYNES (State Bar No. 340599)
    **ALSTON & BIRD LLP**
2   One Atlantic Center
    1201 West Peachtree Street
3   Atlanta, GA 30309-3424
    Telephone:     404-881-7000
4   Facsimile:     404-881-7777
    john.haynes@alston.com
5
    PHILIP DUCKER (State Bar No. 262644)
6   MICHELLE CLARK (State Bar No. 243777)
    **ALSTON & BIRD LLP**
7   55 Second Street, Suite 2100
    San Francisco, CA 94105
8   Telephone:     415-243-1000
    Facsimile:     415-243-1001
9   phil.ducker@alston.com
    michelle.clark@alston.com
10  dana.zottola@alston.com

11
    *Attorneys for Defendant GOPRO, INC.*
12
    *Additional counsel on signature page*
13
                    **UNITED STATES DISTRICT COURT**
14
                    **NORTHERN DISTRICT OF CALIFORNIA**
15
                    **SAN FRANCISCO DIVISION**
16

17  CONTOUR IP HOLDING, LLC,              LEAD CASE NO. 3:17-cv-04738-WHO
                                          CONSOL. CASE NO. 3:21-cv-02143-WHO
18              Plaintiff,
                                          Hearing Date:  N/A (Civil L.R. 7-9(d))
19      v.                                Location:  N/A

20  GOPRO, INC.,                          **GOPRO'S NOTICE OF MOTION
                                          AND MOTION FOR LEAVE TO FILE
21              Defendant.                MOTION FOR PARTIAL
                                          RECONSIDERATION OF DKT. NO. 708;
22                                        MEMORANDUM OF POINTS AND
                                          AUTHORITIES**
23
24                                        Judge: William H. Orrik
25
26
27
28

────────────────────────────────────────────────
GOPRO'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF DKT. NO. 708
CASE NO. 3:17-CV-04738-WHO, 21-CV-02143-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE pursuant to Northern District of California Civil Local Rule 7-9(b)(3) Defendant GoPro, Inc. ("GoPro"), by and through their counsel, hereby moves this Court to grant leave to file a motion for partial reconsideration of the Court's Order on the Motions for Summary Judgment, Motion to Exclude Expert Testimony, and Motion to Seal (Dkt. No. 708, "Summary Judgment Order") regarding IPR Estoppel.  This Motion is based on the following Memorandum of Points and Authorities, all exhibits and other documents of record, and any other matter that may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to Civil L.R. 7-9, Defendant GoPro, Inc. ("Defendant" or "GoPro") respectfully requests leave to seek reconsideration, based on a material change in law, of the Court's order granting summary judgment that "GoPro's invalidity theories under 35 U.S.C. §§ 102 and 103 related to Sony, Canon, and Nikon products are barred by IPR estoppel." Dkt. 708 at 16-17.  On May 7, 2025, over a month after the Court issued its Summary Judgment Order, the Federal Circuit clarified the law on IPR estoppel in *Ingenico Inc., et al. v. Ioengine, LLC*.  In that case, the Federal Circuit held that 35 U.S.C. § 315(e)(2) does not foreclose a defendant in a district court action from challenging patent validity on the basis that "the claimed invention was known or used by others, on sale, or in public use" even if the evidentiary basis is "entirely cumulative and substantively identical [to] . . . printed publications that reasonably could have been raised during the IPR." 2023-1367, 2025 U.S. App. LEXIS 10956 (Fed. Cir. May 7, 2025) ("Exhibit A").

In its motion for summary judgment, Plaintiff Contour IP Holdings, LLC ("CIPH") argued that GoPro's invalidity theories based on the public use or sale of Sony, Canon, and Nikon products were barred by IPR estoppel because the material aspects of the prior art products were disclosed in various product documentation including product manuals that could have been raised during the IPR. Dkt. No. 606-4 at 8-9.  Though the Court recognized that "[t]his issue has not yet been addressed by the Federal Circuit," the Court concluded that IPR estoppel applies because the proper interpretation of "grounds" in 35 U.S.C. § 315(e)(2) encompasses "physical devices that are materially identical to a patent or printed publication." Dkt. No. 708 at 23.  After the Court issued its Summary Judgment Order, the Federal Circuit clarified that physical devices described through patents and printed publications **are not subject to IPR estoppel**.  Ex. A at 16.  Specifically, the Federal Circuit clarified that "**IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR, such as that the claimed invention was known or used by others, on sale, or in public use**." *Id.* (emphasis added).

The Federal Circuit's interpretation of "grounds," as used in 35 U.S.C. § 315(e)(2), is materially different from this Court's and merits reconsideration of the Court's entry of summary judgment.

## II.    LEGAL STANDARD

Local Rule 7-9(b) provides that a party moving for leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

The Ninth Circuit has interpreted Civil Local Rule 7-9(b)(2)'s "change of law" language as an "intervening change in the controlling law."  *Roberts v. AT&T Mobility LLC*, 801 F. App'x 492, 494 (9th Cir. 2020) (quoting *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III.    ARGUMENT

In light of the Federal Circuit's holding in *Ingenico*, GoPro respectfully submits that the Court should reconsider the Summary Judgment Order and permit GoPro to submit evidence and argument relating to the validity of the Asserted Patents.  For efficiency, GoPro's proposed Memorandum of Points and Authorities in support of reconsideration is attached hereto as Exhibit B.[1]

### A.    The Law Changed Following Entry of The Court's Order (Dkt. 708)

A motion for reconsideration is appropriate in this case because the Federal Circuit published its decision in *Ingenico* after the Court determined that IPR estoppel should apply to fifteen of GoPro's asserted invalidity grounds.  Pursuant to Local Rule 7-9, a party may seek leave to file a

---

[1] GoPro reserves the right to modify its proposed motion prior to filing to the extent necessary to address any questions or considerations raised by the Court or CIPH.  The Parties' met and conferred regarding GoPro's proposed motion on May 9, 2020.  At the time, CIPH declined to take a position regarding GoPro's motion.

1   motion for reconsideration of any interlocutory order "before the entry of a judgment adjudicating all

2   of the claims and the rights and liabilities of all the parties in a case" based on "the emergence of new

3   material facts or a change of law occurring after the time of such order."

4        At the time of its original ruling on March 24, 2025, the Court recognized that there was a

5   split of authority regarding the scope of IPR estoppel and that the issue had not "yet been addressed

6   by the Federal Circuit." Dkt. 708 at 21-23.  Based on its review of District Court cases reflecting that

7   split, the Court held that "grounds" under 35 U.S.C. § 315(e)(2) should be interpreted "broadly" to

8   encompass "physical devices that are materially identical to a patent or printed publication." *Id.* at

9   23. Based on this interpretation, the Court determined that GoPro was estopped from asserting

10  invalidity based on certain prior art products because, though the products themselves could not have

11  been raised in the IPRs, GoPro's expert "could not identify additional functionality in the physical

12  devices not reflected in the printed publications." *Id*. at 19.

13       The Federal Circuit, in *Ingenico Inc. v. IOEngine, LLC* addressed a materially identical factual

14  scenario and came to the opposite conclusion from this Court.  Ex. A at 11.  There, as here, the

15  patentee claimed that IPR estoppel applied because the prior art product at issue (the "Firmware

16  Upgrader") "was entirely cumulative and substantively identical to the Readme instructions and

17  screenshots—which, according to IOENGINE, are printed publications that reasonably could have

18  been raised during the IPR." *Id*. at 2.  Just as this Court did, the Federal Circuit recognized that the

19  resolution of the dispute "depends on the proper interpretation of the term 'ground' used in 35 U.S.C.

20  § 315(e)(2)" and noted that "there is a split among district courts about its proper interpretation." *Id*.

21  at 11.  However, the Federal Circuit found that "Congress intentionally limited IPRs to grounds that

22  the claimed invention was patented or described in a printed publication" and that "a ground is not

23  the prior art asserted during an IPR." *Id*.  Based thereon, the Federal Circuit held that "IPR estoppel

24  does not preclude a petitioner from asserting the same prior art raised in an IPR in district court, but

25  rather precludes a petitioner from asserting grounds that were raised or reasonably could have been

26  raised during an IPR." *Id*. at 14.  Since the only challenges that a petitioner "can make during an IPR

27  are that the claims were patented or described in a printed publication," **IPR estoppel "does not**

28  **preclude a petitioner from relying on the same patents and printed publications as evidence in**

**asserting a ground that could not be raised during the IPR, such as that the claimed invention was known or used by others, on sale, or in public use.**" *Id*.

The decision in *Ingenico* clarifies the meaning of "ground" under 35 U.S.C. § 315(e)(2) and is therefore material to the Court's summary judgment decision regarding IPR estoppel.  Since this Court rendered its decision on summary judgment before *Ingenico* was issued, GoPro respectfully requests the opportunity to address the impact of this decision on the Court's determination that IPR estoppel precludes GoPro from presenting its invalidity defenses based on the prior public use or sale of Sony, Cannon, and Nikon cameras.

### B.    GoPro Showed Reasonable Diligence in Bringing This Motion

GoPro brought this motion within days of the Federal Circuit's issuance of the *Ingenico* decision and is submitting herewith its proposed motion for reconsideration.  The *Ingenico* decision was decided and published on May 7, 2025.  Ex. A.  GoPro raised the case and its impact on GoPro's invalidity defenses with CIPH on May 9, 2025.  Clark Declaration at 1.   At the time, CIPH's counsel recognized that the decision was so recent that counsel had not had the opportunity to review it yet. *Id*.   CIPH's counsel thus declined to take a position regarding GoPro's proposed request for reconsideration.  *Id*.  There can be no dispute that GoPro raised and sought to address this material change in law promptly and with reasonable diligence.

### IV.    CONCLUSION

For the foregoing reasons, GoPro respectfully requests this Court grant GoPro leave to file a motion for reconsideration of the Summary Judgment Order.

**ALSTON & BIRD LLP**

Dated: May 14, 2025                    BY:    */s/ Michelle Ann Clark*

Michelle Ann Clark (SBN 243777)
Philip C. Ducker (SBN 262644)
Dana Zottola (SBN 346715)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
michelle.clark@alston.com
phil.ducker@alston.com
dana.zottola@alston.com

JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:    404-881-7777
john.haynes@alston.com

Karlee N. Wroblewski (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:    (704) 444-1000
Facsimile:    (704) 444-1111
karlee.wroblewski@alston.com

Elliott C. Riches (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
Telephone:    (214) 922-3492
elliott.riches@alston.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on

May 14, 2025, all counsel of record who have appeared in this case were served with a copy of the

foregoing via e-mail.


*/s/ Michelle Ann Clark*
Michelle Ann Clark