# EXHIBIT B

JOHN D. HAYNES (State Bar No. 340599)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:     404-881-7777
john.haynes@alston.com

PHILIP DUCKER (State Bar No. 262644)
MICHELLE CLARK (State Bar No. 243777)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:    415-243-1000
Facsimile:     415-243-1001
phil.ducker@alston.com
michelle.clark@alston.com
dana.zottola@alston.com

*Attorneys for Defendant GOPRO, INC.*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOPRO, INC.,<br><br>　　　　Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>Hearing Date: _____<br>Location: _____<br><br>**[PROPOSED] GOPRO'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT OF IPR ESTOPPEL (DKT. NO. 708)**<br><br>Judge: William H. Orrik |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 2

I. INTRODUCTION ................................................................................................................ 2

II. BACKGROUND .................................................................................................................. 3

III. LEGAL STANDARD .......................................................................................................... 4
    A. Reconsideration ...................................................................................................... 4
    B. IPR Estoppel In View Of The Federal Circuit's *Ingenico* Decision ........................ 5

IV. ARGUMENT ........................................................................................................................ 7

V. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AMF Pensionsforsakring AB v. Pension Castparts Corp.*,
   No. 21-35516, 2022 WL 2800825 (9th Cir. July 18, 2022) .......................................................... 5

*Doe ex rel. Doe v. Petaluma City Sch. Dist.*,
   949 F. Supp. 1415 (N.D. Cal. 1996) .......................................................................................... 4

*Ingenico Inc., et al. v. Ioengine, LLC*,
   No. 2023-1367, 2025 U.S. App. LEXIS 10956 (Fed. Cir. May 7, 2025) .............................. *passim*

*Murphy v. Precision Castparts Corp.*,
   No. 3:16-cv-00521-SB, 2021 WL 2080016 (D. Or. May 24, 2021) ............................................ 5

*Roberts v. AT&T Mobility LLC*,
   801 F. App'x 492 (9th Cir. 2020) .............................................................................................. 4

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) .................................................................................................. 4, 5

**Statutes**

35 U.S.C. § 102 ............................................................................................................................ 2, 7

35 U.S.C. § 102(a) ............................................................................................................................ 5

35 U.S.C. § 102(a)(2) ....................................................................................................................... 7

35 U.S.C. § 103 ............................................................................................................................ 2, 7

35 U.S.C. § 102(b) ........................................................................................................................... 5

35 U.S.C. § 311(b) ........................................................................................................................... 7

35 U.S.C. § 315(e) ........................................................................................................................... 7

35 U.S.C. § 315(e)(2) ............................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 26(e)(1)(A) .............................................................................................................. 8

Local Rule 7-9(b) ......................................................................................................................... 2, 4

Local Rule 7-9(b)(2) ........................................................................................................................ 4

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, Defendant GoPro, Inc. ("GoPro"), by and through their counsel, hereby moves for reconsideration of the Court's Order on the Motions for Summary Judgment, Motion to Exclude Expert Testimony, and Motion to Seal (Dkt. No. 708, "Summary Judgment Order") regarding IPR Estoppel.  This matter shall be heard on _____ in the San Francisco Courthouse, Courtroom B – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or on a date to be determined by the Court.

This Motion is made pursuant to Civil L.R. 7-9 and the Court's order granting GoPro leave to file the present Motion or deeming it filed.  This Motion is further based on the recent Federal Circuit decision in *Ingenico Inc., et al. v. Ioengine, LLC*, No. 2023-1367 (Fed. Cir. May 7, 2025) ("Exhibit A"); this Notice of Motion and attached Memorandum of Points and Authorities, associated Declaration and any exhibits thereto; the Proposed Order to this Motion; all pleadings and papers on file; and such further evidence that may be submitted to the Court at or before the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to Civil L.R. 7-9, Defendant GoPro, Inc. ("Defendant" or "GoPro") respectfully requests reconsideration, based on a material change in law, of the Court's order granting summary judgment that "GoPro's invalidity theories under 35 U.S.C. §§ 102 and 103 related to Sony, Canon, and Nikon products are barred by IPR estoppel." Dkt. No. 708 at 16-17; *see also* Dkt. 606-4. On May 7, 2025, just over a month after the Court issued its Summary Judgment Order, the Federal Circuit clarified the law on IPR estoppel in *Ingenico Inc., et al. v. Ioengine, LLC*. In that case, the Federal Circuit held that 35 U.S.C. § 315(e)(2) does not foreclose a defendant from challenging patent validity on the basis that "the claimed invention was known or used by others, on sale, or in public use" even if the evidentiary basis is "entirely cumulative and substantively identical [to] . . . printed publications that reasonably could have been raised during the IPR." No. 2023-1367, 2025 U.S. App. LEXIS 10956 (Fed. Cir. May 7, 2025) ("Exhibit A").

In its motion for summary judgment, Plaintiff Contour IP Holdings, LLC ("CIPH") argued that GoPro's invalidity theories based on the sale or public use of Sony, Canon, and Nikon products were barred by IPR estoppel because the material aspects of the prior art products were disclosed in various product documentation including product manuals. Dkt. No. 606-4 at 8-9. Though the Court recognized that "[t]his issue has not yet been addressed by the Federal Circuit," the Court concluded that IPR estoppel applies because the proper interpretation of "grounds" under 35 U.S.C. § 315(e)(2) encompasses "physical devices that are materially identical to a patent or printed publication." Dkt. No. 708 at 23. After the Court issued its Summary Judgment Order, the Federal Circuit clarified that physical devices described through patents and printed publications **are not subject to IPR estoppel**. Ex. A at 16. Specifically, the Federal Circuit clarified that "**IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR, such as that the claimed invention was known or used by others, on sale, or in public use**." *Id.*

The Federal Circuit's interpretation of "grounds," as used in 35 U.S.C. § 315(e)(2), is

materially different from this Court's and merits reconsideration of the Court's entry of summary judgment. Because the Federal Circuit has clarified that IPR estoppel only applies to the grounds that were raised (or could have been raised) before the PTAB and not to the art itself – whether in the form of a printed publication or otherwise – there is no basis to exclude GoPro's prior art products and related invalidity theories from this litigation. The Court should, therefore, reverse its Order granting CIPH Summary Judgment on IPR estoppel and grant GoPro a reasonable opportunity to address the invalidity grounds previously precluded by the Summary Judgment Order.

## II.  BACKGROUND

This litigation was initiated by CIPH in the U.S. District Court for the District of Utah on January 5, 2015. In its Complaint, CIPH set forth claims for infringement of U.S. Patent Nos. 8,890,954 and 8,896,694 (the "Asserted Patents"). On April 20, 2015, GoPro filed a petition for *inter partes* review (IPR) of the Asserted Patents. IPR2015-01078; IPR2015-01080. After the IPR petition was filed, CIPH voluntarily dismissed its Utah complaint and re-filed in the District of Delaware. *Contour, LLC v. GoPro, Inc.*, Case No. 2:14-cv-864, Dkt. No. 57 (D. Utah); Dkt. No. 1. The District of Delaware stayed the litigation pending the outcome of the IPR and then transferred the case to this Court once the stay was lifted. Dkt. Nos. 175, 179, 180.

On December 16, 2021, CIPH filed a motion for summary adjudication of IPR estoppel to foreclose GoPro from relying on invalidity theories based on Nikon, Canon, and Sony camera systems sold before the alleged date of invention. Dkt. No. 608 at 10. That motion was originally denied as moot by the Court based on the Court's finding that the Asserted Patents are directed to patent-ineligible subject matter. Dkt. No. 673. After review and remand by the Federal Circuit, the Court stated its intent to address the other issues originally raised in December 2021. To that end, the Court granted the parties leave to submit short supplemental briefs, which were filed on January 29, 2025. Dkt. Nos. 695, 696, 697. On March 24, 2025, after considering the Parties' original and supplemental briefing as well as oral argument of February 12, 2025, the Court issued its order granting CIPH's motion for summary judgment regarding IPR estoppel. Dkt. No. 708. The Court's order rested on its "broad" interpretation of 35 U.S.C. § 315(e)(2) as encompassing not only the patents and printed

publications that could have been raised during the IPR but also "physical devices that are materially identical to a patent or printed publication." Dkt. No. 708 at 19.

Approximately seven weeks after the Court entered its order, on May 7, 2025, the Federal Circuit issued a decision in *Ingenico Inc., et al. v. Ioengine, LLC*, No. 2023-1367, 2025 U.S. App. LEXIS 10956 (Fed. Cir. May 7, 2025), which clarified the appropriate interpretation of "grounds" as it relates to IPR estoppel. *See* Ex. A. The Federal Circuit found that "Congress intentionally limited IPRs to grounds that the claimed invention was patented or described in a printed publication" and that "a ground is not the prior art asserted during an IPR." *Id*. at 13-14. Accordingly, the Federal Circuit held that "IPR estoppel does not preclude a petitioner from asserting the same prior art raised in an IPR in district court, but rather precludes a petitioner from asserting grounds that were raised or reasonably could have been raised during an IPR." *Id*. at 14. GoPro reviewed the Federal Circuit's precedential opinion the day it was issued. GoPro raised the issue with CIPH on May 9, 2025. And just a week after the Federal Circuit's decision, GoPro sought leave to file the instant motion.

## III.     LEGAL STANDARD

### A. Reconsideration

Local Rule 7-9(b) provides that a party moving for leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

The Ninth Circuit has interpreted Civil Local Rule 7-9(b)(2)'s "change of law" language as an "intervening change in the controlling law." *Roberts v. AT&T Mobility LLC*, 801 F. App'x 492, 494 (9th Cir. 2020) (quoting *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Reconsideration is appropriate where the intervening change of law is a clarification of the applicable legal standard. *See, e.g.*, *Doe ex rel. Doe v. Petaluma City Sch. Dist.*, 949 F. Supp. 1415, 1422 (N.D. Cal. 1996) (granting reconsideration where a new decision "clarified" the legal standard). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law," or any "other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Where, as here, the Federal Circuit publishes an opinion clarifying the governing law, it is appropriate for the district court to reconsider its ruling in light of that opinion. *See, e.g.*, *Murphy v. Precision Castparts Corp.*, No. 3:16-cv-00521-SB, 2021 WL 2080016, at *4-5 (D. Or. May 24, 2021) (granting reconsideration where challenged statements that previously survived summary judgment were "indistinguishable" from those dismissed in recent Ninth Circuit opinion), *aff'd sub nom. AMF Pensionsforsakring AB v. Pension Castparts Corp.*, No. 21-35516, 2022 WL 2800825 (9th Cir. July 18, 2022); *Petaluma City Sch. Dist.*, 949 F. Supp. at 1422 (granting reconsideration where "the benefit of hindsight" and subsequent decisions "clarified" the legal standard for Title IX action).

### B. IPR Estoppel In View Of The Federal Circuit's *Ingenico* Decision

On May 7, 2025, the Federal Circuit issued its decision in *Ingenico*. Exhibit A. The Federal Circuit recognized in *Ingenico*, as this Court did in Dkt. No. 708, that it had "not previously interpreted the" meaning of "ground" under 35 U.S.C. § 315(e)(2), and that there is a split among district courts about its proper interpretation." Dkt. No. 708 at 16; Ex. A at 11. The Federal Circuit's opinion resolved that split.

In *Ingenico*, the defendant filed IPR petitions challenging the validity of Ioengine's asserted patents, which resulted in final written decisions that held most of the challenged claims of the asserted patents unpatentable. *Id.* at 3. In a parallel district court action, Ingenico introduced evidence of a prior art USB device known as the DiskOnKey System at trial. Ingenico argued that the DiskOnKey System invalidated the asserted claims as anticipated or obvious because it was either "on sale" or "in public use" under 35 U.S.C. § 102(b) (pre-AIA), or "known or used by others . . .

before the date of the invention" under 35 U.S.C. § 102(a) (pre-AIA). *Id.* The jury returned a general verdict finding the claims-at-issue were infringed, but invalid as anticipated and obvious. *Id.* at 3-4.

On appeal, Ioengine argued that IPR estoppel should have precluded Ingenico from introducing printed publications describing the DiskOnKey System because they could have been raised in the IPR. *Id.* at 11. The Federal Circuit disagreed and held that a physical product, such as the DiskOnKey System, could not have been raised as a ground in the IPR. *Id.* at 16. With respect to the printed publications that describe the physical product, the Federal Circuit clarified that "[t]he Readme file and other printed publications that Ingenico relied upon were evidence to support these grounds." *Id.* They were not, however, grounds themselves. *Id.*

The Federal Circuit also explicitly addressed the statutory meaning of what constitutes a "ground:"

> Further, a ground is not the prior art asserted during an IPR. In drafting 35 U.S.C. § 315(e)(2), Congress could have precluded petitioners from asserting in district court that the claim is invalid on any prior art that the petitioner raised or reasonably could have raised during that inter partes review, but Congress chose not to. Instead, Congress precluded petitioners from asserting grounds in district court. Thus, IPR estoppel does not preclude a petitioner from asserting the same prior art raised in an IPR in district court, but rather precludes a petitioner from asserting grounds that were raised or reasonably could have been raised during an IPR. . . . **IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR**, such as that the claimed invention was known or used by others, on sale, or in public use.

Ex. A at 14 (emphasis added).

Whereas, prior to *Ingenico*, district courts had diverged on whether system prior art falls within IPR estoppel under 35 U.S.C. § 315(e)(2), *Ingenico* ends that divergence. The Federal Court's decision confirms that such defenses remain available post-IPR, and that the same patents and printed publications that were or could have been used in the IPR may still be raised in district court to invalidate a patent on the basis the claimed invention was "known or used by others," "in public use," or "on sale." *Id.*

## IV. ARGUMENT

### A. GoPro's Physical Device Invalidity Theories Could Not Have Been Raised in an IPR and Are Not Estopped.

In moving for summary judgment, CIPH's only basis for excluding GoPro's invalidity defenses based on the Sony, Nikon, and Canon devices was IPR estoppel. Dkt. No. 606-4 at 8-9. But GoPro's Sony, Nikon, and Canon are prior art products that could not have been raised in the IPR and therefore cannot, as a matter of law, be subject to estoppel. Ex. A at 14.

By statute, the scope of IPR estoppel is limited to grounds that "could have been raised" before the PTAB. 35 U.S.C. § 315(e). And IPR proceedings are limited to validity challenges "raised under section 102 or 103 and only on the basis of prior art consisting of patent or printed publications." 35 U.S.C. § 311(b). The decision in *Ingenico* makes clear that the meaning of "ground" in § 315(e)(2) does not preclude the assertion of physical products or devices in district court even if some, or all, of the material attributes of the device are disclosed in various publications. Ex. A at 12-13. Specifically, because the prior art device is evidence that the claimed invention was "in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention," which are invalidity grounds beyond the scope of IPR proceedings and IPR estoppel, estoppel does not apply to these grounds even if they are evidenced by prior art devices as well as printed publications. 35 U.S.C. § 102(a)(2); Ex. A at 12-13.

Even CIPH has acknowledged that GoPro's theories are based on "Sony, Nikon, and Canon devices." Dkt. No. 695 at 2. Indeed, GoPro purchased the physical products and made them available to CIPH for inspection. *E.g.*, GOPRO_232263. In his report, Dr. Almeroth identifies when these products were available for sale and analyzes the relevant documentation that demonstrates how each of the products function. *See, e.g.*, October 27, 2021 Almeroth Rpt. at ¶¶ 338 - 373. That the functionality may also be disclosed in various publications as well is irrelevant to the application of IPR estoppel under *Ingenico*. Ex. A at 14. Accordingly, just as Ingenico was not estopped from presenting the DiskOnKey System at trial, GoPro is also not estopped from presenting invalidity theories under 35 U.S.C. §§ 102 and 103 based on the Sony, Canon, and Nikon products. The Court should reconsider its Summary Judgment Order and find, instead, that CIPH's efforts to preclude

GoPro's invalidity theories based on Sony, Nikon and Cannon cameras must be denied under the prevailing law.

### B. GoPro Should Be Granted Leave to Supplement its Expert Reports to Address Art that was Excluded by the Court's Summary Judgment Order.

One week after the Court's Summary Judgment Order on March 24, 2025, the parties served supplemental expert reports on March 31, 2025. Because GoPro understood that the Court had found it was precluded from arguing the majority of its invalidity grounds based on the Sony, Nikon, and Cannon devices, its expert omitted supplemental opinions that he would have included were they not estopped.

Expert reports may be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). In the present instance, should the Court grant GoPro's motion for reconsideration, GoPro's expert reports are incomplete and need to be supplemented to properly reflect the present state of the record. Accordingly, GoPro requests that the Court also grant leave to allow GoPro's expert to supplement his expert report to address at least how the Sony, Nikon, and Cannon devices invalidate the asserted claims. GoPro anticipates that its expert will address the Federal Circuit's Opinion as well as statements made by CIPH since entry of remand. By way of example, but not limitation, the Federal Circuit held that the Asserted Patents are not invalid under 35 U.S.C. § 101 because under *Alice* Step One they are directed toward improving "POV camera technology to 'operate differently than it otherwise could,' [] by both recording multiple video streams in parallel and wirelessly transferring only one video stream, a lower quality stream, to a remote device." Dkt. No. 682 at 12. GoPro seeks leave to supplement its expert reports to demonstrate how the Sony, Nikon, and Canon products render this specific functionality obvious.

Additionally, based on the Court's Summary Judgment Order on IPR Estoppel (Dkt. 708 at 16), GoPro's expert offered a limited discussion of confidential documents to support its Sony, Canon, and Nikon invalidity theories. Dkt. No. 708 at 20. Should the Court agree that IPR Estoppel does not apply, GoPro seeks leave to supplement its expert reports to incorporate additional

discussion of the documents—executable software files, upgrade manuals, software release notes, and internal sales records—into the specific grounds of Dr. Almeroth's expert report. Without the fetters of the Court's prior, broad interpretation of "grounds" that constrained GoPro's expert's analysis of the supporting documentary evidence, GoPro anticipates that its supplemental reports will identify substantive disclosures in the public and confidential documentary evidence that substantiates the relevant functionality of the Sony, Canon, and Nikon prior art products.

Should the court agree with supplementation, GoPro is amenable to working with the Court and CIPH on an appropriate schedule.[1]

## V. CONCLUSION

For the foregoing reasons, GoPro respectfully requests this Court reconsider its Summary Judgment Order, deny Contour's motion for summary judgment as to IPR estoppel, and grant GoPro leave to supplement its expert reports to cure resulting incompleteness from reliance on Dkt. No. 708.

---

[1] GoPro anticipates that additional supplementation is also necessary to address new infringement theories raised by CIPH in its March 31, 2025 expert reports that substantively broaden the scope of its claim interpretation to encompass products that are **not** capable of live preview while recording. March 31, 2025 Hu Rpt. GoPro will meet and confer with CIPH to establish an appropriate schedule for addressing the newly introduced theories.

**ALSTON & BIRD LLP**

Dated: May 14, 2025         BY:   /s/ *Michelle Ann Clark*
Michelle Ann Clark (SBN 243777)
Philip C. Ducker (SBN 262644)
Dana Zottola (SBN 346715)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
michelle.clark@alston.com
phil.ducker@alston.com
dana.zottola@alston.com

JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:    404-881-7777
john.haynes@alston.com

Karlee N. Wroblewski (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:    (704) 444-1000
Facsimile:    (704) 444-1111
karlee.wroblewski@alston.com

Elliott C. Riches (admitted pro hac vice)
**ALSTON & BIRD LLP**
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
Telephone:    (214) 922-3492
elliott.riches@alston.com

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on May 14, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing via e-mail.

                                              */s/ Michelle Ann Clark*
                                              Michelle Ann Clark