UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONTOUR IP HOLDING, LLC,

    Plaintiff,

v.

GOPRO, INC.,

    Defendant.

Case No. 17-cv-04738-WHO

**HEARING PROCEDURE AND TENTATIVE RULINGS**

At the Pretrial Conference this afternoon, each side will have 45 minutes to discuss any issue raised in the motions for summary judgment, to strike, and in limine. Contour may first select a motion, or group of motions, to argue. GoPro may respond, and then select its own topic(s) to argue. The parties will continue in this fashion for as long as they want, up to a maximum of 45 minutes per side.

Following the argument, I will address a variety of logistical and other trial issues. The parties should be prepared to comment on the proposed Opening Instructions, which will be posted prior to the conference, and whether any disputed Final Instructions need to be resolved prior to the beginning of trial. In addition, I am interested in the differences in the Verdict forms proposed by the parties.

My tentative rulings are as follows:

1. MSJ on Invalidity. Deny. I am inclined to allow GoPro to present its obviousness theory regarding the Boland + Ambarella combination to a jury. There exists a material dispute on the scope of the Boland and Ambarella prior art and whether they (individually or combined) disclose the claim limitations at issue in this case, and whether the Ambarella A5S chip is prior art in the first instance. Secondary indicia and the relationship between Looxcie, Ambarella, and Boland likewise encourage

1 against granting summary judgment for GoPro.

2. MSJ on Infringement. Deny re: Hero 11-13. Grant re: Hero 4K camera. A number of facts remain in dispute, including whether: (1) the Hero 11, 12, and 13 cameras are "point of view" cameras; (2) the language of the Asserted Patents encompasses GoPro's 'New Camera Connection' modification; and (3) the additional low resolution video stream that is saved to the SD card of those cameras impacts infringement. As to the Hero 4K camera, there appears to be no dispute of fact that the device meets the "generate" limitation of Claim 11.

3. Motion to Strike re: Dr. Hu and Dr. Ugone. Deny. GoPro's re-raised arguments concerning the Element license and Dr. Ugone's apportionment analysis again go to the weight of Dr. Ugone's testimony. Dr. Ugone's use of the Rubinstein model appears consistent with accepted practice and therefore likewise goes to the weight of his testimony. As I have already held, "it is appropriate for an expert to consult and rely on other experts," so Dr. Ugone's continued reliance on Dr. Hu's report is appropriate. I am not inclined to strike the cited portions of her reports.

4. Motion to Strike re: Dr. Almeroth. Grant in part.
   - I am inclined to DENY the motion as to Dr. Almeroth's opinions concerning: (1) Dr. Hu's revised infringement theories concerning the "generate" limitation; (2) the Boland + Ambarella combination theory of obviousness; and (3) the Element License's technological comparability. These opinions are relevant to the ongoing factual dispute about the three data streams relevant to at least some of the *Contour III* devices and/or in light of the Federal Circuit's *Ingenico* decision.
   - I am inclined to GRANT the motion as to Dr. Almeroth's *new* opinions concerning: (1) Ambarella chips as a "prior invention" under § 102(g); (2) improper inventorship; (3) the Looxcie § 102(g) theory; and (4) the adjustment of camera settings during recording. These opinions go outside the scope of my prior Order allowing supplemental expert reports.

2

**Contour's MILs**

1. Grant. Prior art references related to anticipation and obviousness theories are limited to 6 per patent. In accordance with the tentative Order on the motions above, these references may include Ambarella, Looxcie, and Boland prior art.

2. Grant in part. Neither party may re-argue claim construction of the "generate" term. But neither is precluded from presenting what it views to be within the scope of the term or inconsistencies in the other side's use.

3. Deny. The Skybell-Element license is relevant at least insomuch as it "arises under comparable circumstances" as the Contour-Element license. *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353 (Fed. Cir. 2020).

**GoPro's MILs**

1. Grant. The motion is substantively unopposed. Dr. Ugone may opine on the value of live streaming only as it relates to the hypothetical November 2014 discussion—not any subsequent hypothetical September 2020 discussion.

2. Deny. Parties shall follow the law. To the extent that Dr. Ugone refers to conversations with Dr. Hu that go outside the scope of those conversations discussed in his reports, Contour may object on an individual basis at trial.

3. Grant. Contour may not refer to the claim limitations of the "wireless connection protocol device," on their own, to require a device to support "live preview while recording" to infringe. Either party may refer to claims or patents as a whole to require the feature.

4. Grant. Contour may not characterize GoPro as an "adjudicated infringer" or an "infringer." To do so would be overly prejudicial to a jury. Whether GoPro has previously infringed (albeit has not incurred liability pending the outcome of trial) is immaterial to the jury's deliberation on whether GoPro's devices before them infringe.

5. Deny. GoPro's request is overbroad.

6. Deny. I have previously held certain licenses (i.e. the iON license and the CoolTech license offer) to be inappropriate methods of calculating a royalty rate. They may not

be relied upon for that purpose. They are otherwise admissible for introducing background information, secondary considerations for obviousness arguments, or other reasons not related to calculating damages.

7. Grant. Contour is precluded from submitting evidence, argument, or testimony that HERO9 infringes on any theory besides "live streaming via a mobile hotspot." Contour does not oppose.

8. Deny. The numerical amount of Mr. Woodman's GoPro stock transactions is relevant to Contour's willfulness argument.

9. Grant in the alternative. Dr. Kennedy shall not rely on any asserted *lack* of Element payments during his testimony; Contour may not cross-examine him on that issue. If GoPro desires an amendment to Dr. Kennedy's report responsive to the recently produced Element payments, he may author one by Thursday, September 25, 2025. Contour shall additionally produce Mr. Helfer and Mr. Mooney for depositions of up to 1.5 hours each by Friday, September 26, 2025.

10. Grant in part. Any argument that Ambarella A5 is not prior art is precluded. Argument concerning the prior art status of the Ambarella A5S model, along with related documents and evidence, remains available.

11. Grant. All evidence, argument, or testimony concerning Dr. Hu's withdrawn August 1, 2025, expert report is precluded.

12. Deny. GoPro's total accused product revenues and profits are admissible as part of the damages analysis.

13. Grant in part. GoPro again addresses only "copying" as a secondary consideration with any particularity; copying remains relevant to willfulness. Because the parties have previously agreed to call Mr. Woodman as a fact witness only once, Contour may introduce evidence of secondary considerations during his testimony in its case-in-chief.

14. Grant. Jason Fournier's testimony may be admitted by deposition. Contour has agreed to this MIL.

4

**IT IS SO ORDERED.**

Dated: September 19, 2025

William H. Orrick
United States District Judge