UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONTOUR IP HOLDING, LLC,

             Plaintiff,

     v.

GOPRO, INC.,

             Defendant.

Case No.  17-cv-04738-WHO

**PRELIMINARY JURY INSTRUCTIONS**

**Instruction No. 1**

**Duty of Jury**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

**Instruction No. 2**

**What a Patent Is and How One is Obtained**

All of the claims in this case involve disputes relating to United States patents.  Before summarizing the positions of the parties and the legal issues involved in patent disputes, I am going to show a video for you called *The Patent Process: An Overview for Jurors* that has been prepared by the Federal Judicial Center for the purpose of providing jurors like you some more background on the patent system.

**Instruction No. 3**

**Positions of the Parties**

To help you follow the evidence, I'm now going to give you a summary of the positions of the parties.

The parties in this case are Contour IP Holding, LLC, which I will refer to as Contour, and GoPro, Inc., which I will refer to as GoPro.

This case involves two United States patents owned by Contour. The patents involved in this case are U.S. Patent No. 8,890,954, which the parties and I will often refer to as the '954 Patent, and U.S. Patent No. 8,896,694, which will be referred to as the '694 Patent. The patents were transferred from the named inventors to Contour, LLC and subsequently to Contour IP Holding, LLC. The parties and I will often refer to these patents as the Asserted Patents, or the patents-in-suit.

Contour seeks money damages from GoPro for allegedly infringing the patents-in-suit by making, using, selling or offering for sale products that Contour argues are covered by one or more claims of each patent. The Asserted Claims are claims 11 and 12 of the '954 Patent and claims 4 and 6 of the '694 Patent. The Accused Products are HERO13 Black; HERO12 Black; HERO11 Black Mini; HERO11 Black; HERO10 Black bones; HERO10 Black; HERO (4k/2024); HERO9 Black; HERO8 Black; MAX; HERO7 Black; HERO7 White; HERO7 Silver; Fusion; HERO6 Black; HERO 5 Black; HERO5 Session; HERO4 Black; HERO4 Silver; HERO4 Session; HERO3+ Silver; HERO3+ Black; HERO3 Black; HERO3 Silver; HERO3 White; HERO+ LCD; HERO+; and HD HERO2 with Wi-Fi BacPac.

GoPro denies that it has infringed the asserted claims of the patents-in-suit. GoPro also argues that the asserted claims are invalid. Invalidity is a defense to infringement.

Your job is to decide whether the Asserted Claims have been infringed by GoPro, and whether the Asserted Claims are invalid. If you decide that any claim of the asserted patents has

4

been infringed and is not invalid, you will then need to decide any money damages to be awarded to Contour to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you make. I will take willfulness into account later.

United States District Court
Northern District of California

**Instruction No. 4**

**Burdens of Proof**

In this case, the facts must be proven by a required amount of evidence known as the burden of proof. There are two burdens of proof that you will apply in this case: preponderance of the evidence and clear and convincing evidence.

Contour has the burden of proving patent infringement, damages, and willful infringement by a preponderance of the evidence. When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

GoPro has the burden of proving invalidity by clear and convincing evidence. When a party has the burden of proving any defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

United States District Court
Northern District of California

6

**Instruction No. 5**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**Instruction No. 6**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    (1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

    (3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

    (4)    Anything you see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. 7**

**Evidence for a Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**Opening JuryInstruction No. 8**

**Direct and Circumstantial Evidence.**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Instruction No. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules o evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. 10**

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Instruction No. 11**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

United States District Court
Northern District of California

13

United States District Court
Northern District of California

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 12**

**Expert Opinions**

Some witnesses, because of their education or experience, will be permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**Instruction No. 13**

**Implicit Bias**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hardwired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in this case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations,

gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.  The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

United States District Court
Northern District of California

**Instruction No. 14**

**Conduct of Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case. Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in

18

any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 15**

**Transcript and Taking Notes**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations at the end of trial, you will not have a transcript of the trial testimony.

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in an envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

**Instruction No. 16**

**Outline of Trial**

The trial will now begin.  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.  There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues, you must decide whether something is more likely true than not.  On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Contour will present its evidence on its contention that Claims 11 and 12 of the '954 patent and Claims 4 and 6 of the '694 patent have been and continue to be infringed by GoPro and that the infringement has been and continues to be willful and on the amount of a reasonable royalty. These witnesses will be questioned by Contour's counsel in what is called direct examination. After the direct examination of a witness is completed, the opposing side has an opportunity to cross-examine the witness.  Finally, Contour's counsel has the opportunity to question the witness one more time in what is called redirect examination.  To prove infringement of any claim, Contour must persuade you that it is more likely than not that alleged infringer has infringed that claim.  To persuade you that any infringement was willful, Contour must prove that it is more likely true than not true that that the infringement was willful.

After Contour has presented its witnesses, GoPro will call its witnesses, who will also be examined and subject to cross-examination and redirect.  GoPro will present its evidence that the asserted claims of the '954 and '694 patents are invalid.  To prove invalidity of any claim, GoPro must persuade you that it is highly probable that the claim is invalid.  In addition to presenting its evidence of invalidity, GoPro will put on evidence responding to Contour's infringement,

willfulness, and reasonable royalty contentions.

Contour will then return and will put on evidence responding to GoPro's contention that the claims of the '954 and '694 patents are invalid.  Plaintiff will also have the option to put on what is referred to as "rebuttal" evidence to any evidence offered by GoPro of non-infringement or lack of willfulness.

Finally, GoPro will have the option to put on "rebuttal" evidence to any evidence offered by Contour on the validity of the asserted claims of the '954 and '694 patents.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by reading from his or her deposition transcript or playing a videotape of the witness's deposition testimony.  A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case.  Closing arguments are not evidence.  After the closing arguments and instructions, you will then decide the case.