| | |
|---|---|
| 1 | John R. Keville *(Pro Hac Vice)* |
| | jkeville@sheppardmullin.com |
| 2 | Michelle C. Replogle *(Pro Hac Vice)* |
| | mreplogle@sheppardmullin.com |
| 3 | Michael C. Krill *(Pro Hac Vice)* |
| | mkrill@sheppardmullin.com |
| 4 | Sunny Akarapu *(Pro Hac Vice)* |
| | sakarapu@sheppardmullin.com |
| 5 | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
| 6 | 845 Texas Avenue, 25th Floor |
| | Houston, Texas 77002-2791 |
| 7 | Telephone: (713) 431-7100 |
| | Facsimile: (713) 431-7024 |
| 9 | Lai L. Yip (SBN 258029) |
| | lyip@sheppardmullin.com |
| | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
| 10 | Four Embarcadero Center Seventeenth Floor |
| 11 | San Francisco, CA 94111 |
| | Telephone: (415) 434-9100 |
| 12 | Facsimile: (415) 875-6700 |
| 13 | Attorneys for Plaintiff, |
| | CONTOUR IP HOLDING, LLC |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CONTOUR IP HOLDING, LLC, | **CONSOLIDATED** |
| | Lead Case No. 17-cv-04738-WHO |
| Plaintiff, | Consolidated Case No. 21-cv-02143-WHO |
| v. | **PLAINTIFF CONTOUR IP HOLDING, LLC'S OPPOSITION TO GOPRO'S MOTION FOR JURY INSTRUCTION REGARDING NON-INFRINGING ALTERNATIVES** |
| GOPRO, INC., | |
| Defendant. | |
| | Judge: William H. Orrick |
| | Date: October 8, 2025 |
| | Time: 8:00 a.m. |
| | Location: Courtroom 2, 17th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

GoPro's motion should be denied. Although GoPro broadly argues "the actual implementation of a non-infringing alternative is not a requirement for it to be considered by the jury in a reasonable royalty analysis," that is not the issue. Instead, the issue is that GoPro's failure to implement what GoPro contends to be an inexpensive, "very easy" non-infringing alternative (Trial Tr. at 1154:19-24) is at least evidence that GoPro's alleged non-infringing alternative is not an *acceptable* alternative.

Indeed, "[t]he 'acceptable substitute' element, though it is to be considered, must be viewed of limited influence where the infringer knowingly made and sold the patented product for years ***while ignoring*** the 'substitute.'" *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1418 (Fed. Cir. 1996); *see also id*. ("The critical question was not whether there were competing devices, but whether there were *acceptable* substitutes."). Indeed, as the Court of Claims recognized:

> It is also telling that, despite the pendency of this lawsuit since 2011, and the concerted efforts of TSA to design around the patented method, plaintiff's method has been adopted wholesale around the country. Contrast that with the spotty use of the MPC and the very late development of ASLs. We conclude that the MPC was not sufficiently attractive to dissuade TSA negotiators from considering paying for a more attractive alternative.

*SecurityPoint Holdings, Inc. v. United States*, 156 Fed. Cl. 750, 780 (2021). Likewise, here, evidence that GoPro has ignored and failed to adopt its allegedly "very easy" non-infringing alternative is evidence that it is not acceptable to GoPro and/or its customers.

Moreover, the case law GoPro quotes to, *Grain Processing*, is a lost profits case and much narrower in scope than GoPro represents. As quoted by GoPro, the Federal Circuit held in *Grain Processing* that "only by comparing the patented invention to its ***next-best available alternative(s)*** – regardless of whether the alternative(s) were ***actually*** produced and sold during the infringement – can the court discern the market value of the patent owner's exclusive right…" *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1351 (Fed. Cir. 1999) (emphasis added). However, *Grain Processing* was a lost profits case, where the existence of an ***available*** and ***acceptable*** non-infringing alternative precludes lost profits. By contrast, here, Contour argues that ***GoPro's failure to adopt*** a non-infringing alternative that ***GoPro contends*** is an inexpensive, simple, and acceptable non-infringing alternative is evidence that GoPro's alleged alternative is ***not*** acceptable. As the facts show,

GoPro has "spent millions of dollars litigating against Contour," rather than removing patented features—supporting Contour's argument that GoPro's failure to adopt a non-infringing alternative is evidence that such non-infringing alternative is not acceptable. Dkt. 855 at 3. In fact, as *Grain Processing* recognized: "After all, the infringer chose to produce the infringing, rather than noninfringing, product." *Grain Processing*, 185 F.3d at 1353.

For example, as explained recently in *Stoller Enters.*, "in addition to being ***available***, the NIA proposed by the infringer must be ***adequate*** and ***acceptable*** to customers. To be deemed acceptable[1], the alleged non-infringing substitute must not possess characteristics ***significantly different*** from the patented product." *Stoller Enters., Inc.*, 705 F. Supp. 3d at 798 (cleaned up) (citing *Kaufman Co. v. Lantech, Inc.*, 926 F.2d 1136, 1142 (Fed. Cir. 1991) ("[a] product lacking the advantages of that patented can hardly be termed a substitute acceptable to the customer who wants those advantages")).

Here, as evidenced by GoPro's failure to adopt the alleged non-infringing alternative, and as evidenced by the popularity of such features that drive the demand for GoPro's products, removing patented features would inherently make the resulting product significantly different and not acceptable. *See also TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1014 (N.D. Cal. 2013) ("[t]he jury can hear evidence on whether these proposed alternatives would have been acceptable to consumers"). Thus, GoPro's proposed instruction is baseless and unsupported.

---

[1] *See Stoller Enters., Inc. v. Fine Agrochemicals Ltd.*, 705 F. Supp. 3d 774, 796–97 (S.D. Tex. 2023) ("[i]n determining a reasonable royalty, a factfinder may consider evidence concerning the availability and cost of ***acceptable*** non-infringing alternatives to the patented invention") (citing *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed Cir. 2015)).

Dated: October 8, 2025

By: /s/ John R. Keville
Lai L. Yip (SBN 258029)
lyip@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Four Embarcadero Center Seventeenth Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 875-6700

John R. Keville *(Pro Hac Vice)*
jkeville@sheppardmullin.com
Michelle C. Replogle *(Pro Hac Vice)*
mreplogle@sheppardmullin.com
Michael C. Krill *(Pro Hac Vice)*
mkrill@sheppardmullin.com
Sunny Akarapu *(Pro Hac Vice)*
sakarapu@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
845 Texas Avenue, 25th Floor
Houston, Texas 77002
Telephone: (713) 431-7100
Facsimile: (713) 431-7024

Attorneys for Plaintiff
CONTOUR IP HOLDING, LLC

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on October 8, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing via ECF.

*/s/ John R. Keville*

John R. Keville