JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:    404-881-7777
john.haynes@alston.com

PHILIP DUCKER (State Bar No. 262644)
MICHELLE CLARK (State Bar No. 243777)
DANA ZOTTOLA (SBN 346715)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:    415-243-1000
Facsimile:    415-243-1001
phil.ducker@alston.com
michelle.clark@alston.com
dana.zottola@alston.com

*Attorneys for Defendant GOPRO, INC.*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>**GOPRO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEMONSTRATIVE TRIAL EXHIBITS**<br><br>[Declaration of Karlee Wroblewski; Declaration of Tyler Gee; Proposed Order filed concurrently herewith] |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5 and 7-11, Defendant GoPro Inc. ("GoPro"), respectfully requests the Court for leave to file under seal certain confidential demonstrative trial exhibits. This motion complies with Civil Local Rule 79-5 and is accompanied by the exhibits to be sealed and is supported by declarations of Tyler Gee and Karlee Wroblewski. GoPro certifies that it has reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, as well as Civil L.R. 79-5.

## II. ARGUMENT

### A. Legal Standards

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Ninth Circuit has clarified that the standard for sealing depends on whether the document is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In this case, the trial exhibits at issue were admitted into evidence and considered by the Jury in resolving the merits of the patent infringement claims. As such, they are more than tangentially related to the merits of the case, and the "compelling reasons" standard governs this sealing request. *Id.*; *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, at *3 (N.D. Cal. Feb. 20, 2020). The "compelling reasons" standard requires the moving party to articulate specific facts supported by declarations that demonstrate the harm that would result from public disclosure outweighs the presumption of public access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Sealing is appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id*.

### B. GoPro's Administrative Motion to Seal is Supported by Compelling Reasons and Is Narrowly Tailored

GoPro seeks to seal the following information:

| Exhibit | Portion(s) Requested to be Sealed | Party Designating Confidential Information |
|---|---|---|

| | | |
|---|---|---|
| DDX-05 Demonstrative Exhibits for Direct Examination of Dr. Kevin Almeroth | Entire document | Ambarella; Sony; GoPro; Socionext; |
| DDX-06 Demonstrative Exhibits for Direct Examination of Dr. Patrick Kennedy | Entire document | Element; CIPH |
| DDX-09 Demonstrative Exhibits for Cross Examination of Dr. Jing Hu | Entire document | GoPro; Socionext |
| DDX-10 Demonstrative Exhibits for Cross Examination of Dr. Keith Ugone | Entire document | Element; CIPH |
| DDX-12 Demonstrative Exhibits for GoPro's Closing Arguments | Entire document | Ambarella; CIPH; Element; GoPro; Socionext |

As to information designated confidential by GoPro, disclosure of these details to the general public could result in irreparable harm to GoPro's business. The demonstrative exhibits contain proprietary product designs that reveal non-public aspects of GoPro's and its suppliers' operations. Public access to such information could enable competitors to gain unfair insight into GoPro's product development strategies, manufacturing processes, and supplier relationships. This risk is particularly acute in the consumer electronics industry, where innovation and speed to market are critical competitive advantages. There is likewise no significant public interest in the specific details regarding GoPro or its supplier's product functionality, especially where such details are not necessary to understand the Court's reasoning or the outcome of the case. The factual basis for this harm is set forth in the concurrently filed declaration of Tyler Gee, which describes the nature of the confidential information and the competitive injury that would result from its disclosure. Accordingly, there are compelling reasons to seal the exhibits because the harm that would result from public disclosure outweighs the presumption of public access.

GoPro also seeks to seal information designated confidential by CIPH, Ambarella, Element and Socionext. GoPro takes no position on the merits of the confidentiality designations by CIPH,

Ambarella, Element, and Socionext and expects one or more of CIPH, Ambarella, Element, and Socionext to file one or more declarations to support sealing in accordance with the Local Rules.

## III. CONCLUSION

For these reasons, GoPro respectfully requests that the Court grants its Administrative Motion to Seal.

|   |   |   |
|---|---|---|
| Dated: October 20, 2025 | BY: | **ALSTON & BIRD LLP**<br><br>*/s/ Michelle Ann Clark* |

Michelle Ann Clark (SBN 243777)
Philip C. Ducker (SBN 262644)
Dana Zottola (SBN 346715)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
michelle.clark@alston.com
phil.ducker@alston.com
dana.zottola@alston.com

JOHN D. HAYNES (admitted *pro hac vice*)
Sloane S. Kyrazis (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:     404-881-7000
Facsimile:     404-881-7777
john.haynes@alston.com
sloane.kyrazis@alston.com

Karlee N. Wroblewski (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:     (704) 444-1000
Facsimile:     (704) 444-1111
karlee.wroblewski@alston.com

Elliott C. Riches (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
Telephone:     (214) 922-3492
elliott.riches@alston.com

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on October 20, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing via ECF.

*/s/ Michelle Ann Clark*
Michelle Ann Clark