JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:     404-881-7000
Facsimile:     404-881-7777
john.haynes@alston.com

PHILIP DUCKER (State Bar No. 262644)
MICHELLE CLARK (State Bar No. 243777)
DANA ZOTTOLA (SBN 346715)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:     415-243-1000
Facsimile:     415-243-1001
phil.ducker@alston.com
michelle.clark@alston.com
dana.zottola@alston.com

*Attorneys for Defendant GOPRO, INC.*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>            Plaintiff,<br><br>       v.<br><br>GOPRO, INC.,<br><br>            Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>**GOPRO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF TRANSCRIPTS OF TRIAL PROCEEDINGS** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5 and 7-11, Defendant GoPro Inc. ("GoPro"), respectfully requests the Court for leave to file under seal and redact certain page and line numbers of the transcript of the jury trial proceedings held September 29, 2025 through October 10, 2025. This motion complies with Civil Local Rule 79-5 and is accompanied by the exhibits to be sealed and is supported by declarations of Tyler Gee and Karlee Wroblewski. GoPro certifies that it has reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, as well as Civil L.R. 79-5.

## II. ARGUMENT

### A. Legal Standard

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Ninth Circuit has clarified that the standard for sealing depends on whether the document is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In this case, the portions of the transcript at issue are a certified transcript of witness testimony were in evidence and considered by the Jury in resolving the merits of the patent infringement claims. As such, they are more than tangentially related to the merits of the case, and the "compelling reasons" standard governs this sealing request. *Id.*; *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, at *3 (N.D. Cal. Feb. 20, 2020). The "compelling reasons" standard requires the moving party to articulate specific facts supported by declarations that demonstrate the harm that would result from public disclosure outweighs the presumption of public access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Sealing is appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id*.

### B. GoPro's Administrative Motion to Seal is Supported by Compelling Reasons and Is Narrowly Tailored

GoPro requests the following redactions to the specific page and line numbers of the volume of the Transcript of the jury trial proceedings held in these cases from September 29, 2025 through October 10, 2025:

| Transcript Volume | Pages and Line(s) Requested to be Redacted | Party Designating Confidential Information |
|---|---|---|
| 6 | 1067:9; 1067:16; 1067:20 | Ambarella |
| 7 | 1261:19-20; 1262:4-5 | GoPro |

Volume 6 is a transcript of the jury trial proceedings held October 6, 2025. Case No. 3:17-cv-04738-WHO, Dkt. 875; Case No. 3:21-cv-02142-WHO, Dkt. 58. Transcript Volume 7 is a transcript of the jury trial proceedings held October 7, 2025. Case No. 3:17-cv-04738-WHO, Dkt. 875; Case No. 3:21-cv-02142-WHO, Dkt. 59. Proposed redactions to those transcripts are attached to the supporting declaration of Karlee Wroblewski filed herewith as Exhibit 1 and Exhibit 2.

As to information designated confidential by GoPro, disclosure of these details to the general public could result in irreparable harm to GoPro's business. The value of GoPro's licenses proposed to be redacted reveals non-public aspects of GoPro's licensing strategy, operations and its relationship with its licensing partners. Public access to such information could enable competitors to gain unfair insight into GoPro's licensing strategy and supplier relationships. This risk is particularly acute in the consumer electronics industry, where innovation and technology valuation are critical competitive advantages. There is likewise no significant public interest in the specific details regarding GoPro's licensing practices, especially where such details are not necessary to understand the Court's reasoning or the outcome of the case. The factual basis for this harm is set forth in the concurrently filed declaration of Tyler Gee, which describes the nature of the confidential information and the competitive injury that would result from its disclosure. Accordingly, there are compelling reasons to redact the trial transcript because the harm that would result from public disclosure outweighs the presumption of public access.

GoPro also seeks to redact information designated confidential by Ambarella. GoPro takes no position on the merits of the confidentiality designations by Ambarella and expects Ambarella to file one or more declarations to support sealing in accordance with the Local Rules.

I.      **CONCLUSION**

For these reasons, GoPro respectfully requests the redactions to the transcript of trial proceedings set forth above.

Dated: November 3, 2025         BY:     **ALSTON & BIRD LLP**

/s/ Michelle Ann Clark
Michelle Ann Clark (SBN 243777)
Philip C. Ducker (SBN 262644)
Dana Zottola (SBN 346715)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, California 94105-0912
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
michelle.clark@alston.com
phil.ducker@alston.com
dana.zottola@alston.com

JOHN D. HAYNES (admitted *pro hac vice*)
Sloane S. Kyrazis (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:    404-881-7777
john.haynes@alston.com
sloane.kyrazis@alston.com

Karlee N. Wroblewski (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:    (704) 444-1000
Facsimile:    (704) 444-1111
karlee.wroblewski@alston.com

Elliott C. Riches (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
Telephone:    (214) 922-3492
elliott.riches@alston.com

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on November 3, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing via ECF.

*/s/ Michelle Ann Clark*
Michelle Ann Clark