JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:   404-881-7000
Facsimile:   404-881-7777
john.haynes@alston.com

PHILIP DUCKER (State Bar No. 262644)
MICHELLE CLARK (State Bar No. 243777)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:   415-243-1000
Facsimile:   415-243-1001
phil.ducker@alston.com
michelle.clark@alston.com
dana.zottola@alston.com

*Attorneys for Defendant GOPRO, INC.*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>    Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>**DECLARATION OF TYLER GEE IN SUPPORT OF CONTOUR'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEMONSTRATIVE EXHIBITS** |

# DECLARATION OF TYLER GEE

I, Tyler Gee, declare as follows:

1. I am a member in good standing of the Bar of the State of California. I am Vice President, Deputy General Counsel and Assistant Corporate Secretary at Defendant GoPro, Inc. ("GoPro"), and have been counsel at GoPro over eleven years. I submit this declaration pursuant to Civil Local Rules 79-5(c) and (f) in support of Contour IP Holding LLC's ("Contour") Administrative Motion to File Under Seal Demonstrative Exhibits. I am familiar with GoPro's treatment of highly proprietary and confidential information based on my personal experience working at GoPro. I have knowledge of the facts set forth herein, and if called to testify as a witness, could do so competently under oath.

2. I have been informed by counsel that Contour's demonstrative exhibits PDX-005, PDX-006, PDX-007, and PDX-009 contain confidential GoPro and third-party supplier information relating to GoPro's or its suppliers' product functionality.

3. Each of these categories of information is the type of information that is kept confidential by GoPro and its suppliers in the ordinary course of business. GoPro does not disclose this information publicly.

4. If the identified portions of the demonstrative exhibits were to be publicly disclosed, it would cause competitive harm to GoPro and its suppliers. For example, competitors could use GoPro's and its suppliers' product documentation to change their product functionality to cause competitive harm to GoPro and/or its suppliers. Similarly, competitors could use GoPro's and its suppliers' technical and marking documents to modify their marketing and their products to put GoPro and its suppliers at a competitive disadvantage.

5. I believe that this request to seal is narrowly tailored to those portions of the demonstrative exhibits that merit sealing.

Pursuant to 17 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on this 4th day of November 2025 in San Mateo, California.

          */s/ Tyler Gee*
          Tyler Gee

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on November 4, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing via ECF.

*/s/ Michelle Ann Clark*
Michelle Ann Clark