# EXHIBIT B

IPR2015-01080  
U.S. Patent No. 8,890,954

Attorney Docket No.:  
111968-0001-652

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

GOPRO, INC.

Petitioner

v.

CONTOUR IP HOLDING, LLC

Patent Owner

Case No. IPR2015-01080  
Patent Number 8,890,954

Before JUSTIN T. ARBES, MICHAEL J. FITZPATRICK, and NEIL T. POWELL, *ADMINISTRATIVE PATENT JUDGES*.

**PATENT OWNER'S RESPONSE  
UNDER 37 C.F.R. § 42.120**

IPR2015-01080                                                                                  Attorney Docket No.:
U.S. Patent No. 8,890,954                                                                        111968-0001-652

**Claims 1, 11, and 27.**  Similarly, Boland fails to teach or render obvious the "generat[e/ing]" limitations of Claims 1, 11 and 27, because Boland lacks any disclosure of generating first and second video content, where ***both*** video contents are "from the video image data."[13]  Ex. 2004 ¶77.

Petitioner contends that "Boland teaches generating video image content at two resolutions, one high and one low, from the video image data"—citing to Boland's disclosure of a preview and its disclosure of streaming.  Pet. at 35.  But

---

POSITA would have understood that the portion of Boland cited by Mr. Román does not teach a processor that generates multiple video streams at different resolutions.  Ex. 2004 ¶¶74-76.  Rather, Boland [0057] teaches a multi(three)-lens system, where each lens provides a different field of view ("FOV") into the scene and that the camera may switch between the three image data streams or it may write them in an interleaved fashion to storage. The only teaching regarding the resolution of the three video streams is that they are the same ("each sensor array 206, 207, 208 is a 640x480 array of CMOS sensors that have pixel separation of approximately 3.6 microns" (Ex. GOPRO-1010 [0055]).  Ex. 2004 ¶74.

[13] As claimed, the "video image data" is produced by the image sensor and represents a real time scene captured through the camera's lens.  *See* '954 Patent at 28:58-61, 30:60-62, 33:12-14.

32

IPR2015-01080                                                                                    Attorney Docket No.:
U.S. Patent No. 8,890,954                                                                        111968-0001-652

Boland's preview embodiment and streaming embodiment fail to teach generating *two* video contents, *both* generated *from* the real-time video image data. Instead, Boland generates only one stream of encoded video data from the real-time video image data from the image sensor—any other video is then created from that encoded video data, not the real-time video image data. Ex. 2004 ¶78. In other words, Boland's preview is created in serial with the encoded video data from the processor—not in parallel. Boland thus teaches, at most, generating video image *content* at one resolution from previously stored video image *content* at another resolution. In contrast, the claims of the '954 Patent require generating, from the video image *data*, first and second video image *content*. Ex. 2004 ¶78.

As Boland explains, and as depicted in Fig. 2A (below), optical sensor(s) 205 provides input image signal(s) 209 to processor 210. Ex. GOPRO-1010 at [0033], Fig. 2A. Boland's input image signal 209 is analogous to the '954 Patent's real-time video image data.

33

IPR2015-01080 Attorney Docket No.:
U.S. Patent No. 8,890,954 111968-0001-652



FIG. 2A

Processor 210 processes the input image signal 209 and outputs *digitally encoded* video data 225, which is stored in storage medium 228. *Id.* at [0044], Fig. 2A.[14] The stored encoded video data may then be transmitted—as a preview—to the handset as video data 216. *Id.* at [0045] ("Video data 216 may include any portion of the video data recorded to the storage medium 228. In particular embodiments, video data 216 includes frames of recorded video accessed from the circular recorded video data buffer 229."), [0072], Fig. 2A. As Boland explains, the

---

[14] A POSITA would understand that digitally encoded video data is data that has been processed through an encoder and is not identical bit-for-bit with the data that it was produced from. Ex. 2004 ¶79.

34

IPR2015-01080  
U.S. Patent No. 8,890,954

Attorney Docket No.:  
111968-0001-652

trap of hindsight." *Leo Pharm. Prods., Ltd. v. Rea*, 726 F.3d 1346, 1358 (Fed. Cir. 2013) (internal quotations and citations omitted). Indeed, the facts above make clear that Contour was the first to developed a POV camera with the ability to preview and adjust the image composition and settings prior to recording, and that the claimed POV camera of the '954 Patent that Petitioner now tries to argue was obvious—stitching together the teachings of up to three different references to do so with the '954 Patent as an improper roadmap—were actually patentable, as the PTO correctly determined in granting them.

Accordingly, the objective evidence, including long-felt but unmet need, unexpected results and praise by others, demonstrate the non-obviousness of the '954 Patent.

## VIII. CONCLUSION

It is clear that each of Petitioner's asserted references, taken alone or in the combinations on which trial was instituted, fails to render obvious any claim of the '954 Patent. Because the Petitioner has not met its statutory burden of demonstrating the obviousness of claims 1, 2, and 11-30 by a preponderance of the evidence (*see* 35 U.S.C. § 316(e)), Petitioner's arguments should be rejected, and the patentability of these claims should be confirmed.

Respectfully submitted,

By: _____

January 19, 2016

59

IPR2015-01080                                                                  Attorney Docket No.:
U.S. Patent No. 8,890,954                                        111968-0001-652

| | |
|---|---|
| Nicole M. Jantzi (Lead Counsel) | Paul M. Schoenhard (Backup Counsel) |
| Reg. No. 50,364 | (pro hac vice) |
| **ROPES & GRAY LLP** | Ian B. Brooks (Backup Counsel) |
| 2099 Pennsylvania Ave NW | Reg. No. 66,709 |
| Washington, DC 20006 | **ROPES & GRAY LLP** |
| P: 202-508-4668 / F: 202-383-7763 | 2099 Pennsylvania Ave NW |
| nicole.jantzi@ropesgray.com | Washington, DC 20006 |
| | P: 202-508-4603 / F: 202-383-9319 |
| | paul.schoenhard@ropesgray.com |
| | ian.brooks@ropesgray.com |

Mailing address for all PTAB correspondence: **ROPES & GRAY LLP**
IPRM – Floor 43, Prudential Tower, 800 Boylston Street, Boston, MA 02199-3600

*Attorneys for Patent Owner, Contour IP Holding, LLC*