UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONTOUR IP HOLDING, LLC,

        Plaintiff,

   v.

GOPRO, INC.,

        Defendant.

Case No.  17-cv-04738-WHO

**ORDER ON THE MOTIONS TO SEAL**

Re: Dkt. Nos. 767, 769, 770, 774, 786, 788, 790, 792, 799, 801, 803, 805, 884, 886, 894, 896

Before me are sixteen administrative motions to seal filed by the parties in this case related to the final round of dispositive motions and the trial.  In general, neither good cause nor compelling reasons have been shown to justify the matters parties wish to seal prior to trial.  As I indicated in a past Order regarding this case's many sealing motions, I never intended to close trial proceedings in any way, and I did not.  *See* Prior Order [Dkt. No. 720].  Given that much of the information parties sought to seal has now been discussed in open court, any previous concern of confidentiality, economic harm, or privacy is moot.

I remind the parties (both for future sealing motions in this case and before this court generally) that motions to file information under seal are not granted pro forma.  As our local rules make clear, "The public has a right of access to the Court's files."  Civ. L. R. 79-5(a).  Further, the parties in these several motions frequently relied on a stipulated protective order as a reason to support sealing of the exhibits and motions.  But "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civ. L. R. 79-5(c).  The motions are DENIED, with the narrow exception of Dkt. No.774-4 (Exhibit E).  There also remain questions concerning the extent to which reference to the 2021 Contour-Element License Agreement should remain

sealed, as I explain below.  To that end, I permit the parties to file a stipulation along with narrowly proposed redactions addressing that issue within 21 days of this Order.

I briefly review each sealing motion in the context of the motion to which they refer.

### I.   Contour's Motion for Summary Judgment of Infringement

Contour seeks to seal portions of its Motion for Summary Judgment along with seven appended exhibits in part or in full because of GoPro's designation that the information within those documents is confidential.  *See* Dkt. No. 767.  GoPro filed a declaration in support of Contour's motion.  Dkt. No. 782.

GoPro contends that the information sought to be sealed includes "detailed non-public specifications regarding components of GoPro's products as well as the functionality of those components based on GoPro's confidential source code and internal GoPro design documentation."  *Id.*  It generally explains that Exhibits 1, 2, 4, 5, 6, and 7 (in full) and the highlighted portions of Exhibits 3 and 4, if publicly disclosed, "would cause competitive harm to GoPro and GoPro's third-party suppliers."  *Id.*  The exhibits GoPro wishes to file in seal in full are: Exh. 1 (Dr. Almeroth's August 2025 Non-Infringement Report), Exh. 2 (Dr. Hu's *Contour III* Infringement Report), Exh. 5 (Exhibit 3 to Dr. Hu's deposition), Exh. 6 (Product Specifications for one of its products), and Exh. 7 (Use Cases for one of its products).  Dkt. No. 767.  It also seeks to redact part of Contour's Motion for Summary Judgment, Dr. Hu's June 2025 deposition, and Dr. Almeroth's August 2025 deposition.  *Id.*

Outside of a conclusory statement that the Deputy General Counsel of GoPro "believe[s] . . . this request to seal is narrowly tailored," GoPro offers no information to demonstrate that redacting full exhibits or significant portions of documents (that have at this point, as I have indicated, already been discussed in open court both during the hearing on the motions for summary judgment and during trial) is an exercise in narrow tailoring.  Dkt. No. 782.  The request is overbroad, and Contour's Administrative Motion filed at Dkt. No. 767 is DENIED.

GoPro next files its own administrative motion seeking to redact portions of its opposition to Contour's Motion for Summary Judgment as well as eleven exhibits used in support of its opposition in full.  *See* Dkt. No. 790.  As a preliminary issue, GoPro explains that for the majority

United States District Court
Northern District of California

United States District Court
Northern District of California

of the documents, it sought to seal them on behalf of itself as well as Contour or a third-party entity and that those entities would file declarations in support of sealing the confidential information in accordance with the local rules. *Id.* at 3. Neither Contour nor any other party filed such a declaration. And, the declaration GoPro filed in support of its own desire to seal the intended exhibits (many of which overlap with those presented in Contour's motion at Dkt. No. 767), is incredibly sparse. The declarant, GoPro's Deputy General Counsel first attests that he is knowledgeable about the "facts set forth" in the declaration, but then goes on to state that he is "not permitted to review" several of the documents that contain confidential information. *See* Dkt. No. 790-1. He does not specify which of the documents he is not permitted to review. *Id.* But he again notes that GoPro would suffer competitive harm should the information be disclosed. *Id.* These statements cannot meet the "particularized showing" required to meet even the lower good cause standard. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–1211 (9th Cir. 2002). GoPro's Administrative Motion filed at Dkt. No. 790 is DENIED.

In conjunction with its Reply In Support of its Motion for Summary Judgment, Contour filed another Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Dkt. No. 799. It seeks to seal highlighted portions of its Reply as well as Dr. Hu's *Contour II* Infringement and Dr. Almeroth's *Contour II* Non-Infringement reports in full. *Id.* In its declaration in support of Contour's motion, *see* Dkt. No. 819, GoPro puts forth the same overbroad contentions that I have already found lack merit. It offers no support for why I should consider the exclusion of full expert reports to be "narrowly tailored," or why it would be appropriate to redact wide ranging topics in Contour's Reply (that would eventually be discussed at length in open court). Contour's Administrative Motion filed at Dkt. No. 799 is therefore DENIED.

## II.  Contour's Motion to Strike Dr. Almeroth's Expert Report

In connection with its Motion to Strike Dr. Almeroth's expert report, Contour again filed two administrative motions because of GoPro's or a third party's designation that the information contained within its motion, reply, and several exhibits, is confidential. *See* Dkt. Nos. 769, 801. GoPro and Ambarella each filed declarations in support of Contour's motions. *See* Dkt. Nos. 778,

783, 820.  GoPro again relies on overbroad and conclusory affirmations in an effort to seal information that has already been shared in open court or filed in a public-facing order—for example, descriptive images of processing patterns and language concerning the three streams at issue in the third round of summary judgment.

Some of the information sought to be redacted is completely untethered from GoPro's attestations that the information would cause GoPro competitive harm.  *See, e.g.*, Dkt. No. 801-4, lns. 4–11 (discussing the very general process of working with an attorney to draft an expert report).  Contour's motions filed at Dkt. Nos. 769 and 801 are DENIED with respect to information designated as confidential by GoPro.

Ambarella's declaration in support of sealing Exhibits 1 (Dr. Almeroth's July 2025 Invalidity Report) and 4 (Dr. Almeroth's *Contour III* Invalidity Report) to the motion in their entirety and Exhibit 5 (Dr. Hu's *Contour III* Validity Report) in part fares no better.  Ambarella's requests insofar as they concern Dr. Almeroth's 290-page and 134-page reports are overbroad.  Although it claims the documents "include[] information about Ambarella technology, including Ambarella chipsets," the reports themselves discuss a number of other topics at length.  Ambarella has not demonstrated compelling reasons to seal those reports in full.  Further, Ambarella has not shown compelling reasons to seal the majority of page 14 in Dr. Hu's Rebuttal Expert Report, which refers to testimony by Dr. Didier LeGall that has now been raised in open court.  *See* Trial Tr. October 6, 2025, pp.998–1074.  Contour's motion filed at Dkt. No. 769 is further DENIED with respect to information designated as confidential by Ambarella.

GoPro also filed an administrative motion to seal portions of its Opposition to Contour's Motion to Strike under seal, as well as, again, fourteen exhibits in their entirety.  *See* Dkt. No. 788.  It explained that GoPro and Contour as well as third parties Element and Ambarella each designated portions of the material as confidential.  Contour filed no declaration in support.

GoPro's declaration is once again overbroad and makes no particularized showing why portions of the referenced documents ought to be sealed, let alone sealed in their entirety.  *See* Dkt. No. 788-1.  Ambarella's declaration commits the same error.  *See* Dkt. No. 810.  Instead of making a "particularized showing" that "specific prejudice or harm will result," as GoPro

United States District Court
Northern District of California

acknowledges the parties must, Ambarella asks that I maintain entire documents under seal because they concern information about Ambarella's technology and chipsets. *See* Dkt. Nos. 788, 810. This is in no way particularized, and, again, concerns information that has been shared in open court in any event.

Finally, Element filed a declaration in support of filing one exhibit under seal in its entirety—contending that the "Element information discussed in these papers concerns the commercial terms of confidential license agreements entered into by Element, as well as the underlying circumstances through which the licenses were negotiated and executed." Dkt. No. 807. I have previously (and more recently) allowed information regarding Element's license agreement to remain sealed. *See* Prior Order at Dkt. No. 720. However, Element does not specifically address how disclosure of the licensing agreement information at issue would bring it demonstrable harm and, critically, the Exhibit to which it refers (Exhibit L at Dkt. No. 788-10) only addresses the agreement over the course of approximately 1.5 pages. *See* Dkt. No. 788-10 at 26–28. Element raises no particularized reason why Exhibit L should be sealed in its entirety.

GoPro's administrative motion filed at Dkt. No. 788 is DENIED.

**III. GoPro's Motion for Summary Judgment of Invalidity**

GoPro filed administrative motions in connection to its motion for summary judgment on invalidity, its reply in support of the motion, and to the many exhibits referenced within those motions. *See* Dkt. Nos. 774, 803. For reasons I have already explained, the declarations filed by GoPro and Ambarella in support of those motions are insufficient. *See* Dkt. No. 774-1, 803-1, 809, 821.[1] Contour filed a declaration in support of sealing limited redactions of Exhibit E, filed at Dkt. No. 774-4. *See* Dkt. No. 781. Contour explains that it wishes to keep confidential information related to its licensing agreement with Element, its ownership structure, and financial information regarding sales of Contour's commercial products. *See id.*

First, the referenced information describes a decade-old license agreement between

---

[1] I note that although Ambarella filed a document in support of GoPro's administrative motion filed at Dkt. No. 774, GoPro did not indicate that Ambarella designated any information as confidential in the exhibits it wished to seal in the context of that administrative motion. *See* Dkt. No. 774 at 2–3.

Contour and iON, not Element. *See* Dkt. No. 774-4 at 32, lns.7–8. I have previously held this information to be inappropriate for sealing. *See* Prior Order at Dkt. No. 720. The financial information and ownership structure, however, may remain sealed. Contour must file a redacted version of Exhibit E at Dkt. No. 774, redacting only the referenced information at p.150:6-8 and p.151:14-15 within 21 days of this Order. Contour did not wish to seal any of the remaining six exhibits indicated by GoPro in its motion filed at Dkt. No. 774. The remainder of GoPro's motion, as well as its motion in support of its reply, is DENIED.

Along with its Opposition to GoPro's Motion for Summary Judgment, Contour filed an administrative motion to consider whether another party's information should be sealed. *See* Dkt. No. 786. It seeks to seal four exhibits in their entirety because of GoPro's or third-party Looxcie's confidential designation of the information within the documents. Looxcie did not file a declaration in support of sealing Exhibit 16. And, GoPro's declaration in support of sealing Exhibits 1, 4, and 9 in full fails for reasons I have previously explained. *See* Dkt. No. 811. Contour's administrative motion filed at 786 is DENIED.

### IV. GoPro's Motion to Exclude Dr. Hu's and Dr. Ugone's Expert Reports

GoPro files two administrative motions in support of sealing documents connected to its Motion to Exclude. *See* Dkt. Nos. 770, 805. GoPro, Contour, and Element have submitted declarations in support of GoPro's administrative motion filed at Dkt. No. 770. *See* Dkt. Nos. 770-1, 777 (Element Declaration), 780 (Contour Declaration). GoPro seeks to exclude portions of its Motion to Exclude and Dr. Ugone's Expert report as they relate to GoPro's "sales and profits figures, internal marketing plans, and GoPro consumer insights survey results." Dkt. No. 770-1 at 2. Its declarant explains that GoPro's competitors could use the financial information to "change their product pricing to cause competitive harm to GoPro" or use GoPro's marketing documents and consumer surveys to "modify their marketing and their products to GoPro['s] competitive disadvantage.

I agree that this information is appropriate to seal. However, because it only refers to a limited portion of Dr. Ugone's Expert Report, it would be more appropriate to redact the information as opposed to sealing the entire report. GoPro's motion to seek to seal Dr. Ugone's

Expert Report in full is DENIED.

Contour's declaration presents additional rationale for why the Motion to Exclude should be sealed in part and Dr. Ugone's Report should be sealed in full—principally related to Contour's licensing agreement with Element. *See* Dkt. No. 780. As I have explained in this Order, this type of information is sealable. And, although information about Contour and Element's relationship came out during trial in significant part, it was not detailed in the same manner that it was in Dr. Ugone's report. *See, e.g.*, Trial Transcript Vol. 5 at 812–817, Vol. 8 at 1513–14. But it is unclear to me to what extent, if any, these details remain confidential following the evidence presented at trial.

The parties may therefore stipulate to a more limited set of redactions of Dr. Ugone's Expert Report filed at Dkt. No. 770-4 and GoPro's Motion to Exclude filed at Dkt. No. 770-3, that follows a narrowly tailored approach to maintaining confidential information under seal. The parties may not seal anything that has already been discussed in open court. Contour also seeks to seal Exh. 2 (Portions of Dr. Ugone's May 21, 2025 Deposition Testimony), Exh. 3 (The Contour-Element License Agreement), Exh. 4 (Portions of Mr. Ron Garriques's November 17, 2021 Deposition Testimony), Exh. 6 (Portions of Dr. Ugone's December 14, 2021 Deposition Testimony), and Exh. 7 (Portions of Dr. Hu's 2021 Expert Report) of Dkt. No. 770 for similar reasons. *See* Dkt. No. 780. In any forthcoming stipulation concerning these issues, parties may re-new their request to seek redactions to these documents.[2] Absent any renewed stipulation, those exhibits will be unsealed.[3]

GoPro's final administrative motion in connection with its Motion to Exclude moves to seal several lines of text in its Reply brief because of Element's and Contour's confidential designations. *See* Dkt. No. 805. Both Contour (Dkt. No. 818) and Element (Dkt. No. 808) have

---

[2] The same is true for the documents included in Contour's administrative motion to seal filed at Dkt. No. 792.

[3] Element's declaration in support of sealing all of the referenced exhibits fails for reasons I have previously explained. *See* Dkt. No. 777. This primarily impacts Exhibit 5—the Deposition of Vlad Kazhdan, to which neither GoPro nor Contour have offered opinions. GoPro's motion is DENIED with respect to that exhibit. *See* Dkt. No. 770-8. The portion of Vlad Kazhdan's deposition that Contour wishes to seal, Dkt. No. 792-8, is much more limited in scope.

United States District Court
Northern District of California

filed declarations in support. They both include boilerplate recitations asserting a need for confidentiality. Nonetheless, reviewing the proposed redactions to the Reply brief, the language again includes information outside the scope of what was discussed at trial, including specific financial transactions and the scope of the Element License agreement. It is possible that following trial, those details should remain confidential. Parties may include in any forthcoming stipulation further explanation for why those redactions should remain.

### V. Trial-Related Sealing Motions

The parties finally move to seal admitted trial exhibits, including demonstrative exhibits, and portions of the trial proceedings. *See* Dkt. Nos. 884, 886, 894, 896. I am not inclined to seal any exhibits that were used during trial. In GoPro's first administrative motion to file admitted trial exhibits under seal, it submits almost 50 admitted trial exhibits it seeks to seal in their entirety. Dkt. No. 884. GoPro, Contour, Element, and Ambarella submitted declarations in support of sealing one or more documents. *See* Dkt. Nos. 884-1 (GoPro), 891 (Contour), 888 (Element), 889 (Ambarella). Again, only Contour presents specific facts supported in its declaration that demonstrate harm related to the 2021 Contour-Element License. *See* Dkt. No. 891. I will not maintain its license with third-party iON under seal, for reasons I have previously explained.[4] *See* Prior Order [Dkt. No. 720]. Contour may include reference to Exhibit Nos. 702, 1117, and 1145 in any forthcoming stipulation related to the Contour-Element License. GoPro's motion filed at Dkt. No. 884 is otherwise DENIED.

GoPro and Contour next both file administrative motions to file under seal several demonstrative exhibits that were used at trial. Dkt. Nos. 886, 894. Both seek to seal slides that were used in open court during direct examination of witnesses, cross-examination of witnesses, and during opening and closing arguments. There can be no compelling reasons to try and claw back exhibits that have already been presented to the public. The declarations submitted by the parties do not convince me otherwise. *See* Declarations in Support of Administrative Motions, Dkt. Nos. 886-1 (GoPro), 889 (Ambarella), 849-1 (Contour), 897 (GoPro). Both motions are

---

[4] iON, although named as a designating party in GoPro's motion, failed to file a declaration in support in any event. *See* Dkt. No. 884.

DENIED.

For the same reasons, GoPro's final sealing motion in which it seeks to seal portions of the trial transcript, Dkt. Nos. 896, 899, is DENIED.

*** 

To the extent the parties wish for me to reconsider my decisions regarding sealing, I permit them the opportunity to do so. Within 21 days of this Order, parties may submit a stipulation to propose narrowly tailored redactions of documents to maintain purportedly confidential information under seal that has not already been discussed or shown in open court, along with redacted versions of those documents. Should the parties fail to submit narrowly tailored redactions along with particularized showings of prejudice or harm, or in the case of Dkt. No. 774-4 the ordered redactions, the Clerk shall unseal each of the filings made at docket numbers 767, 769, 770, 774, 786, 788, 790, 792, 799, 801, 803, 805, 884, 886, 894, and 896.

**IT IS SO ORDERED.**

Dated: March 31, 2026

William H. Orrick
United States District Judge