# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>                                      Plaintiff,<br><br>          v.<br><br>GOPRO, INC.,<br><br>                                      Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>**DECLARATION OF TYLER GEE IN SUPPORT OF JOINT MOTION TO FILE UNDER SEAL**<br><br>Judge:  William H. Orrick |

06424-00009/12356108.1

I, Tyler Gee, declare as follows:

1.      I am a member in good standing of the Bar of the State of California.  I am Vice President, Deputy General Counsel and Assistant Corporate Secretary for Defendant GoPro, Inc. ("GoPro").   I provide the following declaration based on my personal knowledge and investigation of the facts set forth herein.

### *Internal GoPro Product Documentation and Source Code*

2.      I am aware of GoPro's confidentiality policies regarding its internal product development and technical documentation, including source code.  GoPro keeps this information confidential.  GoPro does not disclose this information publicly.  GoPro uses technical measures to prevent access to these documents and source code by third parties, and even uses technical measures to prevent access to these documents by those at GoPro without a need to access this information.  GoPro enters non-disclosure or similar agreements with counter-parties to maintain the confidentiality of this information, to the extent that they are required.  GoPro's partnerships with parties to assist in the manufacturing and development of GoPro's products are similarly confidential, as is GoPro's decision-making regarding component acquisition and usage.  GoPro works with third party provider, Socionext (SNI), pursuant to a Non-Disclosure agreement to adapt and design the specific processing pipeline and implementation thereof for the image processors in its cameras.  Details regarding the image processing steps and modules is highly confidential, proprietary information of both GoPro and SNI, which is maintained subject to both technical and contractual security measures.

3.      If the information discussed in paragraph 2 were to be publicly disclosed, it would cause competitive harm to GoPro.  GoPro's internal product documentation and development documents and strategies, as well as its source code, contribute to GoPro's competitive advantage over other market participants.  If the internal operation of GoPro's products were known publicly, it would damage GoPro's ability to compete effectively with others in the marketplace. GoPro differentiates its industry-leading products through superiority in performance (among other things), which is a result of its internal development processes, component selection, technical partnership opportunities and relationships, and its products' technical specifications.  If

06424-00009/12356108.1

this information were made publicly available, it would damage GoPro's ability to compete in the market.

### GoPro Internal Financial Information and Patent Licensing

4.      I am aware of GoPro's confidentiality policies regarding its internal financial and accounting information, including information disclosing GoPro's sales units, revenues, and gross profits for specific products including those accused of infringement in this case.  I am also aware of GoPro's confidentiality policies regarding its market data and survey studies.  This information, individually and collectively, is kept confidential by GoPro.  GoPro does not disclose this information publicly.  GoPro also generally does not reveal detailed sales revenues, profits, and costs information for specific products.  GoPro's market data studies are kept confidential.

5.      If the information discussed in paragraph 4 were to be publicly disclosed, it would cause competitive harm to GoPro.  Disclosure of detailed financial information would put GoPro at a competitive disadvantage as competitors could, for example, try to undercut GoPro on costs or more effectively compete with GoPro for vendors.  GoPro would be able to compete less effectively if its competitors were aware of its detailed financial, accounting, and sales information for its specific products, as those competitors could target particular markets that were under- or over- saturated, or target particular markets where GoPro is able to receive higher margins.  Similarly, GoPro's marketing and usage data provides important, proprietary insight into GoPro's products, features, and demand drivers and it would cause competitive harm to GoPro if its competitors and other third parties had access to this data.

6.      I attended each day of trial in the above-entitled matter.  As part of my role as Deputy General Counsel, I monitored the proceedings to ensure that the public-facing screens were turned off when GoPro's detailed technical documents were shown.  I attest that, to the best of my knowledge and recollection, the public-facing screens were turned off when the figures sought to be redacted / sealed were introduced at trial.  *See* Dkt. 884-37 (PTX-100); Dkt. 884-52 (PTX-1259); Dkt. 886-6 at 3, 5; Dkt. 886-8 at 81; Dkt. 894-4 at 54, 55, 57, 86, 88, 89.

I declare under penalty of perjury under the laws of the State of California and the United

States that the foregoing is true and correct.

Executed on April 20, 2026 in San Mateo, California.


*/s/ Tyler Gee*

Tyler Gee

CASE NO. 3:17-CV-04738-WHO

DECLARATION OF TYLER GEE

06424-00009/12356108.1