JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:    404-881-7777
john.haynes@alston.com

PHILIP DUCKER (State Bar No. 262644)
MICHELLE CLARK (State Bar No. 243777)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:    415-243-1000
Facsimile:    415-243-1001
phil.ducker@alston.com
michelle.clark@alston.com

*Attorneys for Defendant GOPRO, INC.*

*Additional counsel information omitted*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOPRO, INC.,<br><br>        Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>**DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS**<br><br>Judge: William H. Orrick<br>Hearing Date: March 11, 2026<br>Time: 2:00 PM |

I, Michelle Clark, declare as follows:

1.      I am at attorney at the law firm of Alston & Bird LLP, located at 55 Second Street, Suite 2100, San Francisco, CA 94105.

2.      This declaration is being submitted in support of the Bill of Costs submitted by GoPro, Inc. ("GoPro").  I have reviewed GoPro's Bill of Costs.  To the best of my knowledge, the costs included in GoPro's Bill of Costs are correctly started based on a reasonable investigation and were necessarily incurred in this action for servicers actually and reasonably performed in pursuit of GoPro's defenses.  Further, the costs in GoPro's Bill of Costs are fairly attributable to the claims asserted in this litigation and are recoverable by GoPro pursuant to Federal Rule of Civil Procedure 54(d), Civil Local Rule 54, and 28 U.S.C. §§ 1920 and 1924.

3.      In its Bill of Costs filed herewith, GoPro, Inc. seeks to recover $384,182.42 in costs incurred over the course of this litigation.

4.      With respect to L.R. 54-3(a) "Fees for Filing and Service of Process," I attest that each of the included costs relate to *pro hac vice* and admission fees for lawyers who actively participated in Court hearings, depositions, trial, and other case related activities.

5.      The filing fee of $328 was paid to the Clerk upon filing the Application for Admission of Attorney Pro Hac Vice of Elliott Riches, as reflected on the docket.

6.      The filing fee of $328 was paid to the Clerk upon filing the Application for Admission of Attorney Pro Hac Vice of John Haynes, as reflected on the docket.

7.      The filing fee of $328 was paid to the Clerk upon filing the Application for Admission of Attorney Pro Hac Vice of Karlee Wroblewski, as reflected on the docket.

8.      The filing fee of $328 was paid to the Clerk upon filing the Application for Admission of Attorney Pro Hac Vice of Sloane Kyrazis, as reflected on the docket.

9.      With respect to L.R. 54-3(b), I attest that the costs relate to trial and hearing transcripts at the rates charged by the assigned reporters.  The costs are limited to ordering no more than one copy of the rough and/or final transcripts for reasonable delivery.  Expedited transcripts were only requested where reasonably necessary for trial and for inclusion in motion practice.

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

10.     Attached as Exhibit A is a true and correct copy of an invoice from Ana M. Dub for court reporter fees for trial transcripts necessarily obtained for use in this action, in the amount of $16,205.00.

11.     Attached as Exhibit B is a true and correct copy of an invoice from Ana M. Dub for daily trial transcript services necessarily obtained for use in this action, in the amount of $828.67.

12.     Attached as Exhibit C is a true and correct copy of an invoice from Ana M. Dub for a transcript of proceedings necessarily obtained for use in this action, including proceedings held on September 24, 2025, in the amount of $180.00.

13.     Attached as Exhibit D is a true and correct copy of an invoice from Ana M. Dub for daily trial transcript services necessarily obtained for use in this action, in the amount of $9,964.81.

14.     Attached as Exhibit E is a true and correct copy of an invoice for next-day delivery of a certified transcript necessarily obtained for use in this action for the July 9, 2025 case management conference and hearing on the motion for reconsideration, in the amount of $94.90.

15.     Attached as Exhibit F is a true and correct copy of an invoice for a transcript of proceedings necessarily obtained for use in this action for the July 15, 2025 proceedings, in the amount of $7.80.

16.     With respect to L.R. 54-3(c) "Depositions," I attest that the costs relate to no more than one electronic copy of the written transcript (rough and/or final) and exhibits and one copy of the video associated with the deposition.

17.     Attached as Exhibit G is a true and correct copy of an invoice from Planet Depos LLC for deposition transcript fees necessarily obtained for use in this action for the September 26, 2025 depositions of Robert Mooney and Ross Helfer, in the amount of $2,613.00.

18.     Attached as Exhibit H is a true and correct copy of an invoice from Planet Depos LLC for deposition video recording services necessarily obtained for use in this action for the September 26, 2025 depositions of Robert Mooney and Ross Helfer, in the amount of $899.00.

19.     Attached as Exhibit I is a true and correct copy of an invoice from Planet Depos LLC for deposition video conferencing services necessarily obtained for use in this action for the September 26, 2025 depositions of Robert Mooney and Ross Helfer, in the amount of $445.00.

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

20.    Attached as Exhibit J is a true and correct copy of an invoice from Veritext for the deposition transcript necessarily obtained for use in this action of Jing Hu, Ph.D., in the amount of $3,391.05.

21.    Attached as Exhibit K is a true and correct copy of an invoice from Veritext for the deposition transcript necessarily obtained for use in this action of Dr. Kevin C. Almeroth , Ph.D., in the amount of $6,004.25.

22.    Attached as Exhibit L is a true and correct copy of an invoice from Veritext for the deposition transcript necessarily obtained for use in this action of Jing Hu, Ph.D., taken on June 26, 2025, in the amount of $5,092.20.

23.    Attached as Exhibit M is a true and correct copy of an invoice from Veritext for deposition video services necessarily obtained for use in this action, including syncing deposition video for trial preparation, in the amount of $88.00.

24.    Attached as Exhibit N is a true and correct copy of an invoice from Veritext for deposition video services necessarily obtained for use in this action, including video digitizing and transcript synchronization, expedited production, and electronic access for the deposition of Spencer Beidelman, 30(b)(6), in the amount of $1,438.00.

25.    Attached as Exhibit O is a true and correct copy of an invoice from Veritext for the deposition video necessarily obtained for use in this action of K. Ugone, in the amount of $1,168.00.

26.    Attached as Exhibit P is a true and correct copy of an invoice from Veritext for deposition video necessarily obtained for use in this action of Kevin Almeroth, in the amount of $860.00.

27.    Attached as Exhibit Q is a true and correct copy of an invoice from Veritext for the deposition transcript necessarily obtained for use in this action of Patrick Kennedy, Ph.D., in the amount of $1,700.10.

28.    Attached as Exhibit R is a true and correct copy of an invoice from Veritext for deposition video files necessarily obtained for use in this action of Keith Ugone, in the amount of $185.00.

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

29.     Attached as Exhibit S is a true and correct copy of an invoice from Veritext for the deposition video necessarily obtained for use in this action of Jing Hu, in the amount of $1,480.00.

30.     Attached as Exhibit T is a true and correct copy of an invoice from Veritext for the deposition transcript necessarily obtained for use in this action of Spencer Beidelman, in the amount of $1,438.00.

31.     With respect to L.R. 54-3(d) "Reproduction and Exemplification," I attest that the costs are limited to (1) producing or reproducing disclosure of formal discovery and documents and (2) printing trial exhibits to be presented to trial witnesses and/or submitted to the Court. The costs associated with trial exhibits include the reasonable printing and reproduction costs of demonstrative exhibits. The included costs do not include costs for hosting or user fees associated with electronic discovery.

32.     Attached as Exhibit U is a true and correct copy of an invoice from Innovative Discovery LLC for professional discovery services necessarily obtained for use in this action, including services rendered through September 2025, in the amount of $6,375.00.

33.     Attached as Exhibit V is a true and correct copy of an invoice from Innovative Discovery LLC for professional discovery services necessarily obtained for use in this action, including services rendered through October 31, 2025, in the amount of $375.00.

34.     Attached as Exhibit W is a true and correct copy of an invoice summary provided by Consilio   reflecting its billing records incurred for electronic discovery document production, including the creation of production images and native files, totaling $6,405.30.   Consilio has represented that this total relates to the cost of producing documents only, and does not reflect hosting, user fees, or other charges associated with managing incoming productions.

35.     Attached as Exhibit X is a true and correct copy of an invoice from Quivx for reproduction costs necessarily obtained for use in this action, including preparation and reproduction of trial witness binders, exhibit sets, and supporting materials used at trial. These costs reflect aggregated vendor billing where individual print requests are not itemized, in the amount of $36,496.00.

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

36.      With respect to L.R. 54(e) "Witness Fees and Expenses," I attest that the fees reflect reasonable costs associated with the witnesses' attendance at trial, including reasonable local lodging.

37.      Attached as Exhibit Y are true and correct copies of the hotel folios supporting witness subsistence expenses necessarily obtained for use in this action. Lodging costs are calculated based on the applicable federal per diem rate for San Francisco in October 2025 of $272 per night, and meals are calculated at the applicable federal per diem rate of $92 per day. The subsistence expenses reflected herein correspond to the following trial witnesses and durations: Dick Liu (3 days, $1,092.00); Patrick Kennedy, Ph.D. (14 days, $5,096.00); Pablo Lema (6 days, $2,184.00); Nicholas Woodman (6 days, $2,184.00); and Kevin Almeroth (15 days, $5,460.00), for a total amount of $16,016.00.

38.      Attached as Exhibit Z is a true and correct copy of documentary substantiated provided by Veritext for court reporting and videography services incurred by Quinn Emanuel (former counsel for GoPro) relating to the above-entitled matter.  It is my understanding that this amount relates solely to transcription and video services for the depositions taken in this matter and that in no instance was more than one electronic copy or one video ordered per deponent.  GoPro reserves the right to submit supplemental support for this amount, which is reflected in voluminous invoices too large to attach as an exhibit hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 15th day of June 2026 in San Francisco, California.

*/s/ Michelle Ann Clark*
Michelle Ann Clark

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

## CERTIFICATE OF SERVICES

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on June 15, 2026, all counsel of record who have appeared in this case were served with a copy of the foregoing via ECF.

/s/ Michelle Ann Clark
Michelle Ann Clark

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS