JOHN D. HAYNES (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7000
Facsimile:    404-881-7777
john.haynes@alston.com

PHILIP DUCKER (State Bar No. 262644)
MICHELLE CLARK (State Bar No. 243777)
**ALSTON & BIRD LLP**
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:    415-243-1000
Facsimile:    415-243-1001
phil.ducker@alston.com
michelle.clark@alston.com

*Attorneys for Defendant GOPRO, INC.*

*Additional counsel information omitted*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CONTOUR IP HOLDING, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>GOPRO, INC.,<br><br>             Defendant. | LEAD CASE NO. 3:17-cv-04738-WHO<br>CONSOL. CASE NO. 3:21-cv-02143-WHO<br><br>**DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S SECOND REVISED BILL OF COSTS** |

I, Michelle Clark, declare as follows:

1.      I am at attorney at the law firm of Alston & Bird LLP, located at 55 Second Street, Suite 2100, San Francisco, CA 94105.

2.      This declaration is being submitted in support of GoPro, Inc.'s ("GoPro") Second Revised Bill of Costs.  I have reviewed GoPro's Second Revised Bill of Costs and conferred with counsel for plaintiff Contour IP Holdings, LLC ("CIPH").  To the best of my knowledge, the costs included in GoPro's Second Revised Bill of Costs are correctly started based on a reasonable investigation and were necessarily incurred in this action for servicers actually and reasonably performed in pursuit of GoPro's defenses.  Further, the costs in GoPro's Bill of Costs are fairly attributable to the claims asserted in this litigation and are recoverable by GoPro pursuant to Federal Rule of Civil Procedure 54(d), Civil Local Rule 54, and 28 U.S.C. §§ 1920 and 1924.

3.      In its Bill of Costs filed herewith, GoPro, Inc. seeks to recover $414,777.02 in costs incurred over the course of this litigation.

4.      With respect to L.R. 54-3(a), I attest that GoPro incurred at least $1,452.60 for service of process of deposition subpoenas to the following witnesses, all of whom were deposed in the above-entitled matter:   Todd Kinard (former Associate General Counsel of Contour, LLC); Fortress Investment group LLC; SkyBell Technologies, LLC; Knobbe Martens Olson & Bear / Lincoln Essig (prosecution counsel).  Attached hereto as Exhibit AA is a collection of invoices provided by GoPro reflected payments made for service of process.  During the Parties' meet and confer negotiations, CIPH did not raise any objections to these amounts.

5.      With respect to L.R. 54-3(b), I attest that the $27,178.48 in costs relate to trial and hearing transcripts at the rates charged by the assigned reporters.  The costs are limited to ordering no more than one copy of the rough and/or final transcripts for reasonable delivery.  Expedited and real time transcripts were only requested where reasonably necessary for trial and/or inclusion in motion practice.  The requirements of the Court to raise objections and file motions addressing evidentiary disputes promptly during trial as well as the Court's requirement that all impeachment testimony shown to the jury be from a final transcript make the costs of real time and expedited trial transcripts

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

necessary and appropriate.  *See, e.g.*, *Golden Bridge Tech. v. Apple Inc.*, No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *6 (N.D. Cal. Dec. 21, 2015); *see also* Trial Tr. at 1223:16-22.

6.      As set forth in my June 15, 2026 Declaration (Dkt. 917-1), Exhibits A-D thereto (Dkt. Nos. 917-2 to 917-5) are true and correct copies of invoices from Ms. Ana M. Dub, court reporter for the Court, reflecting fees for trial transcripts necessarily obtained for use in this action.  Exhibit E (Dkt. 917-6) is a true and correct of an invoice for next-day delivery of a certified transcript necessarily obtained for use in this action for the July 9, 2025 hearing on GoPro's Motions for Partial Reconsideration and to Amend the Case Schedule.  The transcript was subsequently referenced by the Parties in their briefing of CIPH's Motion for Summary Judgment and Motion to Strike Dr. Kevin Almeroth's Supplemental Opinions.  The costs associated with Exhibits E and F (Dkt. 917-7, 917-8) have been removed based on the meet and confer discussion of counsel.

7.      With respect to L.R. 54-3(c) "Depositions," GoPro seeks costs in the amount of $183,152.39.  I attest that the costs relate to no more than one electronic copy of the written transcript (rough and/or final) and exhibits and one copy of the video associated with the deposition.  Reasonable efforts have been made to remove the costs associated with synchronization, hosting, equipment rental, and other logistics.  Per the request of CIPH, GoPro has also removed the $2,632.50 cancellation fee associated with cancelling the deposition of Mr. Kiichiro Iga.  Where included, GoPro contends that the cost associated with expedited handling charges is reasonable and appropriate because the transcripts were necessary for motions and/or trial.  The total amount requested for this category of costs is $183,152.39.

8.      Attached as Exhibits G-T (Dkt. Nos. 917-8 through 917-21) of the June 15, 2026 Declaration of M. Clark and Exhibits A-K (Dkt. Nos. 917-2 through 918-12) of the June 22, 2026 Declaration of M. Clark are invoices substantiating the amounts paid by GoPro for deposition transcripts.

9.      With respect to L.R. 54-3(d) "Reproduction and Exemplification," GoPro seeks costs in the amount of $186,977.55.  I attest that the costs are limited to (1) producing or reproducing disclosure of formal discovery and documents and (2) preparing and printing trial exhibits to be presented to trial witnesses and/or submitted to the Court. The costs associated with trial exhibits

include the reasonable printing and reproduction costs of demonstrative exhibits. The included costs do not include costs for hosting or user fees associated with electronic discovery.

10.    Attached as Exhibit BB hereto is a true and correct copy of an invoice from Evoke Legal LLC to GoPro for graphics and technical presentation support at trial, dated October 22, 2025. The invoice reflects itemized charges for graphic and trial support, and GoPro seeks only $137,326.25 of the $192,999.27 total amount.  GoPro reasonably attempted to limit its request for costs to only those charges associated with the physical preparation and provision of the documents and demonstratives as well as in-court technician time necessary to present the demonstratives as allowed by *Golden Bridge Tech. v. Apple Inc.*, No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *8 (N.D. Cal. Dec. 21, 2015).

11.    Attached as Exhibit U (Dkt. 917-22) and Exhibit V (Dkt. 917-22) to the June 15, 2026 Declaration of M. Clark are true and correct copies of invoices from Innovative Discovery LLC for processing and printing trial exhibits with pre-marked exhibits numbers as required by the Court's standing order.

12.    Attached as Exhibit W (Dkt. 917-24) to the June 15, 2026 Declaration of M. Clark is a true and correct copy of an invoice summary provided by Consilio reflecting its billing records incurred for electronic discovery document production, including the creation of production images and native files, totaling $6,405.30.  Consilio has represented that this total relates to the cost of producing documents only, and does not reflect hosting, user fees, or other charges associated with managing incoming productions.

13.    Attached as Exhibit X (Dkt. 917-25) to the June 15, 2026 Declaration of M. Clark is a true and correct copy of an invoice from Quivx for reproduction costs necessarily obtained for use in this action, including preparation and reproduction of trial witness binders and other written exhibits and demonstrative materials used at trial.  The binders and documents were prepared as required by the Court's Standing Order requiring that witnesses and the Court be provided with binders of marked and tabbed exhibits. These costs reflect aggregated vendor billing where individual print requests are not itemized, in the amount of $36,496.00.

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

14.     With respect to L.R. 54(e) "Witness Fees and Expenses," GoPro seeks costs in the amount of $16,016.00.  I attest that the fees reflect reasonable costs associated with the witnesses' attendance at trial, including reasonable local lodging.  I further attest that the amount requested has been adjusted to reflect the daily lodging rate (excluding taxes) allowable under the U.S. General Services Administration guidelines.

15.     Attached as Exhibit Y (Dkt. 917-26) to the June 15, 2026 Declaration of M. Clark are true and correct copies of the hotel folios supporting witness subsistence expenses necessarily obtained for use in this action. Lodging costs are calculated based on the applicable federal per diem rate for San Francisco in October 2025 of $272 per night, and meals are calculated at the applicable federal per diem rate of $92 per day. The subsistence expenses reflected herein correspond to the following trial witnesses and durations: Dick Liu (3 days, $1,092.00); Patrick Kennedy, Ph.D. (14 days, $5,096.00); Pablo Lema (6 days, $2,184.00); Nicholas Woodman (6 days, $2,184.00); and Kevin Almeroth (15 days, $5,460.00), for a total amount of $16,016.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 15th day of July 2026 in San Francisco, California.

/s/ Michelle Ann Clark
Michelle Ann Clark

DECLARATION OF MICHELLE CLARK IN SUPPORT OF GOPRO, INC.'S BILL OF COSTS

**<u>CERTIFICATE OF SERVICES</u>**

Pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5, I hereby certify that, on June 15, 2026, all counsel of record who have appeared in this case were served with a copy of the foregoing via ECF.

*/s/ Michelle Ann Clark*
Michelle Ann Clark