Gary R. Sorden (admitted *pro hac vice*)
gsorden@coleschotz.com
Rajkumar Vinnakota (admitted *pro hac vice*)
kvinnakota@coleschotz.com
Brian L. King (admitted *pro hac vice*)
bking@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587

[see signature page for complete list of attorneys]

ATTORNEYS FOR PLAINTIFF
CONTOUR IP HOLDING, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTOUR IP HOLDING, LLC<br><br>Plaintiff,<br><br>vs.<br><br>GOPRO, INC.,<br><br>Defendant. | Case No.  3:17-CV-04738-WHO<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]** |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]

61344/0004-53735750v1

## I. INTRODUCTION

Defendant GoPro Inc.'s ("GoPro") Second Revised Bill of Costs should be denied or substantially reduced at the threshold because GoPro has not carried its burden to identify, with sufficient specificity, the actual taxable items included in its request. GoPro seeks $414,777.02, including $183,152.39 for depositions, $186,977.55 for reproduction/exemplification categories, $137,326.25 of which is for "trial graphics and presentations," $36,496.00 for trial exhibit printing and binder preparation, $27,178.48 for reporters' transcripts, $16,016.00 for witness subsistence, $13,155.30 for discovery/e-discovery services, and $1,452.60 for service of process. Dkt. 936 at 1-4.

The problem is not simply that GoPro seeks a large amount. The problem is that GoPro's presentation does not allow Contour, the Clerk, or the Court to determine what specific charges GoPro is treating as taxable. GoPro's declaration in support repeatedly speaks in vague totals and generalities. For example, GoPro states that it "reasonably attempted to limit" costs to allegedly recoverable charges, that deposition costs were limited after "reasonable efforts," and that vendor totals supposedly exclude non-taxable costs. Dkt. 936-1 ¶¶ 7, 9-13. But those assertions do not identify the specific line items included or excluded, and they do not segregate taxable costs from non-taxable professional services, technology support, logistics, convenience charges, or litigation-support expenses.

That is insufficient. Civil Local Rule 54-1(a) requires a bill of costs to "state separately and specifically each item of taxable costs claimed," and the party seeking costs bears the burden of establishing the amount of compensable costs to which it is entitled. *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *3 (N.D. Cal. Apr. 5, 2013); *see also Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576, at *2 (N.D. Cal. Oct. 23, 2012). In *eBay*, the court held that "[a] prevailing party must itemize its costs with enough detail to establish that they are taxable under section 1920." 2013 WL 1402736, at *3. GoPro has not done so.

61344/0004-53735750v1

For that reason alone, the Court should deny or reduce GoPro's costs. Alternatively, the Court should require GoPro to submit a line-item, taxable-cost-only spreadsheet identifying every charge it seeks, the statutory or local-rule basis for each charge, and the evidence showing that each charge was necessarily incurred and taxable.

## II.  RELEVANT BACKGROUND

On June 1, 2026, the Court entered judgment in favor of GoPro. Dkt. No. 915. On June 15, 2026, GoPro filed a Bill of Costs seeking $384,182.42. Dkt. No. 917. On June 22, 2026, GoPro filed a Revised Bill of Costs seeking $384,214.45. Dkt. 918 ("Revised Bill of Costs").

On June 30, 2026, new counsel made an appearance for Contour. Dkt. No. 921. Because counsel's appearance occurred shortly before the costs-objection deadline, the parties agreed to an extension of existing deadlines regarding the Bill of Costs. Dkt. 934. Pursuant to that agreement, the parties met and conferred regarding any objections to the Revised Bill of Costs on July 10, 2026. GoPro then filed a Revised Bill of Costs on July 15, 2026 that increased the costs sough to $414,777.02. Dkt. 936 ("Second Revised Bill of Costs").

## III.  LEGAL STANDARD

Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but taxable costs are limited by statute. *Crawford Fitting Co. v. J.T. Gibbons*, Inc., 482 U.S. 437, 441-45 (1987) (Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the costs that may be taxed); *Taniguchi v. Kan Pac. Saipan*, Ltd., 566 U.S. 560, 565-73 (2012) (cost statutes are construed according to their limited statutory categories). Section 1920 permits taxation only of enumerated categories: clerk and marshal fees, necessary printed or electronically recorded transcripts, printing and witness fees, exemplification and copying costs necessarily obtained for use in the case, docket fees, and court-appointed expert/interpreter costs. 28 U.S.C. § 1920.

CALL & JENSEN
EST. 1981

- 1 -

Civil Local Rule 54-1(a) provides that a prevailing party claiming taxable costs must serve and file a bill of costs no later than 14 days after entry of judgment, and the bill "must state separately and specifically each item of taxable costs claimed." The bill must be supported by an affidavit under 28 U.S.C. § 1924 stating that the costs are correctly stated, necessarily incurred, and allowable by law, and appropriate documentation supporting each item claimed must be attached. Civ. L.R. 54-1(a).

Civil Local Rule 54-3 identifies the categories and limits of taxable costs in this District. For transcripts, other transcripts are "not normally allowable" unless approved by a judge before incurred or stipulated to be recoverable. Civ. L.R. 54-3(b)(3). For depositions, the rule allows the cost of an original and one copy, including videotaped depositions, but disallows counsel's expenses for attending depositions. Civ. L.R. 54-3(c)(1)-(2). For trial exhibits, reproduction costs are allowable only to the extent that a judge requires copies to be provided. Civ. L.R. 54-3(d)(4). For visual aids, the cost is allowable only if the exhibits were reasonably necessary to assist the jury or Court in understanding the trial issues. Civ. L.R. 54-3(d)(5). For witnesses, only per diem, subsistence, and mileage payments reasonably necessary and allowed by 28 U.S.C. § 1821 are taxable; no other witness expenses, including expert witness fees, are allowable. Civ. L.R. 54-3(e).

The burden remains on the party seeking costs to establish that the claimed costs are recoverable. *eBay*, 2013 WL 1402736, at *3; *Plantronics*, 2012 WL 6761576, at *2. A prevailing party must itemize its claimed costs with enough detail to show that each amount falls within § 1920. *eBay*, 2013 WL 1402736, at *3. Costs incurred for convenience, generalized litigation support, organization, searching, analyzing, or other intellectual effort are not taxable copying or exemplification costs. *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012); *Plantronics*, 2012 WL 6761576, at *10.

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]

61344/0004-53735750v1

## IV.   ARGUMENT

### A.   GoPro's Bill of Costs Should Be Denied or Reduced Because GoPro Has Not Sufficiently Specified the Items of Taxable Costs Claimed.

GoPro's Second Revised Bill of Costs does not provide the required specificity. It identifies broad categories and totals, but not a reliable taxable-cost calculation. For example, GoPro seeks $137,326.25 from an Evoke Legal invoice totaling $192,999.27, while stating only that GoPro "reasonably attempted to limit" the request to allegedly recoverable charges. Dkt. 936-1 ¶ 10. The invoice itself includes numerous non-taxable or at least questionable items, including technology consulting, downloading and uploading case materials, creating and organizing databases, organizing video depositions, war room coverage, video editing, clip reports, equipment, hotel, meals, and transportation. Dkt. 936-3. GoPro does not identify which of those line items are included in the $137,326.25 request and which are excluded.

The same defect appears in the deposition category. GoPro seeks $183,152.39, but the Bill still references deposition video conferencing, video syncing services, video files, and a large Veritext amount, while the declaration says only that GoPro made "reasonable efforts" to remove synchronization, hosting, equipment rental, logistics, and cancellation costs. Dkt. 936 at 2-3; Dkt. 936-1 ¶ 7. That does not allow Contour or the Court to determine whether non-taxable items remain in the request.

The reproduction and trial exhibit categories suffer the same problem. GoPro seeks $36,496.00 for Quivx trial exhibit printing and binder preparation, but admits that the amount reflects "aggregated vendor billing where individual print requests are not itemized." Dkt. 936-1 ¶ 13. GoPro also seeks $13,155.30 for "discovery services" and e-discovery production, but the descriptions do not provide the line-item detail needed to determine whether the charges are taxable copying/production costs or non-taxable vendor services. Dkt. 936 at 3; Dkt. 936-1 ¶¶ 11-12.

GoPro's generalized declaration cannot substitute for the required itemization. *eBay* squarely requires that a prevailing party itemize costs with enough detail to show

61344/0004-53735750v1

taxability under § 1920. 2013 WL 1402736, at *3. Because GoPro has not done so, the Court should disallow the inadequately supported categories, or at minimum require GoPro to submit a detailed taxable-cost-only allocation.

**B.      GoPro's $137,326.25 Claim for Visual Aids, Trial Graphics, and Presentation Support Is Overbroad and Insufficiently Itemized.**

GoPro seeks $137,326.25 as "Visual aids" based on an Evoke Legal invoice for "trial graphics and presentations." Dkt. 936 at 3; Dkt. 936-1 ¶ 10. Civil Local Rule 54-3(d)(5) allows the cost of preparing charts, diagrams, videotapes, and other visual aids only if reasonably necessary to assist the jury or Court in understanding the issues at trial. Although some trial-graphics charges may be taxable in an appropriate case, the rule does not shift the cost of generalized graphic consulting, technology staffing, database work, war room support, logistics, or attorney-convenience services. *See* Civ. L.R. 54-3(d)(5).

The Evoke Legal invoice includes many categories that are not visual-aid preparation costs. These include technology consulting for downloading and uploading case materials, database organization, organizing video depositions, pretrial conference presentations, on-site war room coverage, trial technology consulting, video editing, impeachment clips, clip reports, equipment, hotel, meals, and transportation. Dkt. 936-3. GoPro has not shown that those items were visual aids used as exhibits or that they were reasonably necessary to help the jury or Court understand the issues. The Court should "disallow costs for invoices not specifically identified as 'trial graphics.'" *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *10 (N.D. Cal. Sept. 19, 2014).

Moreover, video synchronization and editing costs are independently objectionable. In *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, the Ninth Circuit held that deposition editing and synchronization costs are not authorized by § 1920. 741 F.3d 955, 959-60 (9th Cir. 2013). The Evoke Legal invoice includes "Video

- 4 -

Synchronization" and video-related trial support, including video editing and clip work. Dkt. 936-3. Those charges should not be shifted as taxable costs.

The Court should disallow the $137,326.25 Evoke request in full unless GoPro provides a line-item allocation identifying only those charges that were for preparing actual visual aids used as exhibits and reasonably necessary to assist the jury or Court, along with in-court technician time to display the visual aids. Any technology consulting, database work, war room support, deposition video organization, video editing/synchronization, clip preparation, transportation, hotel, meals, equipment, and generalized trial support should be disallowed.

**C.    GoPro's $183,152.39 Deposition Cost Request Remains Insufficiently Segregated and Includes Objectionable Items.**

Civil Local Rule 54-3(c)(1) allows "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." Civ. L.R. 54-3(c)(1). It does not authorize recovery of every vendor charge associated with depositions.

GoPro seeks $183,152.39 in deposition costs. Dkt. 936 at 2. The Bill references, among other things, deposition video conferencing, deposition video syncing services, video files, deposition videos, and a large Veritext amount. Dkt. 936 at 2-3. GoPro's declaration says that it made "reasonable efforts" to remove synchronization, hosting, equipment rental, logistics, and other charges, but that vague assertion does not tell the Court what remains in the $183,152.39 request. Dkt. 936-1 ¶ 7.

The remaining deposition claim is objectionable for several reasons. First, the Bill still references "deposition video syncing services" and "video conferencing," which are not taxable original-and-one-copy deposition costs. Dkt. 936 at 2. Synchronization and editing charges are not recoverable under *Kalitta*, 741 F.3d at 959-60. Second, rough drafts, realtime services, expedited handling, and premium transcript services are not automatically taxable under Civil Local Rule 54-3(c)(1). Third, vendor add-ons such as hosting, logistics, cloud access, electronic access, equipment rental,

61344/0004-53735750v1

tech support, delivery/handling, and other administrative charges are not taxable absent a specific showing that the charge falls within the cost of an original and one copy, a taxable videotaped deposition, or taxable deposition exhibit reproduction. Civ. L.R. 54-3(c).

The Court should require GoPro to provide a deposition-by-deposition and invoice-line-by-line allocation. Without that allocation, the deposition request should be disallowed or substantially reduced.

### D. GoPro's $27,178.48 Transcript Request Includes Trial, Daily, and Hearing Transcripts That Are Not Automatically Taxable.

GoPro seeks $27,178.48 for reporters' transcripts. Dkt. 936 at 1-2. The Bill identifies trial transcripts, daily trial transcripts, a September 24, 2025 proceedings transcript, and hearing transcripts. *Id*. Civil Local Rule 54-3(b)(1) allows transcripts necessarily obtained for appeal, Civil Local Rule 54-3(b)(2) allows transcripts of bench statements to be reduced to formal orders, and Civil Local Rule 54-3(b)(3) provides that other transcripts are "not normally allowable" unless approved by a judge before incurred or stipulated to be recoverable.

GoPro's declaration attempts to justify the transcripts by saying they were needed for trial, evidentiary disputes, impeachment, motion practice, and final-transcript requirements. Dkt. 936-1 ¶¶ 5-6. But that is not the same as showing that the transcripts were necessarily obtained for appeal, approved in advance, or stipulated to as recoverable. Nor does GoPro separately identify which transcript charges fall within which subsection of Civil Local Rule 54-3(b).

The Court should disallow daily, expedited, realtime, rough, hearing, or proceedings transcript costs unless GoPro makes a transcript-specific showing that each charge is taxable under Civil Local Rule 54-3(b).

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]
61344/0004-53735750v1

## E.   GoPro's $36,496.00 Trial Exhibit Printing and Binder Request Is Aggregated and Not Adequately Itemized.

GoPro seeks $36,496.00 for Quivx trial exhibit printing and binder preparation. Dkt. 936 at 3. Civil Local Rule 54-3(d)(4) allows trial exhibit reproduction only "to the extent that a Judge requires copies to be provided."

GoPro contends that the Court's Standing Order required binders of marked and tabbed exhibits for witnesses and the Court. Dkt. 936-1 ¶ 13. Even if some copying was required, that does not make the entire $36,496.00 taxable. GoPro admits that the Quivx charges are "aggregated vendor billing where individual print requests are not itemized." *Id*. Without itemization, the Court cannot determine how much was for required copies, how much was for convenience copies, how much was for binder labor, tabs, rush charges, demonstratives, or other non-taxable services.

The Court should disallow this category unless GoPro submits the Standing Order and a line-item allocation showing the required copies, number of sets, per-page rates, binder charges, tab charges, labor, and any other components. Any unsegregated amount should be denied under *eBay*. 2013 WL 1402736, at *3.

## F.   GoPro's $13,155.30 E-Discovery and "Discovery Services" Request Is Too Generic.

GoPro seeks $13,155.30 for Innovative Discovery and Consilio costs. Dkt. 936 at 3. Although certain e-discovery production costs can be taxable under Civil Local Rule 54-3(d)(2) and § 1920(4), not all e-discovery or vendor costs are taxable. Taxable costs must be tied to making copies or producing discovery materials, not general discovery services, hosting, project management, data management, attorney convenience, or intellectual effort. *eBay*, 2013 WL 1402736, at *3; *Oracle*, 2012 WL 3822129, at *3; *Plantronics*, 2012 WL 6761576, at *10.

The Bill describes some charges only as "discovery services," and GoPro's declaration states generally that Consilio represented that its charges related to document production and did not include hosting or user fees. Dkt. 936 at 3; Dkt. 936-1



61344/0004-53735750v1

¶ 12. That is not enough. GoPro must identify the specific tasks, such as TIFF conversion, OCR, metadata extraction, Bates numbering, load-file creation, production imaging, or production media, and the amount charged for each. Without that detail, Contour and the Court cannot determine whether the charges are taxable under § 1920(4).

The Court should require GoPro to provide line-item detail and disallow all generic "discovery services" or unsegregated ESI costs.

### G.    GoPro's $16,016.00 Witness Subsistence Request Requires Witness-Specific Proof of Residence, Necessity, and Attendance.

GoPro eeks $16,016.00 for witness subsistence expenses for Dick Liu, Patrick Kennedy, Pablo Lema, Nicholas Woodman, and Kevin Almeroth. Dkt. 936 at 3-4. GoPro calculates the request based on $272 per night in lodging and $92 per day for meals for San Francisco in October 2025. Dkt. 936-1 ¶ 15.

Civil Local Rule 54-3(e) allows witness per diem, subsistence, and mileage only to the extent reasonably necessary and provided by 28 U.S.C. § 1821. Section 1821 allows a $40 daily attendance fee and permits subsistence only when an overnight stay is required because the place of attendance is too far from the witness's residence to permit return from day to day. 28 U.S.C. § 1821(b), (d)(1). Expert witness fees beyond the statutory limits are not recoverable absent explicit statutory authority. *Crawford Fitting*, 482 U.S. at 441-45; Civ. L.R. 54-3(e).

GoPro's worksheet does not identify each witness's city and state of residence, even though the form asks for that information. Dkt. 936 at 4. Nor does GoPro establish why all claimed days were necessary trial-attendance days rather than preparation, standby, or convenience days. Dkt. 936 at 4; Dkt. 936-1 ¶¶ 14-15.

The Court should require witness-by-witness proof of residence, dates of actual attendance, travel necessity, overnight necessity, and per-diem compliance. Any unsupported subsistence should be disallowed.

CALL & JENSEN EST 1981

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]
61344/0004-53735750v1

**H.     GoPro's $1,452.60 Service-of-Process Request Should Be Allowed Only to the Extent Reasonably Required, Actually Incurred, and Adequately Supported.**

GoPro seeks $1,452.60 for service of deposition subpoenas on Fortress Investment Group LLC, SkyBell Technologies, Todd Kinard, Knobbe Martens Olson & Bear LLP, and Lincoln S. Essig. Dkt. 936 at 1; Dkt. 936-1 ¶ 4. Civil Local Rule 54-3(a)(2) allows private service fees only to the extent reasonably required and actually incurred.

Contour does not waive objections to any service charge that is unsupported, duplicative, excessive, unrelated to service of process, or not reasonably required. The Court should allow only those service costs that GoPro supports with adequate documentation and that are tied to subpoenas or process reasonably necessary in the case.

## V.     CONCLUSION

GoPro's Second Revised Bill of Costs should be denied or substantially reduced because GoPro has not carried its burden to identify the specific taxable items included in its $414,777.02 request. GoPro's vague category totals, conclusory declaration, aggregated invoices, and selective but unexplained reductions do not satisfy Civil Local Rule 54-1(a), § 1920, or *eBay*.

Contour respectfully requests that the Court:

1. Disallow the $137,326.25 Evoke visual-aids/trial-support request in full, or require GoPro to submit a line-item allocation limited to actual visual aids reasonably necessary to assist the jury or Court;

2. Disallow or substantially reduce the $183,152.39 deposition request unless GoPro provides a line-item taxable-cost-only allocation excluding synchronization, video editing, rough drafts, realtime, expedited services, hosting, logistics, video conferencing, equipment rental, delivery/handling, and other non-taxable charges;

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]

61344/0004-53735750v1

3. Disallow the $27,178.48 transcript request unless GoPro establishes, transcript by transcript, that the costs were for appeal, pre-approved by the Court, stipulated as recoverable, or otherwise taxable under Civil Local Rule 54-3(b);

4. Disallow or reduce the $36,496.00 Quivx trial exhibit/binder request unless GoPro itemizes the required copies and segregates non-taxable binder labor, tabs, convenience copies, rush charges, and unrequired materials;

5. Disallow or reduce the $13,155.30 e-discovery/discovery-services request unless GoPro identifies specific taxable production-copying tasks and segregates non-taxable vendor services;

6. Disallow or reduce the $16,016.00 witness subsistence request unless GoPro provides witness-specific proof of residence, actual attendance, overnight necessity, and compliance with § 1821; and

7. Allow service-of-process costs only to the extent they are reasonably required, actually incurred, and adequately supported.

Dated:  July 29, 2026

CALL & JENSEN
A Professional Corporation
L. Lisa Sandoval

By: _/s/ L. Lisa Sandoval_
L. Lisa Sandoval (Bar No. 310380)
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:      (949) 717-3000
lsandoval@calljensen.com

Gary R. Sorden (admitted *pro hac vice*)
gsorden@coleschotz.com
Rajkumar Vinnakota (admitted *pro hac vice*)
kvinnakota@coleschotz.com
Brian L. King (admitted *pro hac vice*)
bking@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202

- 10 -

Tel: (469) 557-9390
Fax: (469) 533-1587

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Michelle C. Replogle (*pro hac vice*)
mreplogle@shepparkmullin.com
Michael C. Krill (*pro hac vice*)
mkrill@sheppardmullin.com
Sunny Akarapu (*pro hac vice*)
sakarapu@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
845 Texas Avenue, 25th Floor
Houston, Texas  77002-2791
Tel:  (713) 431-7100
Fax:  (713) 431-7024

Lai L. Yip (Bar No. 258029)
lyip@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
Four Embarcadero Center Seventeenth Floor
San Francisco, CA  94111
Tel:  (415) 434-9100
Fax:  (415- 875-6700

ATTORNEYS FOR PLAINTIFF
CONTOUR IP HOLDING, LLC

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]
61344/0004-53735750v1

**Certificate of Conference**

Pursuant to Civil Local 54-2, I certify that Contour's counsel conferred with counsel for GoPro by phone on July 10, 2026 and again via email on July 16, 2026 and July 21, 2026 in a good-faith effort to resolve the taxable costs without court intervention. We discussed Contour's objections but were unable to reach an agreement.

/s/ *Gary R. Sorden*
Gary R. Sorden

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS [Dkt. 936]

61344/0004-53735750v1